# EXHIBIT 49

1
**MITCHELL SANDLER LLC**
Arielle Stephenson, Esq. (SBN 336434)
2
1120 20th Street, NW
3
Washington, D.C. 20036
Telephone: (202) 886-5267
4
astephenson@mitchellsandler.com

5
**GREELEY LAW, APC**
6
David M. Greeley, Esq. (SBN 198520)
1350 Columbia Street, Suite 403
7
San Diego, California 92101
Telephone: (619) 658-0462
8
david@greeley.law

9
**Attorneys for Defendant,**
10
**NEXA Mortgage LLC**

11
**SUPERIOR COURT OF STATE OF CALIFORNIA**
12
**FOR THE COUNTY OF SAN DIEGO, NORTH COUNTY**

13

14
DAMIAN DIAZ, INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS SIMILARLY
15
SITUATED,

16
                    PLAINTIFF,

17
V.

18
NEXA MORTGAGE, LLC, ET AL.,

19
                    DEFENDANTS.
20
                              .

21

22

23

24

25

26

27
28

Case  No.  37-2022-00031816-CU-OE-
NC
**SEPARATE STATEMENT
SUPPORTING DEFENDANT'S
OPPOSITION TO MOTION TO
COMPEL FURTHER RESPONSES TO
REQUESTS FOR PRODUCTION OF
DOCUMENTS, SET ONE**

Date: May 17, 2024
Time: 1:30 p.m.

Dept.: N-28
Judge: Hon. Earl H. Maas, III

State Action Filed: August 3, 2022
FAC Filed: October 31, 2022

Reservation No.: 3095971

## SEPARATE STATEMENT

        DEFENDANT NEXA MORTGAGE LLC herein submits this Separate Statement in

support  of  its  Opposition  to  PLAINTIFF  DAMIAN  DIAZ'S  Motion  to  Compel  Further

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**05/06/2024** at 07:42:00 PM
Clerk of the Superior Court
By E- Filing,Deputy Clerk

Responses from Defendant regarding Requests for Production of Documents.

## **GENERAL OBJECTIONS**

Plaintiff improperly takes issue with a number of General Objections which were raised by Defendant due to overarching issues across his Special Interrogatories, Form Interrogatories, and Requests for Production of Documents, such that general objections addressing those problems universally were warranted. Moreover, the General Objections dealt with improper "Definition and Guidelines" Plaintiff attempted to impose with his requests.

## **DEFENDANT'S GENERAL OBJECTION NO. 1:**

NEXA objects to providing substantive responses to Plaintiff's written discovery requests at this time due to the pendency of its appeal regarding the denial of a stay of litigation including its filing in the United States District for the Southern District of California on January 8, 2024, pursuant to 9 U.S.C. §§ 3; 16(a)(1)(A). As this petition of appeal directly requests that the District Court order a stay of the above-captioned matter pending resolution of the underlying arbitration, NEXA objects to providing substantive discovery responses pending disposition of the appeal. Out of an abundance of caution, however, NEXA hereby asserts these general and specific objections to Plaintiff's first set of written discovery requests and expressly reserves the right to amend its responses and objections.

**Plaintiff's Response to General Objection No. 1:**

Defendant claims it has an "appeal" pending with the United States District for the Southern District of California. First, Defendant does not have an "appeal" pending in any court, State or Federal. In order to avoid Judge Maas' ruling, Defendant has specifically chosen not to appeal Judge Maas' ruling on Defendant's motion to compel arbitration to the 4th District Court of Appeal, and instead has filed a new action naming Defendant NEXA as the Petitioner and Plaintiff Diaz as the Respondent, calling the newly filed case a "Petition to Hear an Appeal".

As explained in great detail to Defendant, there is no basis for its frivolous filing and the US District Court has no subject matter jurisdiction to entertain Defendant's "Petition to Hear an Appeal". This is just another delay tactic by Defendant to avoid its responsibilities under the CA Code of Civil Procedure, delay Plaintiff's ability to prosecute its case, and to drive up Plaintiff's legal fees.

**DEFENDANT'S REPLY:**

Plaintiff's recitation on this matter is inaccurate, as discussed more fully in Defendant's Opposition to the Motion to Compel. Defendant did in fact file an appeal regarding the stay of the PAGA case with the U.S. District Court for the Southern District of California, as it is entitled to do by 9 U.S.C. § 16(a)(1)(A). The appeal and objection to Plaintiff's discovery requests are necessary to preserve the obligation for Plaintiff to arbitrate the additional claims

from his Complaint, which he has sought to circumvent and strongarm Defendant by conducting discovery on those exact issues in state court rather than pursuing an arbitration on the matters as ordered by this Court. Defendant is entitled to preserve the issue until the federal court has an opportunity to rule on the matter, an issue Plaintiff has thwarted good faith efforts to bring before the federal court by refusing to accept service and lobbing unfounded allegations about the frivolous nature of the filing, which would enforce the stay they are endeavoring at every turn to circumvent.

**DEFENDANT'S GENERAL OBJECTION NO. 2:**

NEXA objects to the use of special interrogatories and requests for production of documents in excess of the discovery limitations set forth in Cal. Civ. Proc. Code § 2030.030 and reserves the right to move for a protective order in accordance with Cal. Civ. Proc. Code § 2030.090 if the litigation is not otherwise stayed or else when any such stay is lifted.

**Plaintiff's Response to General Objection No. 2:**

Plaintiff served a declaration under CCP § 2030.040 along with the requests, explaining why the discovery requests are warranted.  Furthermore, the discovery was served on August 8, 2023.  To date, Defendant has still chosen not to pursue any type of protective order limiting the discovery requests.

**DEFENDANT'S REPLY:**

Plaintiff's declaration served with the discovery requests is merely boilerplate and gives no functional explanation why the issues in this case should exceed the normal limitations set forth in the discovery rules. His Motion to Compel and supporting statements similarly lack any such justification, as evidenced above by their assumption that simply referencing a declaration is sufficient to warrant discovery in excess of those ordinarily afforded. In total, Plaintiff served 56 Special Interrogatories, 17 Form Interrogatories, and 47 Requests for Production of Documents, without justification for this excessive burden beyond the mere fact that "this is a wage and hour class action." *See* August 8, 2023, Declaration by Brian Dawson. Defendant maintains that the discovery sought at this stage, given the pendency of its appeal and that the Court compelled other claims of Plaintiff's to arbitration which require the same proof, would prejudice Defendant's right to arbitrate. To the extent the Court would disagree and consider the discovery currently sought to be appropriate, Defendant would be within its rights to then

promptly move for a necessary protective order pursuant to Cal. Civ. Proc. Code § 2030.090. Furthermore, despite the use of a declaration "the propounding party shall have the burden of justifying the number of these interrogatories." Cal. Code Civ. Proc. § 2030.040. Plaintiff inappropriately seeks to shift that burden to Defendant through his Motion. "The court, for good cause shown, may make any order that justice requires to protect any party or other natural person or organization from unwarranted annoyance, embarrassment, or oppression, or undue burden and expense." Cal. Code Civ. Proc. § 2030.090(b). Plaintiff's Requests and the current Motion seek precisely that and Defendant requests that the Court deny the Motion in accordance with the good cause shown.

## DEFENDANT'S GENERAL OBJECTION NO. 3:

NEXA objects to these discovery requests to the extent that they seek information protected or otherwise exempted from disclosure by the attorney-client privilege and/or work-product doctrine. The inadvertent disclosure by NEXA of any information during discovery shall be without prejudice to any claim that such material is privileged under the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, immunity, law, rule, or duty, and NEXA shall not have waived any claims or arguments under the inadvertent-production doctrine.

**Plaintiff's Response to General Objection No. 3:**

First, Defendants have waived all objections by failing to timely provide any response to the discovery requests by the September 11, 2023 deadline (waiting until January 16, 2024 to serve their objections).

Second, the Defendants did not produce a privilege log to assist Plaintiff in assessing the merit of these objections, nor has Defendant even attempted to explain how the requests at issue seek privileged material. Simply put, it cannot. The requests seek information related to Defendant's employment practices and its classification of, and payments made to the Plaintiff and those similarly situated. Any privilege implications should be minimal, if not nonexistent. Indeed, the attorney-client privilege protects only disclosure of communications; it does not protect disclosure of underlying facts upon which communications are based, and it does not extend to independent witnesses or their discovery. (*Aerojet-General Corp. v. Transp. Indemnity Ins*., (1993) 18 Cal.App.4th 996, 1004.) "If an objection is based on a claim of privilege or a claim that the information sought is protected work product, the response shall provide sufficient factual information for other parties to evaluate the merits of that claim, including, if necessary, a privilege log." CCP § 2031.240(c)(1).

## DEFENDANT'S REPLY:

As set forth in Defendant's Opposition to Plaintiff's Motion to Compel, the Responses and Objections were timely submitted in this matter as the deadline did not begin to run until after the Court ruled on the earlier Motion compelling arbitration regarding Plaintiff's

Complaint. Moreover, Plaintiff's counsel event agreed to the deadline via email by which Defendant submitted their responses to the discovery requests, preserving their right to all objections. To the extent any objection were considered waived on these contested grounds, the Court " may relieve that party from this waiver … [if] The party's failure to serve a timely response was the result of mistake, inadvertence, or excusable neglect." Cal. Code Civ. Proc. § 2030.290. As Plaintiff establishes in their own response, a privilege log is not ordinarily necessary when discovery requests on their face seek information covered by attorney-client privilege or the attorney work product doctrine.

**DEFENDANT'S GENERAL OBJECTION NO. 4:**

NEXA objects to these discovery requests to the extent that they seek information protected or otherwise exempted from disclosure by the California Code of Civil Procedure and/or any other applicable statutory or common law privilege.

**Plaintiff's Response to General Objection No. 4:**

This objection is so vague it makes it impossible to understand to which discovery request(s) the objection is supposed to apply. Defendant did not identify a single interrogatory or document request with any sort of particularity to permit Plaintiff to even understand what item or category of items for which this objection is meant to refer required by CCP § 2030.240 and/or 2031.240(b)(1).

**DEFENDANT'S REPLY:**

Plaintiff's improper motivation in this Motion is laid clear by their attempt to dispel with an objection that would apply only to the extent a request seeks information protected or otherwise exempted from disclosure by the California Code of Civil Procedure. Specific objections further address such issues on the level of individual responses, but it is unreasonable to insist that Defendant dispel with protections afforded in discovery by the California Code of Civil Procedure or other applicable statutes.

**DEFENDANT'S GENERAL OBJECTION NO. 5:**

NEXA objects to these discovery requests to the extent they exceed the number of discovery requests permitted by the California Code of Civil Procedure and/or any Order issued by this Court.

**Plaintiff's Response to General Objection No. 5:**

This is essentially the same objection as **No. 2**, above. Plaintiff served a declaration under CCP § 2030.040 along with the requests, explaining why the discovery requests are warranted. Furthermore, the discovery was served on August 8, 2023. To date, Defendant has still chosen not to pursue any type of protective order limiting the discovery requests.

**DEFENDANT'S REPLY:**

As set forth in the Reply regarding General Objection No. 2, Plaintiff's declaration is deficient in this matter to justify the excessive amount of discovery propounded. He can cite to no justification or alternate authorization from this Court which would justify the unreasonable burden he seeks to impose. "The propounding party shall have the burden of justifying the number of these interrogatories." Cal. Code Civ. Proc. § 2030.040. Plaintiff inappropriately seeks to shift that burden to Defendant through his Motion.

**DEFENDANT'S GENERAL OBJECTION NO. 6:**

NEXA objects to these discovery requests to the extent that they seek NEXA's confidential information or the confidential information of third parties.

**Plaintiff's Response to General Objection No. 6:**

First, Defendants have waived all objections by failing to timely provide any response to the discovery requests by the September 11, 2023 deadline (waiting until January 16, 2024 to serve their objections).

Second, the Defendants did not identify any items or categories of items that could permit Plaintiff in assessing the merit of these objections, nor has Defendant made any effort to seek a protective order related to these requests that were served on August 8, 2023.

**DEFENDANT'S REPLY:**

As set forth above as well as in Defendant's Opposition to the Motion to Compel, Defendant's discovery responses and objections were raised timely. Moreover, Defendant has taken efforts to protect its rights to Arbitration with regard to this case and the discovery sought. It is not obligated to additionally move for a protective order at this time, but has rightfully reserved its right to do so at a later date given Plaintiff's continued efforts to circumvent that process. Regardless, Plaintiff's insistence here that Defendant disclose confidential information without limitation or any showing of particular need for such information within the context of this case is unconscionable.

**DEFENDANT'S GENERAL OBJECTION NO. 7:**

NEXA objects to these discovery requests to the extent that they seek information that is neither relevant to this action nor reasonably likely to lead to the discovery of admissible evidence.

**Plaintiff's Response to General Objection No. 7:**

All of the discovery requests at issue are calculated to lead to the discovery of admissible evidence, overly broad, not reasonable, and/or related to the issues in this case. California law is broad in scope; it permits discovery of "any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence." CCP § 2017.010

**DEFENDANT'S REPLY:**

Plaintiff's boilerplate insistence to discovery in this matter in no way negates this well-founded objection. The California Code directly confirms that requests are prohibited "if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence." Cal. Code Civ. Proc. § 2017.010. It is Plaintiff's burden to prove how such requests would lead to the discovery of admissible evidence, not Defendant's to disprove such a theory. Plaintiff's insistence that objections are somehow improper when they are near statutory quotes, evidences the brute force intent of the discovery requests and the current Motion.

**DEFENDANT'S GENERAL OBJECTION NO. 8:**

NEXA objects to these discovery requests to the extent that that they are vague and ambiguous, overly broad, not reasonable, and/or unduly burdensome; are unreasonably cumulative. This includes, but is not limited to, discovery requests that are duplicative of information covered by other discovery requests, that have no bearing on the claims or defenses in this action, or that are duplicative of information already in Plaintiff's possession, custody or control, or that are available to Plaintiff from other sources that are less burdensome.

**Plaintiff's Response to General Objection No. 8:**

All of the discovery requests at issue are calculated to lead to the discovery of admissible evidence and directly related to the issues in this case. California law is broad in scope; it permits discovery of "any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence." CCP § 2017.010 Furthermore, making a general boilerplate objection that every single discovery request propounded on Defendant (including all Form Interrogatories) is ambiguous, overbroad, and vague does not permit Plaintiff to understand

what item or category of items the objection is meant to refer, which is required by CCP § 2030.240 and/or 2031.240(b)(1).

**DEFENDANT'S REPLY:**

Plaintiff again improperly seeks to shift the burden of demonstrating the legitimacy of his discovery requests and insists an objection is improper that reserves Defendant's rights directly in line with the California Code of Civil Procedure.

> The court shall restrict the frequency or extent of use of a discovery method provided in Section 2019.010 if it determines either of the following:
> **(1)** The discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.
> **(2)** The selected method of discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Cal. Code Civ. Proc. § 2019.030. Moreover, "No specially prepared interrogatory shall contain subparts, or a compound, conjunctive, or disjunctive question." Cal. Code Civ. Proc. § 2030.060(f).

## DEFENDANT'S GENERAL OBJECTION NO. 9:

NEXA objects to the Requests to the extent they seek legal conclusions or implicate the mental impressions of counsel.

**Plaintiff's Response to General Objection No. 9:**

This objection is so vague it makes it impossible to understand to which discovery request(s) the objection is supposed to apply. Defendant did not identify a single interrogatory or document request with any sort of particularity to permit Plaintiff to even understand what item or category of items for which this objection is meant to refer required by CCP § 2030.240 and/or 2031.240(b)(1).

**DEFENDANT'S REPLY:**

Plaintiff's response ignores the facial evidence of Defendant's objection, which clearly identifies how the attorney-work product privilege may be impacted by information sought in the discovery responses. Defendant is entitled to preserve this issue at the forefront of its response before asserting it with further particularity in specific responses.

## DEFENDANT'S GENERAL OBJECTION NO. 10:

NEXA objects to the Requests to the extent they seek electronically stored email communications on the grounds that searching, collecting, and reviewing such documents

creates an undue burden where the parties have not agreed upon relevant custodians and narrowly tailored ESI search terms.

**Plaintiff's Response to General Objection No. 10:**

This objection is so vague it makes it impossible to understand to which discovery request(s) the objection is supposed to apply. Defendant did not identify a single document request with any sort of particularity to permit Plaintiff to even understand what item or category of items for which this objection is meant to refer required by CCP § 2031.240(b)(1), nor has Defendant attempted to seek any type of protective order.

**DEFENDANT'S REPLY:**

Plaintiff's objection is wholly unreasonable as he accuses Defendant of being vague when it is the Requests themselves that purport to require Defendant search its entire servers and company records, including all email systems for data related to virtually all of its employees without any tailoring of specific search terms to functionally enable such a review or with consideration for the outrageous expense that would entail. Such blanket insistence that Defendant bear unreasonable costs is contrary to Cal. Code Civ. Proc. § 2031.210(d).

> The court shall limit the frequency or extent of discovery of electronically stored information, even from a source that is reasonably accessible, if the court determines that any of the following conditions exist:
> **(1)** It is possible to obtain the information from some other source that is more convenient, less burdensome, or less expensive.
> **(2)** The discovery sought is unreasonably cumulative or duplicative.
> **(3)** The party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought.
> **(4)** The likely burden or expense of the proposed discovery outweighs the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation, and the importance of the requested discovery in resolving the issues.

Cal. Code Civ. Proc. § 2031.060. Defendant was well within its rights to object to Plaintiff's requests on this basis. Despite the good-faith objection, Plaintiff never attempted to conduct a meet and confer on this issue or make any effort to address Defendant's reasonable concerns with the excessive form of discovery sought and the undue burden in time and expense it would place on Defendant. "A meet and confer declaration in support of a motion shall state facts showing a reasonable and good faith attempt at an informal resolution of **each issue** presented by the motion." Cal. Code Civ. Proc. § 2016.040 (emphasis added). Plaintiff has

ignored this obligation and improperly sought Court intervention prematurely with this Motion to Compel.

<div align="center">

**REQUESTS FOR PRODUCTION**

</div>

**REQUEST FOR PRODUCTION NO. 1**

All DOCUMENTS, including electronic data, that reflect, evidence or constitute the dates and hours worked by all COVERED EMPLOYEES during the COVERED PERIOD, including but not limited to, timekeeping records, meal break records, rest break records, work schedules, and sign-in sheets.  Note: The requested DOCUMENTS should be produced in their original, unedited, native format.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

> *CCP* § 2017.010 provides that:
>
>> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.
>
> The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered

*unduly* burdensome nor disproportionate to the needs of the case. As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof. Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id.* (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case); *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

**REQUEST FOR PRODUCTION NO. 2**

All DOCUMENTS, including electronic data, that reflect, evidence or constitute any edits or modifications made to the hours worked by all COVERED EMPLOYEES during the COVERED PERIOD, including but not limited to, edits or modifications to timekeeping records, meal break records, rest break records, work schedules, and sign-in sheets.  Note: The requested DOCUMENTS should be produced in their original, unedited, native format.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

*CCP* § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case.  As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of

admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case);  *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

## REQUEST FOR PRODUCTION NO. 3

All payroll records, including wage statements, pay stubs, copies of paychecks, and payroll registers, reflecting wages and other forms of remuneration/compensation paid at any time during

the COVERED PERIOD to COVERED EMPLOYEES.    Note: The requested DOCUMENTS should be produced in their original, unedited, native format.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

*CCP* § 2017.010 provides that:

Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case.  As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing

Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case);  *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

## REQUEST FOR PRODUCTION NO. 4

All DOCUMENTS that evidence or constitute any edits or modifications made to the payroll records of COVERED EMPLOYEES.  Note: The requested DOCUMENTS should be produced in their original, unedited, native format.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

CCP § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case. As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof. Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in

an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case); *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

## REQUEST FOR PRODUCTION NO. 5

All DOCUMENTS identifying the name, position, last known home address, electronic mail address, and telephone number of COVERED EMPLOYEES (the putative class alleged herein) who worked at any time during the COVERED PERIOD.  Note: The response may be limited to a single generated list in Microsoft Excel spreadsheet format.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

*CCP* § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking

discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case.  As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case);  *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that

discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

## REQUEST FOR PRODUCTION NO. 6

All DOCUMENTS that explain, describe, or otherwise pertain to YOUR policies and practices for compiling, maintaining, creating, editing, and/or updating the timekeeping records of COVERED EMPLOYEES.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

*CCP* § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case.  As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage

Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case);  *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

**REQUEST FOR PRODUCTION NO. 7**

All DOCUMENTS that explain, describe, or otherwise pertain to YOUR policies and practices for compiling, maintaining, creating, editing, modifying, and updating the payroll records of COVERED EMPLOYEES.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

*CCP* § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case.  As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery

seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case);  *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

**REQUEST FOR PRODUCTION NO. 8**

All DOCUMENTS constituting or evidencing YOUR policies, procedures or practices of YOUR reimbursement to the COVERED EMPLOYEES for all necessary expenditures or losses incurred by the COVERED EMPLOYEES in direct consequence of the discharge of their duties for YOU or of their obedience to YOUR directions during the COVERED PERIOD.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and

documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

*CCP* § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

> The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case. As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof. Given Plaintiff's blatant attempts

to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case); *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

## REQUEST FOR PRODUCTION NO. 9

All DOCUMENTS constituting or evidencing YOUR reimbursement to COVERED EMPLOYEES for all necessary expenditures or losses incurred by the COVERED EMPLOYEES in direct consequence of the discharge of their duties for YOU or of their obedience to YOUR directions during the COVERED PERIOD.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

*CCP* § 2017.010 provides that:

Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case.  As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to

control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case); *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

**REQUEST FOR PRODUCTION NO. 10**

All DOCUMENTS explaining, constituting or referring to YOUR policies and procedures for the recording of time worked by COVERED EMPLOYEES during the COVERED PERIOD.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

None provided.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive

responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case);  *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

## REQUEST FOR PRODUCTION NO. 11

All DOCUMENTS constituting or evidencing YOUR practices, policies, and/or procedures regarding meal periods of COVERED EMPLOYEES during the COVERED PERIOD.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

CCP § 2017.010 provides that:

Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case.  As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to

control such abuse. *Id.* (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case); *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

## REQUEST FOR PRODUCTION NO. 12

All DOCUMENTS constituting or evidencing YOUR practices, policies, and/or procedures regarding rest periods of COVERED EMPLOYEES during the COVERED PERIOD.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

## PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:

*CCP* § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case.  As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case); *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate

discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden.

*Obregon* at 431.

## REQUEST FOR PRODUCTION NO. 13

All DOCUMENTS constituting or evidencing YOUR policies and practices concerning COVERED EMPLOYEES performing work "off-the-clock."

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

CCP § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

> The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case. As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case);  *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

## REQUEST FOR PRODUCTION NO. 14

All DOCUMENTS constituting or evidencing YOUR policies and practices concerning payment of overtime wages to COVERED EMPLOYEES.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

*CCP* § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case. As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant

filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case); *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

## REQUEST FOR PRODUCTION NO. 15

All DOCUMENTS evidencing or pertaining to YOUR payment to COVERED EMPLOYEES of one hour of pay at each respective COVERED EMPLOYEE'S regular rate of compensation for each workday that a meal period was not properly provided to a COVERED EMPLOYEE during the COVERED PERIOD.  Note: Production should be in native format.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and

documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

*CCP* § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case.  As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts

to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case); *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

**REQUEST FOR PRODUCTION NO. 16**

All DOCUMENTS evidencing or pertaining to YOUR payment to COVERED EMPLOYEES of one hour of pay at each respective COVERED EMPLOYEE'S regular rate of compensation for each workday that a rest period was not properly provided to a COVERED EMPLOYEE during the COVERED PERIOD.  Note: Production should be in native format.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

CCP § 2017.010 provides that:

Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case.  As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to

control such abuse. *Id.* (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case);  *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

## REQUEST FOR PRODUCTION NO. 17

All DOCUMENTS that constitute agreements between YOU and any and all COVERED EMPLOYEES to waive rest periods during the COVERED PERIOD.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

*CCP* § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

1
2
3
4
5
6
7
8

> The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case. As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof. Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case); *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate

discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden.

*Obregon* at 431.

## REQUEST FOR PRODUCTION NO. 18

All DOCUMENTS that constitute agreements between YOU and any and all COVERED EMPLOYEES to waive meal periods during the COVERED PERIOD.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

CCP § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

> The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case. As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case);  *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

## REQUEST FOR PRODUCTION NO. 19

All DOCUMENTS evidencing or constituting your policies and/or practices regarding waiver of meal periods for COVERED EMPLOYEES.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

*CCP* § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case. As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant

filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof. Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case); *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

## REQUEST FOR PRODUCTION NO. 20

All DOCUMENTS evidencing or constituting your policies and/or practices regarding waiver of rest periods for COVERED EMPLOYEES.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

CCP § 2017.010 provides that:

Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any

matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case. As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof. Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full

scope did not appear reasonably related to the issues in the case); *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

**REQUEST FOR PRODUCTION NO. 21**

All DOCUMENTS which evidence that YOU provided to COVERED EMPLOYEES rest periods consisting of a net, ten consecutive minutes for each four-hour work period, or major fraction thereof.  Note: Production should be in native format.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

*CCP* § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other

property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case. As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof. Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case); *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate

discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

## REQUEST FOR PRODUCTION NO. 22

All DOCUMENTS which evidence that YOU provided to COVERED EMPLOYEES complete, uninterrupted 1/2-hour meal periods within the first five hours of work for a shift longer than five hours and second meal periods for shifts of more than ten hours in length.  Note: The requested DOCUMENTS should be produced in their original, unedited, native format.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

> *CCP* § 2017.010 provides that:
>
>> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

> The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case.  As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its

competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case);  *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

**REQUEST FOR PRODUCTION NO. 23**

All DOCUMENTS which reflect or evidence the total number of locations and branches in California that YOU have operated, in part or in whole, during the COVERED PERIOD that employed COVERED EMPLOYEES.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

*CCP* § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case. As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery

seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case);  *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

**REQUEST FOR PRODUCTION NO. 24**

All DOCUMENTS evidencing or referring to any and all complaints by COVERED EMPLOYEES regarding the underpayment of wages.  This includes, but is not limited to, any complaints made to YOUR human resources department and/or supervisors.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and

documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion. NEXA further objects to the extent this Request seeks privileged information, including information protected by the attorney-client privilege and/or attorney work product.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

*CCP* § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case. As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant

filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id.* (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case); *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

### REQUEST FOR PRODUCTION NO. 25

All DOCUMENTS evidencing or referring to any and all complaints by COVERED EMPLOYEES regarding the underpayment of overtime hours worked and/or overtime pay.  This includes, but is not limited to, any complaints made to YOUR human resources department and/or supervisors.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of

admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion. NEXA further objects to the extent this Request seeks privileged information, including information protected by the attorney-client privilege and/or attorney work product.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

> *CCP* § 2017.010 provides that:
>
>> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

> The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case.  As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive

responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id.* (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case);  *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

## REQUEST FOR PRODUCTION NO. 26

All DOCUMENTS evidencing or referring to any and all complaints by COVERED EMPLOYEES regarding meal periods.  This includes, but is not limited to, any complaints made to YOUR human resources department and/or supervisors.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

NEXA further objects to the extent this Request seeks privileged information, including information protected by the attorney-client privilege and/or attorney work product.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

> *CCP* § 2017.010 provides that:
>
>> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

> The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case.  As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts

to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case); *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

**REQUEST FOR PRODUCTION NO. 27**

All DOCUMENTS evidencing or referring to any and all complaints by COVERED EMPLOYEES regarding rest periods.  This includes, but is not limited to, any complaints made to YOUR human resources department and/or supervisors.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

NEXA further objects to the extent this Request seeks privileged information, including information protected by the attorney-client privilege and/or attorney work product.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

*CCP* § 2017.010 provides that:

Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case. As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof. Given Plaintiff's blatant attempts

to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case); *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

## REQUEST FOR PRODUCTION NO. 28

All DOCUMENTS evidencing or referring to any communications between YOU and COVERED EMPLOYEES concerning the underpayment of wages.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

*CCP* § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself

admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case. As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof. Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case); *Calcor Space Facility, Inc. v.*

*Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

## REQUEST FOR PRODUCTION NO. 29

All DOCUMENTS evidencing or referring to any communications between YOU and COVERED EMPLOYEES concerning meal periods.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**
None provided.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its

objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case); *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

## REQUEST FOR PRODUCTION NO. 30

All DOCUMENTS evidencing or referring to any communications between YOU and COVERED EMPLOYEES concerning rest periods.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

CCP § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery

may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case. As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof. Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case); *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery

abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

## REQUEST FOR PRODUCTION NO. 31

All DOCUMENTS evidencing or referring to any communications between YOU and COVERED EMPLOYEES concerning "off-the-clock" work.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

*CCP* § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case. As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage

Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case);  *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

**REQUEST FOR PRODUCTION NO. 32**

All DOCUMENTS which constitute, explain or discuss YOUR policies, procedures or practices regarding payment of all wages due to YOUR discharged or quitting COVERED EMPLOYEES.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

*CCP* § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case. As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery

seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case);  *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

## REQUEST FOR PRODUCTION NO. 33

All DOCUMENTS, including but not limited to training materials, manuals, and handbooks that YOU used to train YOUR managers and supervisors with respect to management and/or supervision of COVERED EMPLOYEES during the COVERED PERIOD.

**RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant

to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA

further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

> *CCP* § 2017.010 provides that:
>
>> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

> The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case.  As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request

Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery

seeking information central to the claims which this Court ordered arbitrated and further forcing

Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome

discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant

filed an appeal with the Southern District of California and objected to providing substantive

responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts

to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case);  *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

## REQUEST FOR PRODUCTION NO. 34

All DOCUMENTS, including but not limited to training materials, employee manuals, and employee handbooks that YOU used to train COVERED EMPLOYEES during the COVERED PERIOD.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

*CCP* § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case. As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof. Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction,

etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id.* (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case); *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

## REQUEST FOR PRODUCTION NO. 35

All DOCUMENTS, including but not limited to charts, diagrams, and lists, which show or describe the organizational and/or management structure of YOU during the COVERED PERIOD.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

*CCP* § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and

location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case.  As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case);  *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests

are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

**REQUEST FOR PRODUCTION NO. 36**

All DOCUMENTS which define or describe the job duties, qualifications, requirements, responsibilities, and/or essential job functions for each and all of the job positions of the COVERED EMPLOYEES during the COVERED PERIOD.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

*CCP* § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

> The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case. As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme

designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case);  *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

**REQUEST FOR PRODUCTION NO. 37**

All DOCUMENTS constituting or evidencing YOUR policies and/or practices for setting work schedules for COVERED EMPLOYEES.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

*CCP* § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

> The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case. As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing

Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case);  *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

**REQUEST FOR PRODUCTION NO. 38**

All DOCUMENTS constituting or evidencing YOUR policies, procedures or practices of providing minimum, regular, overtime, or double-time compensation to COVERED EMPLOYEES during the COVERED PERIOD.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and

documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

*CCP* § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case. As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof. Given Plaintiff's blatant attempts

to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id.* (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case); *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

## REQUEST FOR PRODUCTION NO. 39

All DOCUMENTS which evidence, constitute, relate or refer to any wage and hour audit conducted by a government agency during the COVERED PERIOD concerning COVERED EMPLOYEES.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

NEXA further objects to the extent this Request seeks privileged information, including information protected by the attorney-client privilege and/or attorney work product.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

*CCP* § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case. As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof. Given Plaintiff's blatant attempts

to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case); *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

## REQUEST FOR PRODUCTION NO. 40

All DOCUMENTS identifying any class actions filed against YOU in California pertaining to the allegations alleged in the operative Complaint.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion. NEXA further objects to the extent this Request seeks privileged information, including information protected by the attorney-client privilege and/or attorney work product.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

*CCP* § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case.  As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to

SEPARATE STATEMENT OPPOSING MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR
PRODUCTION OF DOCUMENTS
81

control such abuse. *Id.* (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case); *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

## REQUEST FOR PRODUCTION NO. 41

All DOCUMENTS bearing the signature of PLAINTIFF.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion. NEXA further objects to the extent this Request seeks privileged information, including information protected by the attorney-client privilege and/or attorney work product.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

*CCP* § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and

location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case.  As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case);  *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests

are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate

discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden.

*Obregon* at 431.

**REQUEST FOR PRODUCTION NO. 42**

All DOCUMENTS which evidence, constitute, or relate to PLAINTIFF'S PERSONNEL

FILE.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is

unduly burdensome, disproportionate to the needs of the case, and seeks information and

documents that are not relevant to this action nor reasonably calculated to lead to the discovery of

admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

NEXA further objects to the extent this Request seeks privileged information, including

information protected by the attorney-client privilege and/or attorney work product.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE
COMPELLED:**

*CCP* § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance
> with this title, any party may obtain discovery regarding any
> matter, not privileged, that is relevant to the subject matter
> involved in the pending action or to the determination of any
> motion made in that action, if the matter either is itself
> admissible in evidence or appears reasonably calculated to
> lead to the discovery of admissible evidence. Discovery
> may relate to the claim or defense of the party seeking
> discovery or of any other party to the action. Discovery may
> be obtained of the identity and location of persons having
> knowledge of any discoverable matter, as well as of the
> existence, description, nature, custody, condition and
> location of any document, tangible thing, or land or other
> property.

The working hours, working conditions, payroll records and the documents
reflecting the same concerning Defendant's affected employees are all directly
relevant to the issues raised in this case, and cannot be reasonably be considered
*unduly* burdensome nor disproportionate to the needs of the case. As alleged,
Defendants have violated a number of CA Labor Codes and Industrial Wage

Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case);  *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

## REQUEST FOR PRODUCTION NO. 43

All non-privileged DOCUMENTS relating to PLAINTIFF, including but not limited to any DOCUMENTS relating to PLAINTIFF'S hiring, evaluation, employment, discipline, benefits, behavior, or separation from employment with YOU.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

CCP § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case. As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery

seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case);  *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

## REQUEST FOR PRODUCTION NO. 44

All DOCUMENTS reflecting the hours worked by PLAINTIFF. Note: The production should be in native format.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and

documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

*CCP* § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case. As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof. Given Plaintiff's blatant attempts

to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id.* (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case); *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

## REQUEST FOR PRODUCTION NO. 45

All DOCUMENTS reflecting the wages and all other compensation and monies paid to PLAINTIFF by YOU.  Note: The production should be in native format.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

*CCP* § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself

admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case. As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof. Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case); *Calcor Space Facility, Inc. v.*

*Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

## REQUEST FOR PRODUCTION NO. 46

DOCUMENTS sufficient to determine the number of non-exempt workers employed by YOU from August 3, 2018 through the present.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

CCP § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered

*unduly* burdensome nor disproportionate to the needs of the case.  As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case);  *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

**REQUEST FOR PRODUCTION NO. 47**

All release and settlement agreements with COVERED EMPLOYEES during the COVERED PERIOD.

**DEFENDANT'S RESPONSE:** NEXA objects to this Request on the grounds that it is unduly burdensome, disproportionate to the needs of the case, and seeks information and documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. NEXA further objects to the extent that this Request seeks a legal conclusion. NEXA further objects to the extent this Request seeks confidential and privileged information, including information protected by the attorney-client privilege and/or attorney work product.

**PLAINTIFF'S REASONS WHY A FURTHER RESPONSE SHOULD BE COMPELLED:**

*CCP* § 2017.010 provides that:

> Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party-seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition and location of any document, tangible thing, or land or other property.

The working hours, working conditions, payroll records and the documents reflecting the same concerning Defendant's affected employees are all directly relevant to the issues raised in this case, and cannot be reasonably be considered *unduly* burdensome nor disproportionate to the needs of the case. As alleged, Defendants have violated a number of CA Labor Codes and Industrial Wage Orders in the creation and implementation of Defendant's' pyramid scheme designed to underpay its employees in order to gain an unfair advantage over its competitors, who abide by California laws. The documents sought are highly relevant and directly and reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S REPLY:** This objection is based upon the fact that through this Request Plaintiff improperly seeks to undermine Defendant's arbitration rights by propounding discovery seeking information central to the claims which this Court ordered arbitrated and further forcing Defendant to incur unnecessary expense in replying to irrelevant, overbroad and burdensome discovery. In order to avoid this exact type of irreparable harm and improper conduct, Defendant filed an appeal with the Southern District of California and objected to providing substantive responses to Plaintiff's Discovery during the pendency thereof.  Given Plaintiff's blatant attempts to use discovery here as a way to leverage an improper advantage, Defendant maintains that its objections are well placed. Indeed, '[a]ny discovery request, even an initial one, can be misused in an attempt to generate settlement leverage by creating burden, expense, embarrassment, distraction, etc. *Obregon v. Superior Court*, 67 Cal. App. 4th 424, 431 (1998). It is a judge's responsibility to control such abuse. *Id*. (finding that subject discovery requests were very broad, and their full scope did not appear reasonably related to the issues in the case);  *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221, 61 Cal.Rptr.2d 567 (recognizing that discovery abuse is a spreading cancer and judges must be aggressive in curbing abuse and insisting that discovery be used to facilitate litigation rather than as a weapon). Further, when discovery requests are grossly overbroad on their face, and hence do not appear reasonably related to a legitimate discovery need, a reasonable inference can be drawn of an intent to harass and improperly burden. *Obregon* at 431.

1

Dated: May 6, 2024

2

3

4

5

6

7

8

9

Dated:  May 6, 2024

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

MITCHELL SANDLER LLC

*/s/ Arielle Stephenson*
Arielle Stephenson (SBN 336434)
1120 20th Street NW, Suite 725
Washington, DC 20036
Telephone: (202) 886-5267
astephenson@mitchellsandler.com

Counsel for Defendant, *NEXA Mortgage, LLC*

GREELEY LAW, APC

By: _____

David M. Greeley (SBN 198520)
50   Columbia   Street,   Suite   403
San Diego, CA 92101
Telephone:  (619) 658-0462
david@greeley.law

Counsel for Defendant, *NEXA Mortgage, LLC*

# EXHIBIT 50

1   David M. Greeley, Esq. (SBN 198520)
    GREELEY LAW, APC
2   1350 Columbia Street, Suite 403
    San Diego, California 92101
3   Telephone: (619) 658-0462
    david@greeley.law
4

5   MITCHELL SANDLER LLC
    Arielle Stephenson (SBN 336434)
6   1120 20th Street, NW
    Washington, DC 20036
7   Telephone: (202) 886-5267
    astephenson@mitchellsandler.com
8

9   *Attorneys for Defendant NEXA Mortgage LLC*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/06/2024** at 07:42:00 PM
Clerk of the Superior Court
By E- Filing,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

DAMIAN DIAZ, individually, and on behalf of all others similarly situated,

          Plaintiff,

v.

NEXA MORTGAGE, LLC, et al.

          Defendants.

Case No. 37-2022-00031816-CU-OE-NC

**PROOF OF SERVICE**

I, David M. Greeley, Esq., declare as follows:

I am an attorney with the law firm of GREELEY LAW, APC, whose address is 1350 Columbia Street, Suite 403, San Diego, California 92101.  I am over 18 years of age and not a party to this action. My email address is david@greeley.law.

On May 6, 2024, I caused to be served true copies of the following document(s) described as:

- **DEFENDANT'S OPPOSITION TO MOTION TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORIES, SET ONE, AND FOR SANCTIONS, MOTION TO COMPEL FURTHER RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, AND FOR SANCTIONS, AND MOTION TO COMPEL FURTHER RESPONSES TO FORM**

PROOF OF SERVICE

GREELEY LAW, APC
1351 Columbia Street, Suite 403
San Diego, CA 92101

**INTERROGATORIES, SET ONE, AND FOR SANCTIONS; DECLARATION OF ARIELLE STEPHENSON, ESQ. IN SUPPORT THEREOF;**
- **SEPARATE STATEMENT OPPOSING MOTION TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORIES, SET ONE;**
- **SEPARATE STATEMENT OPPOSING MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE; and**
- **SEPARATE STATEMENT OPPOSING MOTION TO COMPEL FURTHER RESPONSES TO FORM INTERROGATORIES, SET ONE**

on the interested parties in this action as follows

  XXX   **BY ELECTRONIC SERVICE - VIA ONE LEGAL:** I caused the document(s) to be served electronically via One Legal, at the time this document was filed I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

by serving:

| MILLER LAW FIRM | Attorneys for Plaintiff |
| Matthew R. Miller (SBN 194647) | |
| 6790 Embarcadero Lane, No. 100 | |
| Carlsbad, CA 92011 | |
| Telephone: (619) 261-1151 | |
| matt@mrmlawfirm.com | |
| | |
| Brian C. Dawson (SBN 183251) | |
| DAWSON & OZANNE | |
| 5755 Oberlin Dr., Suite 301 | |
| San Diego, CA 92131 | |
| Telephone: (619) 988-2135 | |
| brian@dawson-ozanne.com | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 6, 2024, at San Diego, California.


     /s/ David Greeley
     David Greeley

GREELEY LAW, APC
1351 COLUMBIA STREET, SUITE 403
SAN DIEGO, CA 92101

# EXHIBIT 51

RA-010

ATTORNEY OR PARTY WITHOUT ATTORNEY:        STATE BAR NUMBER: 198520
NAME: DAVID M. GREELEY
FIRM NAME: GREELEY LAW, APC
STREET ADDRESS: 1350 Columbia Street, Suite 403
cITY: San Diego                           STATE: CA    ZIP CODE: 92101
TELEPHONE NO.: 619-658-0462               FAX NO.:
EMAILADDREss: david@greeley.law
ATTORNEY FOR (name): NEXA MORTGAGE, INC.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO**
 STREET ADDRESS: 325 South Melrose Drive
MAILING ADDREss, 325 South Melrose Drive
cITYANDzIrcoDE: Vista, California 92081
 BRANCH NAME: North County

PLAINTIFF/PETITIONER: Damian  Diaz
DEFENDANT/RESPONDENT: Nexa Mortgage, LLC
OTHER CASE NAME:

| **NOTICE OF REMOTE APPEARANCE** | CASE NUMBER: 37-2022-00031816-CU-OE-NC |

You must use this form to tell the court you intend to appear remotely in a civil case, unless the court's website describes an online process for giving notice. You may also use it to give the required notice to all other parties in the case. (Do not use this form in a juvenile dependency proceeding.)

Check the court's website for information about how to appear remotely, including the departments and types of cases or proceedings that allow remote appearances and ways to appear remotely in their departments for such appearances.

See page 3 of this form for more information, including deadlines for giving notice and for opposing a remote appearance if this notice is for an evidentiary hearing or trial.

**A person appearing remotely should conduct themselves as though appearing in court in person.**

1.  The person who intends to appear remotely is *(check and complete all that apply):*

    ☐   Plaintiff/Petitioner *(name):*

    ☐   Attorney for Plaintiff/Petitioner *(name):*

    ☐   DefendanURespondent *(name):*

    ☒   Attorney for DefendanURespondent *(name):*  Arielle Stephenson, Esq., with co-counsel Mitchell Sandler, LLC

    ☐   Other *(name and role in case):*

2.  The person or persons in 1 intends to appear remotely *(check one):*

    a.   ☒   Throughout the case.

    b.   ☒   At the proceeding described below, including on any later dates if the proceeding is continued *(describe):*

         Type of proceeding: Hearing on Motion to Compel Discovery

         Set on *(date):* May  17, 2024         at *(time):* 1:30 p.m.          in  *(department):* N-28

         Before *(name of judicial officer, if known):* Hon. Earl Maas 111

3.  The person intends to appear by *(check court's website for method that may be used):*

    ☒   Videoconference   ☐   Audio only (including telephone)

4.  ☐   For evidentiary hearing or trial only (where testimony may be given): the party requests the following additional aspects of the proceeding be conducted *remotely(describe what the party wants to be done remotely and why; attach form MC-25 if more space is needed):*

Page 1 of 3

**NOTICE OF REMOTE APPEARANCE**

Code of Civil Procedure,§ 367.75;
Cal. Rules of Court, rule 3.672
*w1vw.courts.ca.gov*

RA-010

| PLAINTIFF:  Damian Diaz | CASE NUMBER: |
|---|---|
| DEFENDANT:  Nexa Mortgage, LLC | 37-2022-00031816-CU-OE-NC |

5. **00** I agree to keep the proceeding confidential to the same extent as would be required if I were appearing in person.

Date:  05/10/24

Arielle Stephenson


Arielle Stephenson (May 10, 2024 19:20 EDT)

(TYPE OR PRINT NAME)                                                       (SIGNATURE)

## Notice to Other Parties

Anyone intending to appear remotely must provide notice to all other parties by the deadlines stated in Cal. Rules of Court, rule 3.672, and described on the next page. Notice may be provided orally, electronically, or by giving the other parties this form in a way to ensure it is received by the applicable deadline. The party must tell the court this was done either by filing a proof of service (this may be done on forms POS-040 or POS-050 for electronic service) or by completing and signing the declaration below.

## Declaration of Notice

I gave notice that I intend to appear remotely to the other parties or persons entitled to receive notice in this case as stated below. *Complete one item below for each person notice was given to, and enter one of the following options for* "Method of notice" *in c.*

- **Mail:** By mailing them a copy of this form (write the mailing address ind.)
- **Overnight delivery:** By having a copy of this form delivered overnight (write the delivery address ind.)
- **Electronic notice:** By e-mail or text message (write the e-mail or phone number ind.)
- **Phone:** By telling them over the telephone or leaving them voice mail (write the phone number ind.), or
- **In person:** By giving them a copy of this form in person, or by telling them orally in person (write the address ind.)

1. ☐ Plaintiff/Petitioner
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

2. ☐ Attorney for: Damian Diaz
   a. Name: Matthew R. Miller, Esq.
   b. Date of notice:
   c. Method of notice: Eservice via One Legal
   d. Address (mailing, in-person, or email) or phone number: matt@mrmlawfirm.com

3. ☐ Defendant/Respondent
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

4. ☒ Attorney for: Damian Diaz
   a. Name: Brian C. Dawson
   b. Date of notice:
   c. Method of notice: Eservice via One Legal
   d. Address (mailing, in-person, or email) phone number: brian@dawson-ozanne.com

5. ☐ Other *(specify):*
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

6. ☐ Attorney for:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) phone number:

7. ☐ Other *(specify):*
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

7. ☐ Other *(specify):*
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

☐ If more people were given notice, check here, attach form MC-025, titled as Attachment Notice, and add the information about how and when notice was given to each person.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true n rrect.

Date:  51{0/V{

STEPHANIE KOSTIC



(TYPE OR PRINT NAME)                                                       (SIGNATURE)

# EXHIBIT 52

Matthew R. Miller (SBN 194647)
6790 Embarcadero Lane, No. 100
Telephone: (619) 261-1150
Email: matt@rmnlawfnm.com

Brian C. Dawson (SBN 183251)
DAWSON & OZANNE
5755 Oberlin Dr., Suite 301
San Diego, CA 92121
Telephone: (619) 988-2135
Email: brian@dawson-ozanne.com   *Attorneys for Plaintiff*

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN DIEGO, NORTH COUNTY

DAMIAN DIAZ, individually and on behalf of all others similarly situated,

Plaintiff,

v.

NEXA MORTGAGE, LLC, et al.,

Defendants.

**Case No. 37-2022-00031816**

**PLAINTIFF'S  REPLY  BRIEF SUPPORTING MOTION TO COMPEL FURTHER RESPONSES TO FORM INTERROGATORIES, SET ONE, AND FOR SANCTIONS**

Date:     May 17, 2024
Time:     1:30 p.m.

Dept.:    4B
Judge:    Hon. Earl H. Maas, III

State Action Filed: August 3, 2022
FAC Filed: October 31, 2022

## I.

## **INTRODUCTION**

Plaintiffs Motion to Compel should be granted.[1]  Plaintiff was reluctantly forced to bring this Motion to Compel because Nexa refuses to provide any substantive responses or produce

---

[1]  This Reply Brief is in support of Plaintiff's Motion to Compel Further Responses to Plaintiff's Form Interrogatories. The heating date for this Motion is set for May 17, 2024.  Plaintiff has also filed motions to compel fiuther responses to Special Intenogatories and Request for Documents, but the hearing dates for those are presently set for June 28, 2024. Nexa has filed an Opposition to all three motions, and if the Comi is inclined to hear all three motions on May 17, 2024, plaintiffasse1is this Reply B1iefis applicable to all three motions as well.

---

-1-

1   even a single document.  The case stems from the out-of-state employer, Nexa Mortgage, LLC's

2   failure to pay appropriate wages to its employees in an effo1t to gain an advantage in the

3   marketplace.  Since the filing of the lawsuit in 2022, Nexa has instituted a strategy of delay,

4   gamesmanship, and creating unnecessaiy litigation costs.

5      First, Nexa removed the case to federal court which granted plaintiffs motion to remand,

6   bringing the case back to this Comt. After plaintiff propounded written discove1y, Nexa filed a

7   Motion to Compel Arbitration, which was granted in pait and denied in pait- sending plaintiffs

8   individual claims to ai-bitration, while maintaining the PAGA representative claims in this Comt.

9      Attempting to circumvent the state court, Nexa then filed a new case in federal court,

10  seeking to have the federal court judge assigned to its new case overturn this Court's ruling on

11  the motion to compel arbitration.  Consistent with its bad faith tactics, Nexa then provided

12  discovery "responses" which consisted of nothing but boiler plate objections, and refused to

13  consider supplementing its responses until after the federal comt reaches a decision in Nexa's

14  newly filed, yet very frivolous "appeal."  This case has been delayed by Nexa for years, and

15  Plaintiff is simply trying to obtain responses to basic discove1y requests in order to move the

16  case forwai·d.

17      The fact that Nexa is attempting to overturn this Court's ruling by pursuing another case

18  in federal comt provides no basis for Nexa to refuse to comply with its discove1y obligations in

19  this case.  Nexa's abusive tactics should not be rewarded.  Plaintiff is entitled to fu1ther

20  responses and an awai·d of sanctions against Nexa.

21                                         **II.**

22          **PLAINTIFF'S MOTION TO COMPEL SHOULD BE GRANTED**

23     **A.  NEXA WAIVED ITS OBJECTIONS.**

24      Plaintiff propounded written discove1y on August 8, 2023 with responses due in

25  September.  On August 21, 2023, Nexa filed its Motion to Compel Arbitration, along with a

26  request to stay the proceedings.  Nexa did not timely file its discove1y responses, and thus,

27  waived its objections as discussed in the moving papers.

28

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES TO
FORM INTERROGATORIES, SET ONE, AND FOR SANCTIONS

Nexa, however, argues that CCP §1281.4 automatically stayed all proceedings and matters when it filed its Motion to Compel arbitration until the Comt made its decision. This is an inconect interpretation of the statute. CCP §1281.4 states in relevant part:

> If **an application has been made to a court of competent jurisdiction, whether in this State or not, for an order to arbitrate a controversy which is an issue involved in an action or proceeding pending before a court of this State and such application is undetermined, <u>the court in which such action or proceeding is pending shall, upon motion of a party to such action or proceeding, stay the action or proceeding until the application for an order to arbitrate is determined and,</u> if arbitration of such controversy is ordered, until an arbitration** is **had in accordance with the order to arbitrate or until such earlier time as the court specifies.**

Nexa's motion to compel ai-bitration did not automatically divest the trial court of its jurisdiction over the case. Were that the case, there would be no need for motions, ai·gument, and judges. If Nexa sought to stay the proceeding while the Motion was pending, Nexa was required to file a separate motion to stay the case and only then was the trial comt to decide whether the case was stayed. 1l1at is precisely what the statute calls for as shovm in the underlined p01tion of the statute above.

Nexa does not cite to any caselaw suppmting its interpretation or suppo1ting its position that the objections have been waived. There ai·e some cases that discuss the specific issue here at least superficially, but none of them hold that the mere act of filing a request for a stay creates an automatic stay.

In December 2023, Brian Dawson and Nexa's attorneys exchanged emails regarding the issue as to whether Nexa waived its objections. In an email, Mr. Dawson, when asked to provide any legal support for the proposition that Nexa waived its objections, other than the plain language of the statute, pointed to a recent <u>unpublished</u> Fourth Circuit Appellate, Division One, Opinion, *California v. Mapubear, Inc. (Insta-Cart),* 2/17/21, Case No. DO77380; (See, Deel. Brian C. Dawson, **‚ŕ**3-4, **Exhibit B** - <u>a copy of the ruling is attached to the exhibit.)</u> In <u>Mapubeai·</u>, the Court specifically held that the filing of Motion to Compel Arbitration, along with a Request for a Stay, <u>does not automatically</u> stay the proceedings <u>pending</u> detennination of the motion and request.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES TO FORM INTERROGATORIES, SET ONE, AND FOR SANCTIONS

1   Contrary to Nexa's suggestion in its Opposition on page 6, Plaintiff's job is not to

2   educate Nexa and ale1t them to the deadline to respond set by the CCP.  Regardless, the deadline

3   to respond was clearly listed in the requests, and Nexa chose to ignore it.

4   **B. NEXA'S PETITION LACKS JURISDICTION AND DOES NOT**

5   **AUTOMATICALLY STAY THIS CASE.**

6   After granting Nexa's Motion to Compel Arbitration, this Court refused to stay the case

7   as it relates to Plaintiff's PAGA claims.  Nexa disagreed with Judge Maas' Ruling and could

8   have filed a Writ of Mandate.  (See *Titan/Value Equities Group, Inc. v. Sup.Ct. (Balestrieri)*

9   (1994) 29 CA4th 482,486; *Cardiff Equities, Inc. v. Sup.Ct. (O'Neel)* (2008) 166 CA4th 1541,

10   1547.)  It chose not to. Instead, on Janua1y 8, 2024, Nexa filed a new action in the Southern

11   Federal Distiict CoUit of California in the form of "Petition to Hear Appeal" pmsuant to 9 USC

12   §3 and 9 USC §16 (a)(l)(A).  At first glance, Plaintiff counsel's reaction was "how can a party

13   appeal a state coUit decision to a federal disti·ict court?" It seemed implausible.  It is. 9 USC §16

14   applies to the filing of an appeal of <u>a federal district comt decision</u> to the Ninth Circuit of

15   Appeals, <u>not a state case.</u>  And, 9 USC §3 applies to the issuance of stays involving actions in

16   federal coUit and does not provide jurisdiction by itself.[2]

17   **1.      <u>Nexa's Petition Lacks Merit.</u>**

18   There is no direct appeal to the federal distiict comt.  Upon fIBther investigation, and

19   reading of the Petition, it became obvious that Nexa really wanted the disti·ict comt to issue a

20   stay of this Comt's proceedings - - essentially ovenuling Judge Maas. In Paragraph 27 of the

21   Petition, Nexa states, <u>"NEXA respectfully petitions this Honorable Comt to order that the state</u>

22   <u>court case be stayed pursuant to 9 U.S.C. §§ 3; 16."</u>

23   

24   [2] The fact that Judge Maas' decision related to the FAA does not give Nexa Federal question jurisdiction. "The
25   Atbitration Act is something of an anomaly in the field of federal-comt jurisdiction. It creates a body of federal
substantive law establishing and regulating the dutyto honor an agreement to arbitrate, yet it does not create any
independent federal-question jurisdiction under 28 U.S.C. § 1331 (1976 ed., Supp. IV) or otherwise." *Moses H  Cone*
26   *Mem. Hospital* v. *Mercury Construction atft. nt. 32,* and see *Commercial Metals Co.* v. *Balfour, Guthrie, & Co.,* 577
F.2d 264, 268-269 (CA5 1978), and cases cited.
27   
28   

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES TO
FORM INTERROGATORIES, SET ONE, AND FOR SANCTIONS

1   The next question was how?  None of the cases or statutes cited by Nexa in its Petition
2   explain how the Comt had Jurisdiction to hear the matter and the legal precedent for doing so.

3   In January 2024, Plaintiff's counsel asked Nexa to provide legal authority supporting its
4   argument.  On Januaiy 26, Nexa's counsel sent Plaintiffs Counsel an email providing
5   purp01tedly additional authority supporting its position and acknowledged that 9 USC section 16
6   does not necessai·ily establish jurisdiction.      On Februai·y 2,:Mr. Miller responded. (See, Deel. of
7   BCD in Supp01t of <u>Reply</u> **,i ,i** 5-7, **Ex. D.,** filed along with this Reply). And, after a further
8   teleconference, on Februaiy 7t1[1], Mr. Miller sent another email refuting Nexa's arguments.  (See,
9   <u>ReplyDecl.ofBCDiJiJ</u> **6-7,Ex.F.)**

10   In  essence, Nexa's argument is the district court can stay this Court's proceedings under
11   the Anti Injunction Act (22 USC §2283). The AIA has three exceptions Nexa tried to ai·gue that
12   exception 1 and 3 provide relief.  Upon a close examination neither exception applies, which
13   Plaintiffs counsel outlined in detail in their two meet and confer letters.

14   The AIA states: "A court of the United States may not grant an injunction to stay
15   proceedings in a State court except as expressly authorized by Act of Congress, or where
16   necessaiy in aid of its jurisdiction, or to protect or effectuate its judgments."

17   In the meet and confer process, Nexa argued the first and third exemptions provide
18   jurisdiction and a good faith basis for proceeding with its Petition.

19   *a.*     *Exception 1 - (e.,--.:pressly authori=ed by Act of Congress)*

20   The Federal Arbitration Act, including (9 USC §3) does not specifically authorize federal
21   comts to enjoin ongoing state proceedings.  Rather, as many comts have noted, sections 3 and 4
22   of the statute merely allow comts to stay litigation brought before them and to compel
23   ai·bitration. (9 U.S.C. §§ 3, 4 (1994); *see, e.g., Ultracashrnere House, Ltd. v. Meyer,* 664 F.2d
24   1176, 1180 (11th. Cir. 1981); *TranSouth Fin. Corp. v. Bell,* 975 F. Supp. 1305, 1309 (M.D. Ala.
25   1997) (noting that§ 3 of the FAA applies only to allow federal comts to stay cases pending in
26   federal, not state, comts.)

27   There is a general policy in the United States to keep state court and federal comt
28   proceedings separate.  Generally, state proceedings "should normally be allowed to continue

-5-

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES TO
FORM INTERROGATORIES, SET ONE, AND FOR SANCTIONS

1   unimpaired by intervention of the lower federal coUits, with relief from enor, if any, through the

2   state appellate courts and ultimately [the U.S. Supreme] Court." *(Chik Kam Choo v. Exxon*

3   *Corp.,* 486 U.S. 140, 146 (1988), citing *Atlanta Coast Line R.R.,* 398 U.S. 281, 287 (1970).)

4   Judge Maas' decision is *res judicata* on the issue. It is clear that Nexa cannot obtain relief

5   through the federal comts until it exhausts the state appellate process.

6           b.          *Exception 3 - "Aid of its jurisdiction, or to protect or effectuate its*

7                       *judgments" (also known as the "re-litigation" exception)*

8           The relitigation exception to the AIA does not establish, by itself, subject matter

9   jurisdiction - - there must be an underlying action. *(Regions Bank v. Rivet,* 224 F.3d 483, 493

10  (5thCi.r.2000).)

11          And, this exception to the act is nanowly construed and only applies to prevent a state

12  comt action from interfering with a federal comt decision that was actually litigated and

13  detennined by the same or related paities in the state comt action. *(Sandpiper Village Condo.*

14  *Ass'n., Inc. v. Louisiana-Pacific Corp.,* 428 F.3d 831, 847-848 (9th Cir. 2005).)  The coUit in

15  *Sandpiper* provides an overview of the exception and spells out why it is clearly not available to

16  Nexa in the present situation.

17          As there is zero good faith basis to move forward with the Petition, Plaintiffs counsel

18  warned Nexa over the phone and in the emails that it would seek Sanctions under Rule 11 if

19  Nexa moved forwai·d.

20          2.   **The Petition Did Not Automatically Stay this Court's Proceedings.**

21          TI1ere is not any case law or applicable statute that would somehow stay state comt

22  proceedings while the Petition to Appeal or more accurately a request for a stay was and is

23  pending.  In its Opposition, Nexajust argues, without any legal basis, that discovery in the state

24  case is somehow stayed and it does not have to provide responses to the requests.

25  ///

26  ///

27

28

-6-

## C. PLAINTIFF HAS SUFFICIENTLY MET AND CONFERRED.

Each of Nexa's discovery responses contained <u>General Objection No. 1</u> that states:

NEXA objects to providing substantive responses to Plaintiffs written discovery requests at this time due to the pendency of its appeal regarding the denial of a stay of litigation including its filing in the United States District for the Southern District of California on Januruy 8, 2024, pursuant to 9 U.S.C. §§ 3; 16(a)(l)(A). As this petition of appeal directly requests that the District Com1 order a stay of the above-captioned matter pending resolution of the underlying ru·bitration, NEXA objects to providing substantive discove1y responses pending disposition of the appeal. Out of an abundance of caution, however, NEXA hereby asserts these general and specific objections to Plaintiffs first set of written discovery requests and expressly reserves the 1ight to amend its responses and objections.

Nexa made the above objection to providing substantive responses to Plaintiffs discovery responses based on the filing of its Petition in federal district court. Therei is no automatic stay of state court proceedings just because a Petition is filed. Additionally, Nexa asserted a boiler plate objection to eve1y single request and did not provide any infmmation or documents. Nexa repeatedly duplicated many of its "reasons why a further response is required" in its separate statements supporting the motions because Nexa's boiler plate objections were simply copied and pasted throughout its responses.

In late Janamy and eru·ly Febrnary, the pa1 l ies engaged in telephonic converstations discussing the Petion in federal district court and its effect on Nexa's discovery responses. Nexa's position was made very clear: it would not ente1 1ain providing any further responses (nor address the scope of such responses) until after it had obtained some type of rnling on its newly filed case in Federal Com1. (See, Dawson Deel. at 11 5-7.) On Febrnruy 7, the pru1ies met and confened over the phone on Nexa's discovery responses. Nexa stated in that conversation that it would not provide documents and information until the Petition was heard. Plaintiffs counsel requested any legal support for effectively staying state comt proceedings simply because a Petition was filed. Nexa did not provide any.

After the conference call, Mr. Dawson sent the following email:

Thanks for taking the time to speak with us earlier today regarding Nexa's Petition to Hear an Appeal as well as the Nexa's discovery responses/objections to the written discovery propounded on it in the pending state com1 action. Just to confinn, Nexa is not willing to provide any supplemental responses to any of our discove1y requests nor provide any responsive documents until the district com1 makes some so1 1of dete1mination on its Petition to Heru· an Appeal and unless there is some arbitration action filed by Mr. Diaz. Please let me know if you have any questions or concerns or if my understanding ofNexa's position on discove1y is somehow inconect.

1   (See, Reply Decl. BCD at **Ex. E.**)

2   Nexa never disputed the email.  It believed that simply filing a bogus / frivolous motion/

3   petition to federal district comt halted their obligation to provided actual info1mation and documents.

4   This Court has already denied Nexa's request for a stay and decided this case is moving

5   forward.  Rather than exhausting its appellate1ights in State court, Nexa decided to challenge the

6   court's ruling by running to Federal court.  If all any party had to do to avoid responding to

7   discove1y was to file a new action in Federal court, it would be done as a matter of course.  This

8   argument, like Nexa's frivolous "appeal" is just another attempt to create an artificial stay in in this

9   case.

10   Creating a self-imposed banier to discove1y based on the nebulous outcome of another newly

11   filed case in a different venue was the opposite of a good faith effort to meet and confer on the

12   specific requests, leaving Plaintiff with no choice but to file to the motions to compel.

13   Instead of admitting its forum shopping mse to see if they can convince a federal court judge

14   to overturn Judge Maas' decision, Nexa accuses Plaintiff of improper discove1y tactics for

15   attempting to get responses to basic discovery requests without waiting for Nexa to see if the Federal

16   comt (who has no jurisdiction on the matter) overturns Judge Maas' decision.

17   III.

18   **CONCLUSION**

19   The "Appeal" to the federal district to ovenule Judge Maas' ruling is frivolous and without

20   any justification.  This was explained at great length to Nexa.  Nexa has chosen to roll the dice and

21   see if they can ignore discovery obligations in this case while they pursue their newly filed Federal

22   comt case instead.  Plaintiff respectfully requests that this Court grant the Motions and award

23   sanctions against Nexa as follows: (1) Fo1m Intenogato1ies- $5,678.75; (2) Request for Documents -

24   $4,627.50; and Special Intenogatories - $3,265.50.

25   Dated:      May 13, 2024                    **MILLER LAW FIRM**
26                                         By:   *Matthew R. Miller*
                                                Matthew R. Miller Attorney for Plaintiffs
27

28

# EXHIBIT 53

Matthew R. Miller (SBN 194647)
MILLER LAW FIRM
6790 Embarcadero Lane, No. 100
Carlsbad, CA 92011
Telephone: (619) 261-1150
Email: matt@mrmlawfirm.com

Brian C. Dawson (SBN 183251)
DAWSON & OZANNE
5755 Oberlin Dr., Suite 301
San Diego, CA 92121
Telephone: (619) 988-2135
Email: brian@dawson-ozanne.com  *Attorneys for Plaintiff*

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN DIEGO, NORTH COUNTY

| | |
|---|---|
| DAMIAN DIAZ, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br>      v.<br><br>NEXA MORTGAGE, LLC, et al.,<br><br>            Defendants. | **Case No. 37-2022-00031816**<br><br>**DECLARATION OF BRIAN C. DAWSON SUPPORTING REPLY BRIEF**<br><br>Date:    May 17, 2024<br>Time:    1:30 p.m.<br><br>Dept.:    4B<br>Judge:    Hon. Earl H. Maas, III<br><br>Complaint Filed: August 3, 2022 |

I, Brian C. Dawson, declare as follows:

1.     I am an attorney at law duly authorized to practice law before all the courts of the State of California. I am the attorney of record for the Plaintiffs in this matter.  I am familiar with the files, pleadings and facts in this case and could and would competently testify to the following facts based upon my own personal knowledge or information and belief:

2.      On December 15, 2023, I sent correspondence to Defendant' counsel explaining that the deadline to provide responses to the outstanding discovery requests had long since passed, requesting Defendant provide responses, without objections, by December 27, 2023.

3.      Defendant's counsel responded in writing on December 20, 2023, claiming that discovery had been automatically stayed in the case on August 21, 2023 because Defendant had filed a motion to compel arbitration.  Plaintiff's counsel explained that Defendant's motion to compel arbitration did <u>not</u> request the court stay discovery until the hearing on Defendant's motion, <u>nor</u> did Defendant even attempt to seek an order of the court staying discovery pending the hearing of its motion, <u>nor</u> did the court ever issue a stay of discovery pending the outcome of the hearing on Defendant's motion to compel, and hence discovery had not been stayed.

4.      On January 16, 2024, Defendant served responses which, as to Form Interrogatories Set One, failed to assert any actual responses, and instead just served boiler plate objections to every interrogatory.

5.      On February 2, 2024, counsel for plaintiff sent an email to counsel for Nexa explaining that there was no subject matter jurisdiction for the federal court to hear Nexa's "appeal". A true and correct copy of that email correspondence is attached hereto as **Exhibit D**.

6.      On February 7, 2024, counsel for Plaintiff and Defendant attended a "meet and confer" conference via telephone where Defendant's responses/objections to the discovery requests at issue were discussed in an effort to reach a resolution.  Despite Plaintiff's counsel's efforts to convince Defendant's counsel to provide further or supplemental responses to the discovery requests, Defendant's counsel explained that Defendant would not provide any further responses and would not even consider whether or not it might later provide further responses, until sometime after the Federal District Court made some sort of ruling on Defendant's "Petition to Hear an Appeal" that Defendant filed in U.S. District Court for the Southern District of CA on January 8, 2024 (Case No. Case 3:24-cv-00061-BEN-MMP), seeking to have District Court Judge, Hon. Roger T. Benitez, overturn Hon. Earl H. Maas III's December 8, 2023 ruling in this matter [*ROA 35*] that denied Defendant's Motion to Compel Arbitration in part, permitting Plaintiff's PAGA representative action to proceed in this Court while Plaintiff's individual claims are resolved through contractual

arbitration.   A true and correct copy of the email correspondence sent to counsel for Nexa on February 7, 2024 confirming the conversation with counsel that Nexa was not willing to provide any supplemental responses to any of our discovery requests nor provide any responsive documents until the district court makes some sort of determination on its Petition to Hear an Appeal and unless there is some arbitration action filed by Mr. Diaz is attached hereto as **Exhibit E**.

7.      While meeting and conferring, Plaintiff's counsel explained there are many procedural problems with Defendant's Petition to Hear an Appeal, including: 1) the fact that Defendant refused to appeal Judge Maas' decision to California's 4th District Court of Appeals, Division One, and instead is attempting to forum shop its way into Federal Court by filing a new action, naming Plaintiff Diaz as the respondent in that case; 2) that there clearly is no subject matter jurisdiction for the District Court Judge to act as an appellate court and overturn Judge Maas' decision; and 3) that even if Defendant's Petition to Hear an Appeal can somehow be considered a legitimate appeal, which it cannot, California Code of Civil Procedure §1294 does not automatically stay discovery in *this* case, and that discovery in this case has in fact, never been stayed.  Plaintiff's counsel followed up the telephonic meet and confer with a detailed written correspondence outlining all of the procedural problems with Defendant's Petition to Hear an Appeal, explaining that the filing and continued pursuit of the Petition is a violation of Federal Rule of Civil Procedure Rule 11, and demanding that Defendant dismiss its baseless Petition.  As of the date of filing the motion, Defendant continued to refuse to dismiss the frivolous action that is not supported by any legal precedent.  A true and correct copy of the email correspondence sent to counsel for Nexa on February 8, 2024 explaining why Nexa's "appeal" filed in deferral court is frivolous and requesting that it be dismissed is attached hereto as **Exhibit F**.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 10, 2024, at San Diego, California

*Brian Dawson*

Brian C. Dawson

_____

# EXHIBIT D

| From: | Matthew Miller |
|---|---|
| To: | David Greeley |
| Cc: | Alexander Rogosa; Ari Karen; Arielle Stephenson; Brian Dawson |
| Subject: | Re: Diaz v. NEXA |
| Date: | Friday, February 2, 2024 6:49:31 PM |

Dear Counsel:

Nexa's petition to hear an appeal asserts jurisdiction under 9 USC Sec. 3 and 9 USC Sec. 16.  However, as pointed out earlier, neither provides subject matter jurisdiction permitting a district court judge to sit as an appellate judge and overturn a state court decision, especially one that has been fully briefed and argued.  We understand Nexa has also cited cases in the petition's "jurisdiction" section that Nexa purports also permit jurisdiction.  However, as pointed out earlier, none of those cases are applicable as they all involve district court case decisions that are then appealed to a district court of appeals.

Upon reading Mr. Ragosa's January 26, 2024 email correspondence, he cites to several other federal cases that Nexa suggests somehow help it get over the jurisdiction hurdle.  However, none of those cases are persuasive, and to the contrary, a deeper dive into those cases and the associated caselaw further supports the fact that Nexa's petition is totally improper and should be dismissed.

First, based on our understanding of Mr. Rogosa's 1/26/24 correspondence, he is suggesting that although it is not mentioned in the petition, Nexa might try to claim jurisdiction pursuant to 9 USC Sec. 4.  However, *We Care Hair Dev. v. Engen* explains: "As the Supreme Court has noted, "[s]ection 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue," citing *Moses H. Cone Memorial Hosp.* Please note that all of the cases cited in Mr. Ragosa's correspondence related to this point all had diversity jurisdiction. The district court has already ruled there is no diversity jurisdiction on the underlying dispute.

Second, reviewing the other cases cited by Mr. Rogosa, it appears Nexa is suggesting there might be federal question jurisdiction as "some other independent basis for federal jurisdiction" (which is what Nexa represented

to the court on its Civil Case Sheet).  However, the fact that Judge Maas' decision related to the FAA does not give Nexa Federal question jurisdiction.  "The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 (1976 ed., Supp. IV) or otherwise." *Moses H. Cone Mem. Hospital v. Mercury Construction at ft. nt. 32*, and see *Commercial Metals Co. v. Balfour, Guthrie, & Co.*, 577 F.2d 264, 268–269 (CA5 1978), and cases cited.

Third, we understand based on the cases cited by Mr. Rogosa that Nexa might try to assert some sort of jurisdiction for its appeal under 28 USC 2283.  "Although the federal arbitration statutes do not explicitly grant to United States District Courts the authority to stay state court proceedings, this court has held that a stay if state court proceedings is authorized by 28 U.S.C. § 2283 when the dispute in question has been found by the federal court to be subject to the arbitration provisions of 9 U.S.C. § 2." *Necchi Sewing Machine Sales Corp. v. Carl*.

The relitigation exception to the Anti-Injunction Act (AIA) (28 USC 2283) does not establish, by itself, subject matter jurisdiction. *Regions Bank v. Rivet*, 224 F.3d 483, 493 (5th Cir. 2000).  A party seeking a stay of state court proceedings through a petition or complaint under the AIA generally relies on the subject matter jurisdiction established in the underlying federal action where there was an issue determined.  Here, there is no underlying action in which the district court had subject matter jurisdiction.

Additionally, even if Nexa asserts subject matter jurisdiction somehow existed, Nexa still cannot possibly establish the relitigation exception.  This exception to the act is narrowly construed and <u>only</u> applies to prevent a state court action from interfering with a federal court decision that was actually litigated and determined by the <u>same or related parties</u> in the state court action.  *Sandpiper Village Condo. Ass'n., Inc. v. Lousiana-Pacific Corp.*, 428 F.3d 831, 847-848 (9th Cir. 2005).  The court in *Sandpiper* provides an overview of the exception and spells out why it is clearly not available to Nexa in the present situation.

Here, the only prior litigation that NEXA can identify is the removal of the state court case against Nexa and subsequent order remanding it back.

We urge you to withdraw your petition as it clearly violates Rule 11.  We are available to discuss this matter further on Tuesday, February 6, 2024 between 10 a.m. to 1 p.m. PST.  If that time frame does not work and you wish to discuss further, please let us know what times/dates would work.


Sincerely,


Matt Miller


--
Matthew R. Miller, Esq.
MILLER LAW FIRM
6790 Embarcadero Lane No. 100
Carlsbad, CA 92011
619-261-1150
www.millersandiegoattorney.com


*************************************************************************

CONFIDENTIALITY NOTICE:  The information contained in this e-mail message may be privileged, confidential and protected from disclosure.  If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.  If you receive this e-mail message in error, please e-mail the sender at matt@mrmlawfirm.com

*************************************************************************

# EXHIBIT E

| | |
|---|---|
| **From:** | brian@dawson-ozanne.com |
| **To:** | "Alexander Rogosa"; "David Greeley" |
| **Cc:** | "Ari Karen"; "Matthew Miller" |
| **Subject:** | RE: Diaz v. NEXA |
| **Date:** | Wednesday, February 7, 2024 5:47:00 PM |
| **Attachments:** | image001.png |

Hi Alexander and David,

Thanks for taking the time to speak with us earlier today regarding Nexa's Petition to Hear an Appeal as well as the Nexa's discovery responses/objections to the written discovery propounded on it in the pending state court action. Just to confirm, Nexa is not willing to provide any supplemental responses to any of our discovery requests nor provide any responsive documents until the district court makes some sort of determination on its Petition to Hear an Appeal and unless there is some arbitration action filed by Mr. Diaz. Please let me know if you have any questions or concerns or if my understanding of Nexa's position on discovery is somehow incorrect.

Mr. Miller will be getting back to you as indicated during the call regarding the issue of whether the district court has subject matter jurisdiction to hear the Petition as asserted by Nexa in its Petition and as explained during our call.

Sincerely,

Brian

Brian C. Dawson
DAWSON & OZANNE
5755 Oberlin Dr., Suite 301
San Diego, CA 92121
Direct: (619) 988-2135
Email: brian@dawson-ozanne.com

CONFIDENTIALITY NOTE: This e-mail and any attachments are confidential and may be legally privileged which is intended only for the use of the recipients identified above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.

**From:** Alexander Rogosa <arogosa@mitchellsandler.com>
**Sent:** Wednesday, February 7, 2024 9:33 AM
**To:** Matthew Miller <matt@mrmlawfirm.com>; Brian Dawson <brian@dawson-ozanne.com>
**Cc:** David Greeley <david@greeley.law>
**Subject:** RE: Diaz v. NEXA

# EXHIBIT F

| | |
|---|---|
| **From:** | Matthew Miller |
| **To:** | Alexander Rogosa; David Greeley |
| **Cc:** | Arielle Stephenson; Ari Karen; David Greeley; Brian Dawson |
| **Subject:** | Fwd: Nexa - final draft |
| **Date:** | Thursday, February 8, 2024 10:42:26 AM |

Dear Alexander and David,

This is in response to our meet and confer meeting yesterday regarding your Petition to Hear an Appeal filed in district court.

We have given Nexa multiple opportunities to explain how it believes the federal district court has jurisdiction to overrule Judge Maas' order denying Nexa's request to stay the PAGA representative claims, which we understand is the basis of your Petition to Hear an Appeal. Your explanations have constantly changed in response to our presentation of fact and law showing that your position is implausible.

During yesterday's conference, Mr. Rogosa explained Nexa's legal position is that subject matter jurisdiction exists because the District Court has jurisdiction under 9 USC Section § 3 because the first exception of the Anti Injunction Act ("AIA") (28 U.S.C. § 2283), states: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress…" (With the second exception being "where necessary in aid of its jurisdiction" and the third exception being "to protect or effectuate its judgments".) Nexa's position in that the FAA is an Act of Congress that expressly authorizes the District Court to issue an injunction reversing Judge Maas' order and staying the state court proceedings. When asked for specific authority supporting this position, Mr. Ragosa pointed to the email that he sent on January 26, 2024, explaining that the *ITT* and *Necchi* cases specifically hold that the "expressly authorized" exception applies to the FAA.

As explained yesterday, Nexa's position is still not supported by any case or codified law. In fact, the cases referred to by Mr. Ragosa yesterday (*ITT* and *Necchi*) specifically state that the FAA **does not** expressly authorize injunctive relief. (See, *Necchi Sewing Machine Sales Corp. v. Carl*, 260 F.Supp. 665 (S.D.N.Y.1966) ["**the federal arbitration statutes do not explicitly grant to United States District Courts the authority to stay state court proceedings**." *Necchi Sewing Machine Sales Corp. v. Carl*, 260 F.Supp. 665 (S.D.N.Y.1966); see also - *ITT Consumer Fin. Corp. v. Wilson,* No. S91-0242(G), 1991 WL 494536, at *8 (S.D. Miss. Nov. 25, 1991) "**there is no provision in the Federal Arbitration Act authorizing a federal district court to enjoin state court proceedings**."

Both cases did state, however, that an exception to the Anti-Injunction Act (AIA) could apply under the *third* exception ("to protect or effectuate its judgments"), when a federal district court compels arbitration and a party seeks a stay of the state court proceedings. As we explained in our February 2, 2024 email to Nexa's counsel, there is no good faith basis for Nexa to attempt to use this third exception either. During the conference, Mr. Rogosa confirmed that Nexa was not seeking relief under this third exception.

Concerning the first exception (expressly authorized by an act of Congress) Mr. Rogosa's January 26, 2024 email quotes a paragraph from *ITT* stating: "while there is no provision in the Federal Arbitration Act authorizing a federal district court to enjoin state court proceedings pending arbitration of arbitrable disputes, it has been universally held that a federal district court may issue an injunction staying such proceedings pending the final outcome of the arbitration, and that the authority to issue such an injunction is an exception to the prohibition of the Anti-Injunction Act." *ITT Consumer Fin. Corp. v. Wilson*, No. S91-0242(G), 1991 WL

494536, at *8 (S.D. Miss. Nov. 25, 1991) (staying state court action).  In this section of the *ITT* ruling the court cited several cases - including *Hunt v. Mobil Oil* and others not listed in Mr. Rogosa's email.

However, Mr. Rogosa ignores the next section immediately following the quote from *ITT*: "The reasoning of all of the cited decisions is that the authority of a federal district court to issue an injunction against state court proceedings where the dispute sought to be litigated in state court falls within the ambit of a valid and enforceable arbitration clause is that the injunction falls within the exception to the Anti-Injunction Act allowing a district court to enter an injunction "to protect or effectuate its judgments." *Id.*  Again, the third exception could apply in some cases, but it definitely does not apply here.

To be clear, the FAA does not specifically authorize federal courts to enjoin ongoing state proceedings. Rather, as many courts have noted, sections 3 and 4 of the statute merely allow courts to stay litigation brought before them and to compel arbitration. [9 U.S.C. §§ 3, 4 (1994); *see, e.g., Ultracashmere House, Ltd. v. Meyer*, 664 F.2d 1176, 1180 (11 th Cir. 1981) (noting that while 9 U.S.C. § 3 "compels courts to stay their own proceedings where the issues to be litigated have... been committed to resolution by arbitration…, it does not specifically authorize federal courts to stay proceedings in state courts."), *overruled on other grounds by Baltin v. Alaron Trading Corp.*, 128 F.3d 1466 (1lth Cir. 1997), *cert. denied,* 119 S. Ct. 105 (1998); *TranSouth Fin. Corp. v. Bell*, 975 F. Supp. 1305, 1309 (M.D. Ala. 1997) (noting that § 3 of the FAA applies only to allow federal courts to stay cases pending in federal, not state, courts); *McGuire, Comwell & Blakey v. Grider*, 765 F. Supp. 1048, 1052 (D. Colo. 1991) (granting an injunction against the state court based on 28 U.S.C. § 2283); *Network Cinema Corp. v. Glassbum*, 357 F. Supp. 169, 172 (S.D.N.Y. 1973) (noting that a stay of state proceedings is authorized by 28 U.S.C. § 2283 once a matter has been found to be subject to the FAA arbitration provisions); *In re Arbitration of Controversies Between Necchi Sewing Mach. Sales Corp. & Carl,* 260 F. Supp. 665, 669 (S.D.N.Y. 1966) (noting that "[p]lainly authority to stay the Oklahoma action is not to be found in § 3 of the Federal Arbitration Act," but finding such authority in 28 U.S.C. § 2283).]

There is a general policy in the United States to keep state court and federal court proceedings separate.  Generally, state proceedings "should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the U.S. Supreme] Court." *Chik Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988), citing *Atlanta Coast Line R.R.*, 398 U.S. 281, 287 (1970).  Judge Maas' decision is *res judicata* on the issue.  It is clear that Nexa cannot obtain relief through the federal courts until it exhausts the state appellate process.

We have spent over 35 hours researching and ultimately undermining Nexa's nebulous and shifting legal positions in its attempt to forum shop itself into District Court.  Based on your representations during the conference, it is our understanding Nexa is using the existence of its Petition as some sort of justification to refuse to provide responses to discovery in the pending state court action. Nexa's Petition is not supported by law nor is there any basis in this matter to reverse or establish new law in regard to Nexa's claim for jurisdiction. We are again requesting Nexa dismiss its Petition immediately.

Sincerely,

Matt Miller

--

Matthew R. Miller, Esq.

MILLER LAW FIRM

6790 Embarcadero Lane No. 100

Carlsbad, CA 92011

619-261-1150

www.millersandiegoattorney.com

*******************************************************************

CONFIDENTIALITY NOTICE:  The information contained in this e-mail message
may be privileged, confidential and protected from disclosure.  If you are
not the intended recipient, any dissemination, distribution or copying is
strictly prohibited.  If you receive this e-mail message in error, please
e-mail the sender at matt@mrmlawfirm.com

# EXHIBIT 54

CLOSED

# U.S. District Court
## Southern District of California (San Diego)
## CIVIL DOCKET FOR CASE #: 3:22-cv-01895-JES-DDL

Diaz v. Nexa Mortgage, LLC et al
Assigned to: District Judge James E. Simmons, Jr
Referred to: Magistrate Judge David D. Leshner
Case in other court: Superior Court of California, San Diego, 37-
02022-00031816-CU-OE-NC
Cause: 28:1441lm Removal- Labor/Mgmt. Relations

Date Filed: 11/30/2022
Date Terminated: 07/10/2023
Jury Demand: Both
Nature of Suit: 790 Labor: Other
Jurisdiction: Diversity

**Plaintiff**

**Damian Diaz**
*individually and on behalf of others*
*similarly situated*

represented by **Brendan Kenneth Ozanne**
Dawson and Ozanne
5755 Oberlin Drive
Suite 301
San Diego, CA 92121
760-877-9552
Email: mshaffer@dawson-ozanne.com
*(Inactive)*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian Christopher Dawson**
Dawson and Ozanne
5755 Oberlin Dr.
Suite 301
San Diego, CA 92121
(619) 988-2135
Fax: (619) 491-9205
Email: brian@dawson-ozanne.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew R. Miller**
Miller Law Firm
6790 Embarcadero Lane
Number 100
Carlsbad, CA 92011
619-261-1150
Email: matt@mrmlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Nexa Mortgage, LLC**
*an Arizona Limited Liability Company*

represented by **Ari Karen**
Mitchell Sandler, PLLC

1120 20th Street, NW
Suite 725
Washington, DC 20036
202-886-5260
Email: akaren@mitchellsandler.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Arielle Marjorie Stephenson**
Mitchell Sandler, LLC
1120 20th Street, NW
Suite 725
Washington, DC 20036
202-794-5258
Email: astephenson@mitchellsandler.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Michael Greeley**
Greeley Law, APC
1350 Columbia Street
Unit 403
San Diego, CA 92101
619-658-0462
Fax: 619-350-3621
Email: david@greeley.law
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Renfro Thompson**
Minerva Law LLP
750 B Street
Suite 2510
San Diego, CA 92101
619-600-0065
Fax: 619-344-0441
Email: jim@minervalawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does 1-100**
*inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/30/2022 | 1 | NOTICE OF REMOVAL with Jury Demand ( Filing fee $402 receipt number ACASDC-17385391.), filed by Nexa Mortgage, LLC. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A-F)<br><br>The new case number is 3:22-cv-1895-BAS-DDL. Judge Cynthia Bashant and Magistrate Judge David D. Leshner are assigned to the case.(cxl1) (rmc). (Entered: 12/01/2022) |

| 12/07/2022 | 2 | Joint MOTION for Extension of Time to File *response to complaint* by Nexa Mortgage, LLC. (Greeley, David) (alns). (Entered: 12/07/2022) |
|---|---|---|
| 12/09/2022 | 3 | ORDER granting 2 Motion for Extension of Time to File. Defendant shall respond to the Complaint on or before December 21, 2022.. Signed by Judge Cynthia Bashant on 12/9/2022. (All non-registered users served via U.S. Mail Service)(alns) (Entered: 12/09/2022) |
| 12/21/2022 | 4 | MOTION to Compel *Arbitration* by Nexa Mortgage, LLC. (Attachments: # 1 Memo of Points and Authorities 2022 12 21 Diaz v. Nexa -Memorandum of P&A ISO Motion to Compel Arbitration, # 2 Exhibit 2022 12 21 - Diaz v. Nexa - Exhibit to Motion to Compel Arbitration)(Greeley, David) (jmo). (Entered: 12/21/2022) |
| 12/26/2022 | 5 | MOTION to Remand to State Court by Damian Diaz. (Attachments: # 1 Memo of Points and Authorities in support of motion for order remanding action to state court, # 2 Declaration of Brian C. Dawson in support)(Ozanne, Brendan)Attorney Brendan Kenneth Ozanne added to party Damian Diaz(pty:pla) (jmo). (Entered: 12/26/2022) |
| 01/03/2023 | 6 | Mail Returned as Undeliverable re 3 Order on Motion for Extension of Time to File. Mail sent to Arielle Stephenson. (bta) (Entered: 01/03/2023) |
| 01/04/2023 | 7 | Corporate Disclosure Statement by Nexa Mortgage, LLC. No Corporate Parents/Interested Parties. (Greeley, David) (jmo). (Entered: 01/04/2023) |
| 01/04/2023 | 8 | NOTICE of Party With Financial Interest by Nexa Mortgage, LLC . No Parties With Financial Interest. (Greeley, David) (jmo). (Entered: 01/04/2023) |
| 01/16/2023 | 9 | RESPONSE in Opposition re 5 MOTION to Remand to State Court filed by Nexa Mortgage, LLC. (Attachments: # 1 Exhibit Exhibits 1-4 ISO Opposition to Motion for Remand, # 2 Proof of Service POS - Opposition to Motion for Remand)(Greeley, David) (jmo). (Entered: 01/16/2023) |
| 01/16/2023 | 10 | MOTION *Ex Parte Application to request that the Court Accept the Opposition* by Nexa Mortgage, LLC. (Attachments: # 1 Declaration 2023 01 16 - DMG Decl ISO Ex Parte App re accept late filing of oppo brief final)(Greeley, David) (jmo). (Entered: 01/16/2023) |
| 01/18/2023 | 11 | Order Granting Ex Parte Application to Request Acceptance of Late Filing (ECF No. 10 ). Signed by Judge Cynthia Bashant on 1/18/23. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 01/19/2023) |
| 01/20/2023 | 12 | **DOCUMENT WITHDRAWN BY FILER PER ECF 13 **Ex Parte MOTION for Extension of Time to File *or Alternate Briefing Schedule* by Damian Diaz. (Attachments: # 1 Declaration)(Dawson, Brian) ***QC Mailer - WRONG DISTRICT listed on the document. Instructed to withdraw and refile corrected motion on 1/23/2023** (jmo). Modified on 1/23/2023 (jmo). (Entered: 01/20/2023) |
| 01/23/2023 | 13 | NOTICE OF WITHDRAWAL OF DOCUMENT by Damian Diaz re 12 Ex Parte MOTION for Extension of Time to File *or Alternate Briefing Schedule* filed by Damian Diaz . (Dawson, Brian) (jmo). (Entered: 01/23/2023) |
| 01/23/2023 | 14 | Ex Parte MOTION for Extension of Time to File Response/Reply by Damian Diaz. (Attachments: # 1 Declaration)(Dawson, Brian) (jmo). (Entered: 01/23/2023) |
| 01/23/2023 | 15 | REPLY to Response to Motion re 5 MOTION to Remand to State Court filed by Damian Diaz. (Attachments: # 1 Declaration, # 2 Exhibit)(Dawson, Brian) (jmo). (Entered: 01/23/2023) |
| 01/26/2023 | 16 | RESPONSE in Opposition re 14 Ex Parte MOTION for Extension of Time to File Response/Reply filed by Nexa Mortgage, LLC. (Greeley, David) (jmo). (Entered: |

| | | |
|---|---|---|
| | | 01/26/2023) |
| 01/26/2023 | 17 | Order Denying Ex Parte Application to Extend Plaintiff's Deadline to File Opposition to Defendant's Motion to Compel Arbitration (ECF No. 14 ). Signed by Judge Cynthia Bashant on 1/26/23. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 01/27/2023) |
| 02/01/2023 | 18 | Request to Appear Pro Hac Vice ( Filing fee received: $ 213 receipt number BCASDC-17548944.) (Application to be reviewed by Clerk.) (Karen, Ari) (Entered: 02/01/2023) |
| 02/01/2023 | 19 | PRO HAC APPROVED: Ari Karen appearing for Defendant Nexa Mortgage, LLC (no document attached) (jrm) (Entered: 02/01/2023) |
| 02/07/2023 | 20 | RESPONSE in Opposition re 4 MOTION to Compel *Arbitration* filed by Damian Diaz. (Attachments: # 1 Declaration, # 2 Declaration, # 3 Exhibit)(Dawson, Brian) (jmo). (Entered: 02/07/2023) |
| 02/14/2023 | 21 | REPLY - Other re 20 Response in Opposition to Motion, 4 MOTION to Compel *Arbitration* filed by Nexa Mortgage, LLC. (Attachments: # 1 Exhibit Exhibit A to Reply ISO Motion to Compel Arbitration)(Greeley, David) (jmo). (Entered: 02/14/2023) |
| 03/17/2023 | 22 | ORDER OF TRANSFER. Judge Cynthia Bashant is no longer assigned. Case reassigned to District Judge James E. Simmons, Jr for all further proceedings. Pending hearings previously set before the original Judge have been transferred to the newly assigned Judge. The new case number is 22cv1895-JES-DDL. Signed by Judge Cynthia Bashant on 3/17/23.(All non-registered users served via U.S. Mail Service)(jmo) (Entered: 03/20/2023) |
| 07/10/2023 | 23 | ORDER (1) Granting Motion to Remand; and (2) Denying as Moot Motion to Compel Jurisdiction (ECF Nos. 4 , 5 ) (Certified copy sent to State Court via US Mail Service). Signed by District Judge James E. Simmons, Jr on 7/10/2023. (All non-registered users served via U.S. Mail Service)(maq) (Entered: 07/10/2023) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/16/2024 09:29:11 | | |
| **PACER Login:** | dgreeley198520 | **Client Code:** | 182.00001 |
| **Description:** | Docket Report | **Search Criteria:** | 3:22-cv-01895-JES-DDL |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

EXHIBIT 55

CLOSED

# U.S. District Court
## Southern District of California (San Diego)
## CIVIL DOCKET FOR CASE #: 3:22-cv-01895-JES-DDL

Diaz v. Nexa Mortgage, LLC et al
Assigned to: District Judge James E. Simmons, Jr
Referred to: Magistrate Judge David D. Leshner
Case in other court: Superior Court of California, San Diego, 37-02022-00031816-CU-OE-NC
Cause: 28:1441lm Removal- Labor/Mgmt. Relations

Date Filed: 11/30/2022
Date Terminated: 07/10/2023
Jury Demand: Both
Nature of Suit: 790 Labor: Other
Jurisdiction: Diversity

## Plaintiff

**Damian Diaz**
*individually and on behalf of others
similarly situated*

represented by **Brendan Kenneth Ozanne**
Dawson and Ozanne
5755 Oberlin Drive
Suite 301
San Diego, CA 92121
760-877-9552
Email: mshaffer@dawson-ozanne.com
*(Inactive)*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian Christopher Dawson**
Dawson and Ozanne
5755 Oberlin Dr.
Suite 301
San Diego, CA 92121
(619) 988-2135
Fax: (619) 491-9205
Email: brian@dawson-ozanne.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew R. Miller**
Miller Law Firm
6790 Embarcadero Lane
Number 100
Carlsbad, CA 92011
619-261-1150
Email: matt@mrmlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

## Defendant

**Nexa Mortgage, LLC**
*an Arizona Limited Liability Company*

represented by **Ari Karen**
Mitchell Sandler, PLLC

1120 20th Street, NW
Suite 725
Washington, DC 20036
202-886-5260
Email: akaren@mitchellsandler.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Arielle Marjorie Stephenson**
Mitchell Sandler, LLC
1120 20th Street, NW
Suite 725
Washington, DC 20036
202-794-5258
Email: astephenson@mitchellsandler.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Michael Greeley**
Greeley Law, APC
1350 Columbia Street
Unit 403
San Diego, CA 92101
619-658-0462
Fax: 619-350-3621
Email: david@greeley.law
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Renfro Thompson**
Minerva Law LLP
750 B Street
Suite 2510
San Diego, CA 92101
619-600-0065
Fax: 619-344-0441
Email: jim@minervalawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does 1-100**
*inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/30/2022 | 56 | NOTICE OF REMOVAL with Jury Demand ( Filing fee $402 receipt number ACASDC-17385391.), filed by Nexa Mortgage, LLC. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A-F)<br><br>The new case number is 3:22-cv-1895-BAS-DDL. Judge Cynthia Bashant and Magistrate Judge David D. Leshner are assigned to the case.(cxl1) (rmc). (Entered: 12/01/2022) |

| | | |
|---|---|---|
| 12/07/2022 | 57 | Joint MOTION for Extension of Time to File *response to complaint* by Nexa Mortgage, LLC. (Greeley, David) (alns). (Entered: 12/07/2022) |
| 12/09/2022 | 58 | ORDER granting 2 Motion for Extension of Time to File. Defendant shall respond to the Complaint on or before December 21, 2022.. Signed by Judge Cynthia Bashant on 12/9/2022. (All non-registered users served via U.S. Mail Service)(alns) (Entered: 12/09/2022) |
| 12/21/2022 | 59 | MOTION to Compel *Arbitration* by Nexa Mortgage, LLC. (Attachments: # 1 Memo of Points and Authorities 2022 12 21 Diaz v. Nexa -Memorandum of P&A ISO Motion to Compel Arbitration, # 2 Exhibit 2022 12 21 - Diaz v. Nexa - Exhibit to Motion to Compel Arbitration)(Greeley, David) (jmo). (Entered: 12/21/2022) |
| 12/26/2022 | 60 | MOTION to Remand to State Court by Damian Diaz. (Attachments: # 1 Memo of Points and Authorities in support of motion for order remanding action to state court, # 2 Declaration of Brian C. Dawson in support)(Ozanne, Brendan)Attorney Brendan Kenneth Ozanne added to party Damian Diaz(pty:pla) (jmo). (Entered: 12/26/2022) |
| 01/03/2023 | 61 | Mail Returned as Undeliverable re 3 Order on Motion for Extension of Time to File. Mail sent to Arielle Stephenson. (bta) (Entered: 01/03/2023) |
| 01/04/2023 | 62 | Corporate Disclosure Statement by Nexa Mortgage, LLC. No Corporate Parents/Interested Parties. (Greeley, David) (jmo). (Entered: 01/04/2023) |
| 01/04/2023 | 63 | NOTICE of Party With Financial Interest by Nexa Mortgage, LLC . No Parties With Financial Interest. (Greeley, David) (jmo). (Entered: 01/04/2023) |
| 01/16/2023 | 64 | RESPONSE in Opposition re 5 MOTION to Remand to State Court filed by Nexa Mortgage, LLC. (Attachments: # 1 Exhibit Exhibits 1-4 ISO Opposition to Motion for Remand, # 2 Proof of Service POS - Opposition to Motion for Remand)(Greeley, David) (jmo). (Entered: 01/16/2023) |
| 01/16/2023 | 65 | MOTION *Ex Parte Application to request that the Court Accept the Opposition* by Nexa Mortgage, LLC. (Attachments: # 1 Declaration 2023 01 16 - DMG Decl ISO Ex Parte App re accept late filing of oppo brief final)(Greeley, David) (jmo). (Entered: 01/16/2023) |
| 01/18/2023 | 66 | Order Granting Ex Parte Application to Request Acceptance of Late Filing (ECF No. 10 ). Signed by Judge Cynthia Bashant on 1/18/23. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 01/19/2023) |
| 01/20/2023 | 67 | **DOCUMENT WITHDRAWN BY FILER PER ECF 13 **Ex Parte MOTION for Extension of Time to File *or Alternate Briefing Schedule* by Damian Diaz. (Attachments: # 1 Declaration)(Dawson, Brian) ***QC Mailer - WRONG DISTRICT listed on the document. Instructed to withdraw and refile corrected motion on 1/23/2023** (jmo). Modified on 1/23/2023 (jmo). (Entered: 01/20/2023) |
| 01/23/2023 | 68 | NOTICE OF WITHDRAWAL OF DOCUMENT by Damian Diaz re 12 Ex Parte MOTION for Extension of Time to File *or Alternate Briefing Schedule* filed by Damian Diaz . (Dawson, Brian) (jmo). (Entered: 01/23/2023) |
| 01/23/2023 | 69 | Ex Parte MOTION for Extension of Time to File Response/Reply by Damian Diaz. (Attachments: # 1 Declaration)(Dawson, Brian) (jmo). (Entered: 01/23/2023) |
| 01/23/2023 | 70 | REPLY to Response to Motion re 5 MOTION to Remand to State Court filed by Damian Diaz. (Attachments: # 1 Declaration, # 2 Exhibit)(Dawson, Brian) (jmo). (Entered: 01/23/2023) |
| 01/26/2023 | 71 | RESPONSE in Opposition re 14 Ex Parte MOTION for Extension of Time to File Response/Reply filed by Nexa Mortgage, LLC. (Greeley, David) (jmo). (Entered: |

| | | 01/26/2023) |
|---|---|---|
| 01/26/2023 | 72 | Order Denying Ex Parte Application to Extend Plaintiff's Deadline to File Opposition to Defendant's Motion to Compel Arbitration (ECF No. 14 ). Signed by Judge Cynthia Bashant on 1/26/23. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 01/27/2023) |
| 02/01/2023 | 73 | Request to Appear Pro Hac Vice ( Filing fee received: $ 213 receipt number BCASDC-17548944.) (Application to be reviewed by Clerk.) (Karen, Ari) (Entered: 02/01/2023) |
| 02/01/2023 | x | PRO HAC APPROVED: Ari Karen appearing for Defendant Nexa Mortgage, LLC (no document attached) (jrm) (Entered: 02/01/2023) |
| 02/07/2023 | 74 | RESPONSE in Opposition re 4 MOTION to Compel *Arbitration* filed by Damian Diaz. (Attachments: # 1 Declaration, # 2 Declaration, # 3 Exhibit)(Dawson, Brian) (jmo). (Entered: 02/07/2023) |
| 02/14/2023 | 75 | REPLY - Other re 20 Response in Opposition to Motion, 4 MOTION to Compel *Arbitration* filed by Nexa Mortgage, LLC. (Attachments: # 1 Exhibit Exhibit A to Reply ISO Motion to Compel Arbitration)(Greeley, David) (jmo). (Entered: 02/14/2023) |
| 03/17/2023 | 76 | ORDER OF TRANSFER. Judge Cynthia Bashant is no longer assigned. Case reassigned to District Judge James E. Simmons, Jr for all further proceedings. Pending hearings previously set before the original Judge have been transferred to the newly assigned Judge. The new case number is 22cv1895-JES-DDL. Signed by Judge Cynthia Bashant on 3/17/23.(All non-registered users served via U.S. Mail Service)(jmo) (Entered: 03/20/2023) |
| 07/10/2023 | 77 | ORDER (1) Granting Motion to Remand; and (2) Denying as Moot Motion to Compel Jurisdiction (ECF Nos. 4 , 5 ) (Certified copy sent to State Court via US Mail Service). Signed by District Judge James E. Simmons, Jr on 7/10/2023. (All non-registered users served via U.S. Mail Service)(maq) (Entered: 07/10/2023) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/16/2024 09:29:11 | | |
| **PACER Login:** | dgreeley198520 | **Client Code:** | 182.00001 |
| **Description:** | Docket Report | **Search Criteria:** | 3:22-cv-01895-JES-DDL |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

# EXHIBIT 56

David M. Greeley, Esq. (SBN 198520)
James R. Thompson, Esq. (SBN 260083)
GREELEY THOMPSON LLP
600 B Street, Suite 2150
San Diego, California 92101
Telephone: (619) 658-0462
dgreeley@greeleythompson.com

MITCHELL SANDLER LLC
Arielle Stephenson (SBN 336434)
1120 20th Street, NW
Washington, DC 20036
Telephone: (202) 886-5267
astephenson@mitchellsandler.com

*Attorneys for Defendant NEXA Mortgage LLC*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIAN DIAZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEXA MORTGAGE, LLC, et al.,<br><br>Defendants. | Civil Action No. **'22CV1895 BAS DDL**<br><br>**DEFENDANT NEXA MORTGAGE LLC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 and 1446** |

**TO THE CLERK OF THIS HONORABLE COURT:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1441 and 1446, defendant NEXA Mortgage LLC ("NEXA" or "Defendant"), by and through its undersigned counsel, hereby provides notice of removal of this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Southern District of California. In support thereof, NEXA states as follows:

GREELEY THOMPSON LLP<br>600 B STREET, SUITE 2150<br>SAN DIEGO, CALIFORNIA 92101

GREELEY THOMPSON LLP
660 B Street, Suite 2150
San Diego, California, 92101

# THE STATE COURT ACTION

1.     On or about August 3, 2022, Plaintiff Damian Diaz, individually and on behalf of all others similarly situated, commenced an action against NEXA in the Superior Court of the State of California for the County of San Diego, captioned *Damian Diaz v. NEXA Mortgage, LLC*, Case Number 37-2022-00031816-CU-OE-NC.

2.     On August 12, 2022, Plaintiff and a group of the putative class members sent a "PAGA Notice Pursuant to California Labor Code §2699" to NEXA and California Labor and Workforce Development Agency, informing Defendant of the allegations at issue, their requested relief, and requesting that the Agency "investigate the above allegations and provide notice of the allegations pursuant to PAGA's provisions" or inform Plaintiffs if it does not intend to investigate.

3.     On October 31, 2022, Damian Diaz, on behalf of himself and all others similarly situated ("Plaintiff") filed a First Amended Class Action Complaint against NEXA in the Superior Court of the State of California for the County of Los Angeles, captioned *Damian Diaz v. NEXA Mortgage, LLC, et al.*, Case Number 37-2022-00031816-CU-OE-NC (the "State Court Action").

4.     As required by 28 U.S.C. § 1446(a), attached hereto are true and correct copies of all process, pleadings, and orders served upon NEXA in the State Court Action, which consist of the following:

      a.   Attached hereto as Exhibit A is a true and correct copy of the Civil Case Cover Sheet, dated August 3, 2022.

      b.   Attached hereto as Exhibit B is a true and correct copy of the Summons dated August 3, 2022.

      c.   Attached hereto as Exhibit C is a true and correct copy of the Class Action Complaint filed on August 3, 2022 (the "Original Complaint").

      d.   Attached hereto as Exhibit D is a true and correct copy of the Class Action Complaint filed on October 31, 2022 Notice of Intent to File

PAGA Action dated May 5, 2022 (the "Amended Complaint") and PAGA Notice, attached as Ex. 1 to the Amended Complaint.

e.  Attached hereto as Exhibit E is a true and correct copy of the Register of Actions Notice ("ROA") reflecting all docket entries and documents filed in the State Court Case. While the ROA notes a docket entry for the case assignment and case management conference date, there are no associated documents.

5.  The Amended Complaint asserts claims under the California Labor Code, California Business and Professions Code ("UCL"); and the Private Attorney General Act of 2004 ("PAGA").  *See* Ex. D (Amended Complaint). The Amended Complaint seeks certification of a class defined as "[a]ll current or former employees of NEXA who worked in California as mortgage salespersons or loan officers or similar position, and were classified as exempt, at any time beginning four years prior to the filing of this action through the date of trial." *See id.* ¶ 30.

6.  The Amended Complaint seeks the following forms of relief:   an order certifying the class; injunctive relief, attorneys' fees and costs; disgorgement and restitution; statutory and civil penalties; damages for unpaid compensation, including interest and liquidated damages; an award of civil penalties pursuant to PAGA; and such further relief as the Court deems necessary.  *See id.* at Prayer for Relief.

7.  The Original Complaint's civil cover sheet reflects that it was filed as an unlimited case, which means the amount demanded exceeds $25,000. Ex. A. Both the original and Amended Complaint fail to specify an amount sought by the Plaintiff or the putative class. *See* Ex. A; Ex. D.

8.  NEXA is removing the State Court Action to this Court prior to the time by which NEXA is required under California law to answer or otherwise respond to the Amended Complaint. Accordingly, NEXA has not yet filed a responsive pleading to the Amended Complaint, and thus has not yet had the opportunity to raise any of its defenses to the Amended Complaint.  In its first responsive pleading in this Court, NEXA will

GREELEY THOMPSON LLP
600 B STREET, SUITE 2150
SAN DIEGO, CALIFORNIA, 92101

assert all such defenses by answer or motion. By removing the State Court Action to this Court, NEXA is not waiving any defenses it has to the Amended Complaint, all of which defenses are expressly preserved.

## THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER

## 28 U.S.C. § 1332(a)(1)

9.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because Plaintiff and NEXA are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.    First, there is diversity of citizenship. According to the Amended Complaint, Plaintiff is a citizen and resident of California. *See* Ex. D (Amended Complaint) ¶ 4. NEXA is an Arizona limited liability company with its main headquarters and "nerve center" and, thus, principal place of business in Arizona. *See* Ex. F (California Secretary of State record showing NEXA's principal place of business is in Arizona). All members of the LLC are residents of the State of Arizona.

11.    Second, the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff's singular claims for overtime wages based on Plaintiff's allegation that he regularly worked 50 hours per week during his employment, put at issue approximately $54,000 based on an estimate of his regular rate of pay, using his income. Ex. D at ¶21.

12.    Further, Plaintiff asserts *eight* other causes of action and numerous violations, including claims for minimum wage, statutory and civil penalties, as well as the inclusion of Private Attorney General Act ("PAGA") claims, which are included in the amount in controversy calculation. Thus, these remaining claims seek at least $21,000 and Defendants calculate the amount in controversy easily exceeds $75,000.00. *See* Ex. D (Amended Complaint). Further, the Amended Complaint requests attorneys' fees, interest, and costs, which would also be considered for determining the amount in controversy.

GREELEY THOMPSON LLP
600 B STREET, SUITE 2150
SAN DIEGO, CALIFORNIA, 92101

**VENUE IN THIS DISTRICT IS APPROPRIATE**

13.     Pursuant to 28 U.S.C. § 1446(a), venue is proper in the United States District Court for the Southern District of California because it is the District Court of the United States for the District and Division within which the State Court Action is pending.

**ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

14.     The Original Complaint was filed on August 3, 2022. Ex. C. The Original Complaint did not raise any claims under PAGA and was not apparent on its face whether the action was removable. *Ibid.*

15.     The Amended Complaint was filed on October 31, 2022, and is not apparent on its face whether the action is removable. Ex. D.

16.     This notice of removal is being filed on November 30, 2022, which is within 30 days of the date of filing of the Amended Complaint and thus this removal is timely under 28 U.S.C. § 1446(b)(3).

17.     As noted above, NEXA has attached true and correct copies of all process, pleadings, and orders served upon NEXA in the State Court Action, thus satisfying 28 U.S.C. § 1446(a).

18.     Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, NEXA will file a copy of this Notice of Removal in the State Court Action and will provide a copy of the Notice of Removal to Plaintiff's counsel using the address provided in the Amended Complaint.

**NEXA'S DEFENSES TO THE COMPLAINT ARE PRESERVED**

19.     As noted above, NEXA has not yet filed an answer or responsive pleading to the Amended Complaint in California state court, and thus has not yet had the opportunity to raise any defenses to the Amended Complaint.  By removing the State Court Action to this Court, NEXA is not waiving any defenses it has to the Amended Complaint, all of which defenses are expressly preserved.

///

GREELEY THOMPSON LLP
600 B STREET, SUITE 2150
SAN DIEGO, CALIFORNIA, 92101

WHEREFORE, Defendant NEXA Mortgage LLC hereby removes this suit to this Honorable Court.

DATED: November 30, 2022    GREELEY THOMPSON, LLP

*s/David M. Greeley*
David M. Greeley, Esq. (SBN 198520)
GREELEY THOMPSON LLP
600 B Street, Suite 2150
San Diego, California 92101
Telephone: (619) 658-0462
Email: dgreeley@greeleythompson.com


*s/ Arielle Stephenson*
Arielle Stephenson (SBN No: 336434)
MITCHELL SANDLER LLC
1120 20th Street N.W., Suite 725
Washington, D.C. 20036
Telephone: (202) 886-5260
Email: astephenson@mitchellsandler.com
akaren@mitchellsandler.com

*Attorneys for Defendant NEXA Mortgage LLC*

GREELEY THOMPSON LLP
600 B STREET, SUITE 2150
SAN DIEGO, CALIFORNIA 92101

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Damian Diaz | Nexa Mortgage LLC |

**'22CV1895 BAS DDL**

**(b)** County of Residence of First Listed Plaintiff   San Diego, CA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Maricopa County, AZ
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Miller Law Firm, 835 Fifth Ave., Ste 301, San Diego, CA 92101 and Dawson & Ozanne, 755 Oberlin Dr., San Diego, CA 92131

Attorneys *(If Known)*
Greeley Thompson LLP, 600 B. St., Ste 2150, San Diego, CA 92101, Mitchell Sandler LLC, 1120 20th St., NW, Washington DC 20036

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Product Liability | |    28 USC 157 |    3729(a)) |
| ☐ 140 Negotiable Instrument |    Liability   ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|    & Enforcement of Judgment |    Slander   Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |    Liability   ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
|    Student Loans | ☐ 340 Marine   Injury Product | |    New Drug Application | ☐ 470 Racketeer Influenced and |
|    (Excludes Veterans) | ☐ 345 Marine Product   Liability | | ☐ 840 Trademark |    Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |    Liability   **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards |    Act of 2016 |    (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending |    Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract |    Product Liability   ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** |    Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Property Damage |    Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |    Injury   ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury -   Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) |    Exchange |
| |    Medical Malpractice |    Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☒ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee |    Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff |    Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/   Sentence | |    or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability |    Accommodations   ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | **IMMIGRATION** |    26 USC 7609 |    Act/Review or Appeal of |
| |    Employment   **Other:** | ☐ 462 Naturalization Application | |    Agency Decision |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| |    Other   ☐ 550 Civil Rights |    Actions | |    State Statutes |
| | ☐ 448 Education   ☐ 555 Prison Condition | | | |
| |    ☐ 560 Civil Detainee - | | | |
| |    Conditions of | | | |
| |    Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. section 1441 and 1446

Brief description of cause:
Wage and hour class action

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| November 30, 2022 | /s/ David M. Greeley |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**DAMIAN DIAZ, individually v. NEXA MORTGAGE, LLC, et al.**

## <u>APPENDIX TO DEFENDANT'S NOTICE OF REMOVAL</u>

| <u>Document</u> | <u>Date</u> | <u>Ex. No.</u> | <u>Pages</u> |
|---|---|---|---|
| Civil Case Cover Sheet | 08/03/2022 | A | 001-003 |
| Summons | 08/03/2022 | B | 004-006 |
| Original Complaint | 08/03/2022 | C | 007-037 |
| First Amended Complaint | 10/31/2022 | D | 038-080 |
| Register of Actions | | E | 081-082 |
| California Secretary of State. Business Search | | F | 083-086 |

# EXHIBIT A

CM-010

FOR COURT USE ONLY

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
MILLER LAW FIRM Matthew R. Miller 1946478
835 Fifth Ave. Suite 301 San Diego, CA 92101

TELEPHONE NO.: 619.687.0143    FAX NO. (Optional): 619.687.0136
E-MAIL ADDRESS: matt@mrmlawfirm.com
ATTORNEY FOR (Name): Plaintiff Damian **Diaz**

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/13/2022** at 01:30:59 PM

Clerk of the Superior Court
**By Jimy** Woolf, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 325 S Melrose **Dr.**
MAILING ADDRESS:
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County

CASE NAME:
Damian Diaz v. Nexa Mortgage, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 37-2022-00031816-CU-0E-NC |
| | JUDGE Judge rt H. tiJtaas III | |

Items 1-6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WO (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort **(40)**
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): 8 unpaid wages, meal/rest break violations/ unlawful deductions, etc.
5. This case [x] is [ ] is not a class action suit
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 13, 2022

Matthew R. Miller
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

002

## INSTRUCTIONS **ON HOW** TO COMPLETE THE COVER SHEET

CM-010

To Plaintiffs and Others Filing First **Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one, If the case has multiple causes *of* action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover shee1 must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases. A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a surn stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tori damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a pre/udgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time.for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Compleir. Cases, In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of lhe California Rules of Gou1t this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintfff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of Its first appearance a joinder in the plaintiffs designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that lhe case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Properly Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration check this item Instead of Auto)*
Other PIIPDfWD (Personal Injury/ Property Damage/Wrongful **O&ath)** Tort
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* **(24)**
Medical Marprac!ice (45)
  Medical Malpractice-
    Physicians & surgeons
  other Professional Health Care Mafpractice
Other PIIPDIWD (23)
  Premises Liability (e.g., slip and fall)
  Intentiona:l Bodily Injuty/PD/WD (e.g., assault, vandalism)
  ,ntenticna! Inflicion of Emotional Distress
  Negligent Infliction of ÉmoUOnal Distress
  Other PIIPDNVD
**Non•PI/PD/IVD** (Other) **Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., stander, libel) ('13) •
Fraud (16)
\nlellectual Properly (19)
Professional Negligence (25)
  Legal Malprac!Ice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PDIWD Tort (35)
**Employment**
Wrongful Termination (36)
other Employment {15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Con\rad *(not unlawful detainer or wrongful eviction)*
  Contrac.wyarranty Breach-Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Conlraci/ Warranty
  Ott1er Breach of Contraci:WVarranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case-Seller Pla1nU
  Other Promissory Note/Collect1ons Case
Insurance Coverage *(not provlsionafly complex)* (18).
  Auto Subrogation
  other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real P operty** .
Eminent Domain/Inverse Condemnayon (14)
Wrongful Ev1ct1on (33) . .
Other eat Prope (e.g., quiet tl11e) {26)
  Wnt of Possessmn of Real Property
  Mortgage Foreclosure
  Quiet Titre
  Other Real Property *(not eminent domain, landfordAenant, or foreclo ure)*
**Unlawful Detainer**
Commer fatl (31)
Residential (32) , ,
Drugs (38) *(lf th ase mvolves illegal drugs, check this 1t m; othen--.:1se., report as Commerc1a/ or Resldenhal)*
**J udlcial Review**
Ass_ t Forfeiture. (05_)
Pe}1t1on Re: Arb1trat1on Award (11)
Wnt of Mamlate (02)
  Writ-Administrative Mandamus
  Writ-Mandamus on Limited Court Case Matter
  Writ-Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Ol!lcer Order
  Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil LIUgaUon** (Cat. Rules **of Court Rules 3.400-3.403)**
Antllrustflrade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
EnvironmentalrToxlc Tort (30)
Insurance Coverage Claims *(arising from provisionfJ/fy complex case type /lsled above)* (41)
**Enforcem1mt of Judgment**
EnForcement of Judgment (20)
  Abstract of Judgment (Out of County}
Confession of .ludgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid fa)les)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO(27)
Other Complaint *(not specified above)* (42)
  Oeclaratory Relief Only
  !Injunc1ive Relief Only *(non-harassment)*
  Mechanics Lion
  Other Commercial Complaint Case *(non-tolt/non-comple>r)*
  Other Civil Complaint\ *(non-tortlnon•complex)*
MiscoUancous Civil Petition
Partnership and Corporate Governanee (2.1)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Oepende11t Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Cia!m
  0\11er Civil Petiiion

CMc-010 [Rev. sepu,rnber 1. 2D21]

**CIVIL CASE COVER SHEET**

# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACJON JUDICIAL)*

FOR CO(IRT USF.ONI.V
(SOLO PAR-4 USO OE I-4 CORTE)

**NOTICE TO DEFENDANT:**
*(AV/SO AL DEMANDADO)*

DAMIAN DIAZ, individually and on behalf of ail others similarly situated

**ELECTRONICALLY FILED**
Superior Court ɟ of California,
Gcurrly of San Diego

**0810312022** at 01:3□:59 PM

Clerk cfthe Superior Court
Bv hny Woolf, Deputy Clerk;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO EST.A **DEMANDANDO EL DEMANDANTE**):*

NEXA MORTGAGE, LLC, an Arizona Limited LiabifftyCompany; and DOF..S 1-100, inclusive

NOTICE! You l1ave been sued. The court may decide against you without your being heard unless you responc within 30 days. Read the information below

You have 30 CALENDAR DAYS after this summons and legal papers are servecl on you.lo file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you wan\ the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more Information at the California Courts Online Seif-Help Center *(www.courtinfo.ca.gov/se/fhelp)*, your county law library, or !he courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on lime, you may lose the case by default, and your wages, money, and property may be taken witt1out furtt1er warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know ail attorney, you may want lo call an attorney referral 5en,rice. If you cannot afford an attorney. you may be eligible for free legal services from a nonprofit legal services program. You can locale these nonprofit groups at the California legal Services Web site *(www.lawhelpcalifomia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of \$'l0,000 or more in a civil case. The court's tten must be paid before the court wilt dismiss the case.

*IAVfSOI Lo 11an demandado.* Si *no responde dtmtro de 30 d/as, la colte puede decidlr en* su *contra sin escuchar su versi6n. Lea la infonnaci6n a continuac/an.*

*Tiene 30 DIAS DE CALENDARIO despues de que* le *entreguerr esta citaci6n y pape/es /egales para presenter una respuesta por escrito en esta co,te y hacer que se entregue una copia al demandante. Una carta o una llamada tel&f6nica no lo protegen. Su respuesta por escrito tiene quf> estar en formato legal correcto sidesea que procesen* su *caso en la corle. Es posible que haya un formular*-*o que w,ted pueda usar para* su *respuesta. Puede encontrarestos formularios de la corle y mas informaci6n en el Centro de Ayuda de las Cortes de California (www.sucorte,ca.gov)*, en *la biblioteca de /eyes de* su *condado o 1;1n la corte qua le quede mas cerca. Si no puede pagar* la *cuota de presentacion, pida al secret;;irio de la carte que* le *de un formularlo de exenci6n* de *pago* de *cuotas. Si no presenta* su *respuesta* a *tiempo, puede perder el caso par incump/imiento y la corte le podra quitar* su *sue/do, dinero y bienes sin mas ad.,,ertencia.*

*f1ay otros requisitos l1gales, Es recomendable que /fame a un abogado inmediatamente. Si no conoce a un abogado, puede /Jamar a un se,vic/o de remisi6n a abogados. Si no puede pagar a un abogado, es posible que cumpla con /os requis/los para obtener servicios legates gratuitos de un programa de selVicios /egales sin fines de fucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de Califomla Legal Services, (www.iawihe/pca/lfomia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.9ov) o poniendose en contacto con la corte o el colegio de abogados /ocal1;1s. AV/SO: Por iey, fa colte liene derecho a reelamar las cuotas y los costos exentos por imponer un gravamen sobre ;cualquier recuperac/6n de \$10,000 6 mas de valor reclbida mediante un acuerdo o una concesi6n de arbitraje Mun* caso de derecho civil. Tiene que *logagr el gravamen de la carte anres de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y direcci6n c/6 la corle es):* San Diego Superior Court

325 S Melrose Dr. Vista, CA 92081

CASE NUMBER:
INOmem: 001Caso/:

37-2022-00031816- CU- 0 E- NC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la direcci6n y el numero de telefono def abogado def demandante, ode! demandante que no liene abogado, es):*
Matthew R. Miller 835 Fifth Ave. Suite 301 San Diego, CA 92101

| DATE: *(Fecha)* | 0811112022 | Clerk, by *rsecretar/o)* | *A. Woolf* A. Woolf | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of se,vice of this summons, use Proof of Service of Summons (form POS 010).)*
*(Para prueba de entrega da asta citati6n use el formufario Proof of Service of Summons, (POS-010)).*



(SEAL)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ **D** an individual defendant.
2. ☐ the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):* WJOV-\r.Attlfx,(L..-v{_/ · Vc1}c'C',416,60

   ☐ **CJ** CCP 416.10 (corporation)     ☐ (minor)
   ☐ **D** CCP 416.20 (defunct corporation)     ☐ r--·7 CCP 416.70 (conservatee)
   ☐ **D** CCP 416.40 {association or partnership)     ☐ **CJ** CCP 416.90 (au1horized person}
   ☐ other *(specify):*

4. ☐ **CJ** by personal delive1y on *(date):*

Page 1 of 1

Form Adnplad for Mandatory Use
Judicial Cour1eil of Callfornla
SUM-1CO (Rev July 1, 2009)

**SUMMONS**

Code of Civil PCOC<ilduro §§ 12.20, 465
LW, -w.courts.ca.qov

005



*S108707*

| | |
|---|---|
| **Entity Name:** | **NEXA MORTGAGE, LLC** |
| **Jurisdiction:** | CA |
| **Date:** | 11/17/2022 |
| **Receipt Method:** | Process Server |
| **Case Number:** | 37-2022-00031816-CU-OE-NC |
| **Plaintiff:** | DAMIAN DIAZ; ET AL. |
| **Defendant:** | NEXA MORTGAGE, LLC; ET AL. |
| **Document Type:** | Summons and Notice & Complaint |

006

# EXHIBIT C

1  **MILLER LAW FIRM**
Matthew R. Miller (SBN 194647)
2  Historic Louis Bank of Commerce Building
835 Fifth Avenue, Suite 301
3  San Diego, CA 92101
4  Telephone: (619) 687-0143
Fax: (619) 687-0136
5  matt@mrmlawfirm.com
6  Brian C. Dawson (SB#183251)
7  DAWSON & OZANNE
5755 Oberlin Dr., Suite 301
8  San Diego, CA 92131
Telephone: (619) 988-2135
9  Email: brian@dawson-ozanne.com
Attorneys for Plaintiffs and all others similarly situated.
10

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**08/03/2022** at 01:30:59 PM
Clerk of the Superior Court
By Amy Woolf,Deputy Clerk

11  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12  **FOR THE COUNTY OF SAN DIEGO**

13  DAMIAN DIAZ, individually and on behalf
of all others similarly situated,
14

Case No.    37-2022-00031816-CU-OE-NC

15                  Plaintiff,

16  v.

17  NEXA MORTGAGE, LLC, an Arizona
Limited Liability Company; and DOES 1-
18  100, inclusive
19

20             Defendants.

**CLASS ACTION COMPLAINT FOR:**

(1) Failure to Reimburse and Unlawful
  Deductions
(2) Failure to Pay Minimum Wages
(3) Failure to Pay Overtime Wages
(4) Failure to Provide Rest & Meal Breaks
(5) Failure to Maintain and Furnish
  Accurate Records
(6) Failure to Timely Pay Wages
(7) Violation of B&P Code §§ 17200 *et
  seq.;* and
(8) Declaratory Relief

*JURY TRIAL DEMANDED*

21

22

23

24

25  **INTRODUCTION**

26       1.      This is a wage and hour class action lawsuit brought on behalf of

27  California Loan Officers employed by the Defendant NEXA MORTGAGE, LLC ("NEXA")

28  to recover unpaid minimum, regular and overtime wages, meal and rest premium

1

wages, unreimbursed business expenses, unlawful deductions, derivative penalties and declaratory relief.

2.     For the past few years, NEXA, an out-of-state Arizona based company, has become the fastest growing mortgage company through cost saving practices such as wage theft.   The scheme is simple and involves exploiting California workers by misclassifying them as exempt from overtime, minimum wage, meal and rest break laws.  Once hired, the worker is required to pay for all home office expenses and pay for some of NEXA's business expenses, which are deducted from the employees' commission.  So how does NEXA circumvent California wage and hour laws? It requires its California employees to enter into an Employment Agreement in which the employee waives all rights under California law, including his/her right to petition their local Court for violations of California Labor laws.  Indeed, the employee must go to Arizona, pay for an arbitrator and apply Arizona law, which does not protect employees the same way that California does.

3.     NEXA wants the benefits of using California workers to sell its loans to California consumers without the burden of having to comply with California law. NEXA's avoidance of California labor laws hurt workers and undermines other competing business who play by the rules.  Mr. Diaz, on behalf of himself and all Loan Officers employed by NEXA, seek a stop to these illegal employment practices and to recover all monies earned and owed to the workers victimized by NEXA's practices.

## PARTIES

4.     Plaintiff Damian Diaz ("DIAZ"), at all times relevant, is a resident of San Diego County, California.  DIAZ entered into a written employment contract with NEXA on or about or about July 13, 2020, for the position of "Outside Loan Officer".  DIAZ was

2

responsible for selling mortgage loan products to customers out of his home office which Defendants required him to maintain but did not pay for.  DIAZ conducted sales from his home office more than half his working time and only occasionally met with clients outside of his home office.  DIAZ was paid a percentage of the yield spread premium paid to Defendant which is based on a percentage of the profit obtained by Defendants from the sale of a loan. As a result, there were pay periods during which DIAZ received less than minimum wage or no compensation because he did not make any sales and/or was not paid all earned wages on loans that he originated.  DIAZ worked at least five (5) days a week and ten (10) hours a day.  DIAZ began work early in the morning and worked into the evenings and on the weekends, causing his hours worked to regularly exceed forty (40) in a workweek.  Throughout his employment, DIAZ incurred deductions from his wages for business expenses of the Defendants that were past on to him.

5.      Plaintiff brings this proposed class action on behalf of himself, individually, and on behalf of all similarly situated individuals, pursuant to Code of Civil Procedure § 382, against the Defendants herein.  All members of the putative class were improperly classified as exempt Outside Loan Officers and were subject to policies and practices as alleged herein.  Plaintiff and the putative class members are herein after collectively referred to as "Plaintiffs".

6.      Defendant NEXA MORTGAGE LLC ("NEXA") is, on information and belief, a residential mortgage broker that lends mortgages to home buyers and consumers seeking to refinance their existing mortgages. NEXA is a limited liability company organized and existing under the laws of the State of Arizona and, on information and belief, employs hundreds of mortgage officers in the state of California, with several,

including plaintiff DIAZ working for NEXA within the county of San Diego.

7.     The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants named herein as DOES 1 through 50, are unknown to Plaintiff at this time.  Plaintiff therefore sues said Defendants by such fictitious names pursuant to § 474 of the California Code of Civil Procedure.  Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of DOES 1 through 50 when their names are ascertained.   Plaintiff is informed and believes, and based thereon alleges, that each DOE Defendant is in some manner liable to Plaintiff for the events and actions alleged herein.   Specifically, at all times herein mentioned, Defendants, including Defendants' managing agents, officers and directors, had, on information and belief, advanced knowledge of and/or ratified each and every act or omission complained throughout this complaint.   At all times herein mentioned, the Defendants aided and abetted the acts and omission of each and all of the other Defendants in proximately causing the damages as herein alleged. All named Defendants, and DOES 1 through 50, will be collectively referred to as "Defendants" and/or "NEXA."

8.     The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants named herein as DOES 51 through 100, are unknown to Plaintiff at this time.  Plaintiff therefore sues said Defendants by such fictitious names pursuant to § 474 of the California Code of Civil Procedure.  Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of DOES 51 through 100 when their names are ascertained.   Plaintiff is informed and believes, and based thereon alleges, that each DOE Defendant is personally liable for some, or all, of the claims alleged in the Complaint pursuant to Labor Code §558 and 558.1.

## **JURISDICTION AND VENUE**

9.      The amount in controversy arising from the actions and statutory violations as further described herein is sufficient to implicate the general jurisdiction of the Superior Court in and for the County of San Diego.

10.      Venue as to Defendants is proper in this judicial district, pursuant to Code of Civil Procedure § 395(a).    Defendants transact business, have agents, and are otherwise within this Court's jurisdiction for purposes of service of process.    The unlawful acts alleged herein have a direct effect on the Representative Plaintiff and those similarly situated within the State of California and within San Diego County.

## **GENERAL ALLEGATIONS**

### **Plaintiffs were misclassified as Exempt Outside Sales**

11.      Plaintiffs are nonexempt employees, but were misclassified by Defendants as exempt based on the outside salesperson exemption.    Plaintiffs, however, worked less than 50% of their time outside offices or work locations designated by Defendants. Indeed, Defendants do not maintain brick and mortar offices in the State of California, therefore Plaintiffs were required to work from home, thus they could not qualify as outside salespersons.

12.      Plaintiffs are loan officers who promote and sell Defendants' loan products to customers, which is work directly related to the goods and services that constitute a financial service company's marketplace offerings.  §13 of the Fair Labor Standards Act ("FLSA") and Title 29 of the Code of Federal Regulations ("C.F.R") §541, et seq., set forth the requirements which must be satisfied in order for an employee to be lawfully classified as exempt pursuant to the "outside salesperson" exemption.  Pursuant to 29 C.F.R. 541.502 and California law, an outside sales employee must be customarily and

regularly engaged and/or spend more than half of his/her working time "away from the employer's place of business" actually selling items or obtaining order or contracts for products and/or services.

13.    "Outside sales does not include sales made by mail, telephone, or the internet unless such contact is merely as an adjunct to personal calls. Thus, any fixed site, whether home or office, used by a salesperson as a headquarters or for telephonic solicitation of sales is considered one of the employer's place of business, even the employer is not in any formal sense the owner or tenant of the property."  (29 C.F.R. 541.502).

14.    Defendants require Plaintiffs to perform day-to-day sales activities at their home offices primarily by and through telephone, internet and/or direct mail-initiated sales. As a result, Plaintiffs are engaged in a type of work that falls outside the scope of the "outside salesperson" exemption and should therefore have been properly paid all earned wages including minimum and overtime compensation. Specifically, DIAZ worked in his home office in Oceanside conducting sales more than half his working time and did not perform sales work outside of his home office for purposes of the "outside salesperson" exemption. As a result, Plaintiffs do not qualify as outside sales employees under the "outside salesperson" exemption set forth in 29 C.F.R. 541.502 and under California law.

15.    In addition, §13 of the FLSA and Title 29 of the C.F.R. set forth the requirements which must be satisfied in order for an employee to be lawfully classified as exempt pursuant to the "inside salesperson" exemption. 29 C.F.R. 779.317 establishes that the term "retail or service establishment" as used in the Act "does not encompass establishments in industries lacking a retail concept." Such

Complaint For Damages

establishments not having been traditionally regarded as retail or service establishments, such a loan or finance companies, cannot under any circumstance qualify as a "retail or service establishment" within the statutory definition of the Act." Plaintiffs are not exempt under §13 of the FLSA or the provisions of 29 C.F.R. 541, *et seq.* because Defendants are a financial services company which does not qualify as a "retail or service establishment" pursuant to 29 C.F.R. 779.317, and therefore Plaintiffs do not qualify for the "inside salesperson" exemption set forth in 29 U.S.C. § 207(i) as a matter of law.  Defendants' conduct as herein alleged was willful and not in good faith, and Defendants had no reasonable grounds for believing that Plaintiffs were exempt from California's labor laws.

**A.     Defendants' Wage and Hour Violations**

16.     As a result of Defendants' misclassification, Plaintiffs were not reimbursed for business expenses, paid minimum wage for certain non-sales tasks, not paid overtime, and were not provided or compensated for meal or rest breaks, and were subject to unlawful deductions.   Defendants' conduct as set forth below, violated, among other statutes, Labor Code §§201, 202, 203, 204, 218.5, 221, 226, 226.3, 226.7, 510, 512, 1194, 1197 as well as IWC Wage Order No. 4-2001.

**i.     Unreimbursed Expenses**

17.     Defendants failed to indemnify and reimburse the Plaintiffs for required expenses incurred in the discharge of their duties for Defendant.  Cal. Lab. Code § 2802 provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed

them to be unlawful." In this case, Defendants failed to reimburse the Plaintiffs for home office expenses, including a printer, fax machine, internet, phone, and other office-related products; and other loan servicing related expenses in violation of California Labor Code § 2802.

### ii. Unlawful Deductions

18. In violation of Labor Code § 221, Defendants passed on their labor costs to Plaintiffs. Cal. Lab. Code § 221 provides that it shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee. Prior to receiving their earned commission Defendants would deduct "fees", costs and expenses that were part of the general overhead of the Defendants. These deductions included, but are not limited to, background checks, Nationwide Multistate Licensing System & Registry Fees, "Technology" fees, "NXAtouch (BNTouch)" fee, credit report costs, NEXA Accounting Fees, and other "miscellaneous" fees. Plaintiffs are informed and believe that in some cases, loan officers earned less than minimum wage required for all hours worked after Defendants' deductions.

### iii. Unpaid Wages

19. Plaintiffs were not provided with minimum wages, overtime compensation and other benefits required by law as a result of being misclassified as "exempt" by Defendants. Defendants failed to pay Plaintiffs for all hours worked, including but not limited to, meetings, loan processing, training, loan tracking, and/or customer service in violation of Labor Code § 1197. In addition, Plaintiffs regularly worked overtime, including working days that were 10 hours or more, and weeks that were 50 hours or more. Plaintiffs, however, were not compensated for their overtime in violation of Labor Code § 510.

### iv. Unpaid Commissions

20.     Defendants failed to pay Plaintiffs for all earned wages, including but not limited to, unpaid wages promised to be paid on loans originated by these employees. As part of Defendant's unlawful compensation scheme, in order to receive earned wages for work performed, Defendants require Plaintiffs to remain an employee after the point in time that the wages are earned. This compensation plan that requires the Loan Officers to forfeit earned wages for failing to remain an employee after the wages are earned is an unlawful restraint on the Loan Officers' mobility to move from job to job. Defendants' compensation plan goes far beyond what is necessary to protect its legitimate interests resulting in a situation where the opportunity of the Loan Officers to seek other employment is thereby unlawfully restricted. California law ensures that every citizen shall retain the right to pursue any lawful employment and enterprise of their choice, while also protecting the legal right of persons to engage in businesses and occupations of their choosing. Defendants' compensation scheme denying payment of earned wages for work performed by the Plaintiffs is therefore a de facto unenforceable penalty provision which results in an unlawful forfeiture of earned compensation, divests compensation from these employees, and is unconscionable within the meaning of Cal. Lab. Code § 1670.5.

### v. Wage Statement Violations

21.     Defendants failed to maintain and provide Plaintiffs with complete and accurate wage statements which failed to show, among other things, gross overtime pay and the true number of hours worked. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all

---

9

Complaint For Damages

applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate. As a result, Defendants provided Plaintiffs with wage statements that violate Cal. Lab. Code § 226, and also violate Wage Order No. 4 by failing to maintain time records showing when work begins and ends for each employee.

      **vi.**    **Meal and Rest Breaks**

      22.    Because they misclassified Plaintiffs as exempt, Defendants did not provide Plaintiffs with meal or rest breaks.  In violation of Labor Code § 266.7, Defendants also did not compensate Plaintiffs for rest breaks because Defendants paid on a commission basis for sales work and failed to separately pay Plaintiffs for rest breaks.

**B.**    **Defendant's Employment Agreement Contains Numerous Unconscionable Clauses Under California Law.**

      23.    Plaintiffs were all provided with a take-it or leave-it Employment Agreement, which they were required to sign as a condition of their employment. Defendants' Employment Agreement is littered with unconscionable clauses in a thinly-veiled attempt to garner an unfair advantage over Plaintiffs who dare seek redress against Defendants illegal employment practices.  The offending clauses and the arbitration provisions of the Employment Agreement renders the entire agreement void and unenforceable.

      **i.**    **The Employment Agreement Contains An Improper Fee Shifting Provision**

      24.    Defendants' Employment Agreement contains an arbitration agreement, which purports to be optional, but in practice, is a mandatory condition of Plaintiffs' employment.  The California Supreme Court has held that when an employer imposes

mandatory arbitration as a condition of employment, the arbitration agreement cannot require the employee to bear any type of expense that the employee would not be required to bear if he or she were free to bring the action in court.    (Armendariz v. Foundation Health Psychcare Services, Inc. (2000) 24 Cal.4th 83, 110-111). Section VII of the Defendants' Employment Agreement, which states in pertinent part that, "the parties will share equally in the cost of such Arbitration...", is the type of cost-splitting provision that has specifically been held to be unconscionable and is therefore unenforceable.

      **ii.**      **The Employment Agreement Contains an Improper Choice of Law and Forum-selection Clause.**

      25.      Defendants' Employment Agreement requires disputes to be resolved in Arizona and that the employment relationship between NEXA and its employees will be governed and construed under and enforce with Arizona laws.    California prohibits employers from requiring an employee who primarily resides and works in California to agree, as a condition of employment, to a provision that would require the employee to adjudicate outside of California a claim arising in California or deprive the employee of the substantive protection of California law with respect to any controversy arising in California. Any provision that violates these prohibitions is voidable (Lab.C. § 925(a), (b)). Plaintiffs all executed the Agreements in California, lived and worked in California, during all times relevant herein.  This provision is therefore unenforceable.

      **iii.**      **The Employment Agreement Contains an Improper Ban on Class Actions.**

      26.      Defendants' Employment Agreement prohibits employees from pursuing or participating in relief on a class or collective action basis against NEXA "arising out of

---

11

Complaint For Damages

the employment relationship or this agreement." The California Supreme Court has held that class arbitration waivers are unlawful when they impermissibly interfere with the vindication of unwaivable statutory rights. "We conclude that at least in some cases, the prohibition of classwide relief would undermine the vindication of the employee's unwaivable statutory rights and would pose a serious obstacle to the enforcement of the state's overtime laws. Accordingly, such class arbitration waivers should not be enforced if a trial court determines…that class arbitration would be significantly more effective way of vindicating the rights of affected employees than individual arbitration." (Gentry v. Superior Court (2007) 42 Cal.4th 443). Further, the Federal Arbitration Act does not preempt California law with respect to class action waivers that apply outside of arbitration to non-arbitrable claims. (Garrido v. Air Liquide Industrial U.S. LP (2015) 241 Cal.App4th 833, 837-838 (observing claims that are not required to be arbitrated are not governed by the FAA and "Gentry's holding has not been overturned under California law in situations where the FAA does not apply")).

27. Defendants' arbitration agreement, which requires employees to bring non-arbitrable claims individually in court – especially wage and hour claims where the potential recovery is modest – is contrary to public policy, unfair, and effectively exculpates Defendants from liability for common violations of the Labor Code. The class waiver is therefore unconscionable and unenforceable under California law because it applies to non-arbitrable claims that are not covered by the FAA, and because it imposes unfair obstacles to employees vindicating their statutory and unwaivable rights under the Labor Code.

**CLASS ACTION ALLEGATIONS**

28. Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to § 382 of the Code of Civil Procedure. The Class is sufficiently numerous and estimated to include between thirty to fifty employees, the joinder of whom in one action is impracticable, and the disposition of whose claims in a class action will provide substantial benefits to the parties, Class members, and the Court. Plaintiff seeks to represent a Class composed of and defined as follows:

> Plaintiff Class: All current or former employees of Nexa Mortgage, LLC who worked in California as mortgage salespersons or loan officers or similar position, and were classified as exempt, at any time beginning four years prior to the filing of this action through the date of trial.

29. Plaintiff reserves the right under Rule 3.765(b), California Rules of Court, to amend or modify the Class descriptions with greater specificity or further division into subclasses or limitation to particular issues.

30. This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

    a. *COMMONALITY*: The Representative Plaintiff and the putative class members share a community of interest in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

i. Whether Defendants misclassified Plaintiffs as exempt under the outside salesperson exemption.

ii. Whether the choice of law, forum selection and arbitration provisions in the Defendants' Employment Agreement are enforceable.

iii. Whether Defendants' violated Labor Code § 2802 by failing to reimburse its employees for business expenses incurred while working from home.

iv. Whether Defendants violated IWC Wage Order No. 4-2001 and Labor Code §1194 by failing to provide or pay minimum wage to Plaintiffs.

v. Whether Defendants violated IWC Wage Order No. 4-2001 and Labor Code §510 by failing to provide or pay overtime to loan officers.

vi. Whether Defendants violated IWC Wage Order No. 4-2001 and Labor Code §226.7 by failing to provide or pay for meal and rest breaks.

vii. Whether Defendants violated Labor Code §226 by failing to provide Plaintiffs with accurate itemized statements in writing showing the gross wages earned, the net wages earned, all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employer.

viii. Violating Labor Code Sections 201, 202, 203 & 204 by failing to tender timely and full payment and/or restitution of all wages owed to the employees whose employment with Defendants has terminated on sales which payment was received by Defendants;

ix. Whether Plaintiffs are entitled to restitution under Cal.Bus. & Prof. Code §§ 17200 et seq.

x. Whether Plaintiffs are entitled to receive interest on unpaid compensation due and owing them.

xi. Where Defendants' systemic acts and practices violated California Labor Code §§ 201, 202, 221, 226.7, 351, 510, 512, 558, 1174, 1194 and 1197, applicable IWC wage orders, and California Business and Professions Code § 17200 et seq.

b.  *NUMEROSITY*:  A class action is the only available method for the fair and efficient adjudication of this controversy.  The members of the Plaintiff Class are so numerous that joinder of all members is impractical.   While the exact number of Class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe the Class consists of thirty to fifty persons.  Individual joinder of Class members is also impracticable.  The identity of Class Members can be determined easily upon analysis of, inter alia, employee and payroll records maintained by NEXA.

c.  *TYPICALITY*:  The Representative Plaintiff's claims are typical of the claims of the Plaintiff Class.   The Representative Plaintiff and all members of the Plaintiff Class sustained damages arising out of and caused by Defendants common course of conduct in violation of law, as alleged herein.

d.  *SUPERIORITY OF CLASS ACTION*:  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class Members is impracticable.  Even if every Class Member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.   Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgment and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex and factual issues.   Moreover, individual actions by class members may establish inconsistent standards of conduct for NEXA.  By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and the court system and protects the rights of each class member.  Plaintiffs are informed and believe that

NEXA used the same Employment Agreement on every loan officer, thereby making appropriate relief with regard to the members of the class as a whole, as requested herein.

e. <u>ADEQUACY OF REPRESENTATION</u>: The Representative Plaintiff in this class action is an adequate representative of the Plaintiff Class, in that the Representative Plaintiff's claims are typical of those of the Plaintiff Class and the Representative Plaintiff has the same interests in the litigation of this case as the Class Members. The Representative Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel, experienced in conducting litigation of this nature. The Representative Plaintiff is not subject to any individual defense unique from those conceivably applicable to the Plaintiff Class as a whole. The Representative Plaintiff anticipates no management difficulties in this litigation.

<div align="center">

**FIRST CAUSE OF ACTION**
**Failure To Reimburse Business Expenses / Unlawful Deduction**
**(Against all Defendants)**

</div>

31. Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

32. At all mentioned times in this Complaint California Labor Code §§ 221 and 2802 were in full force and effect and binding on Defendants. Said sections require employers to indemnify its employees for all that the employee necessarily expends or loses in direct consequence of the discharge of duties.

33. California Labor Code §221 states: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

34. California Labor Code §2802 provides, "An employer shall indemnify his or

her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions believed them to be unlawful."

35. During the applicable statutory period, Plaintiffs incurred necessary expenditures and losses in direct consequence of the discharge of their employment duties and their obedience to the directions of Defendants. These business expenses which Plaintiffs incurred, which were not reimbursed include, but are not limited to, internet, phone, personal computer usage, office supplies, utility bills, and/or fair rental value of space used for home office. Defendants did not reimburse these expenditures or losses to Plaintiffs. Moreover, Defendants had a policy and practice of deducting its business expenses from Plaintiffs' earned commissions.

36. Plaintiffs are entitled to reimbursement for all necessary expenditures and losses incurred in direct consequence of the discharge of their duties while employed by Defendants, and they are entitled to restitution of all monies unlawfully withheld by the Defendants in an amount according to proof at trial.

### SECOND CAUSE OF ACTION
**Failure to Pay Minimum Wage in violation of
California Labor Code §§ 510, 1194, 1197 and IWC Wage Order 4-2001 §4.
(Against all Defendants)**

37. Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

38. Plaintiff and the putative class members are/were non-exempt hourly paid employees entitled to the protections of IWC order 4-2001 and Labor Codes §§ 201-204, 226, 510, 558, 1194, 1197 and 1198, among other applicable sections. At all times relevant, Defendants willfully failed and refused, and continue to willfully fail and refuse,

024

to pay Plaintiffs the amounts owed.

39.    Labor Code § 510 provides in relevant part: "[e]ight hours of labor constitutes a day's work."   Labor Code § 1197 provides "the minimum wage for employers fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than minimum wage so fixed is unlawful."  Labor Code § 1194 provides "[N]otwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of his minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

40.    Labor Code § 1194.2 provides in relevant part: "In any action under §1193.6 or §1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

41.    Pursuant to IWC Wage Order No. 4-2001, at all time material hereto, "hours worked" includes "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, where or not required to do so."

42.    Plaintiffs are required to work non-selling time, for which they are not compensated.  This includes, but is not limited to, meetings, loan processing, training, loan tracking and/or customer service. Plaintiffs should have received not less than the minimum wage in a sum according to proof for the time worked, but not compensated. For all hours Plaintiffs worked, they are entitled to not less than the California minimum

wage and liquidated damages in an amount equal to the unpaid minimum wages and interest thereon. In addition, Plaintiffs are entitled to their attorneys' fees, costs and interest according to proof, and to those employees no longer employed by Defendants, waiting time penalties pursuant to Labor Code § 200 et seq.

## THIRD CAUSE OF ACTION
### Failure to Pay Overtime Compensation in Violation of
### California Labor Code §§ 204, 510, 1194, 1197 & 1198 and IWC Wage Order 4-2001.
### (Against all Defendants)

43. Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

44. Plaintiff and the putative class members are/were non-exempt hourly paid employees entitled to the protections of IWC order 4-2001 and Labor Codes §§ 201-204, 226, 510, 558, 1194, 1197 and 1198, among other applicable sections.

45. Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a timely fashion for their work. This precludes any waiver for unpaid due and owing wages that remain unpaid at the time of separation.

46. At all times relevant herein, IWC Wage Order No. 4-2001, governing "Professional, Technical, Clerical, Mechanical and Similar Occupations," applied and continues to apply to Plaintiffs.

47. At all times relevant herein, IWC Wage Order No. 4-2001 provides for payment of overtime wages equal to one and one-half (1.5) times an employee's regular rate of pay for all hours worked over eight (8) hours per day and/or forty (40) hours in a work week, and/or for payment of overtimes wages equal to double the employee's regular rate of pay for all hours in excess of twelve (12) hours in any workday and/or for all hours worked in excess in eighty (8) hours on the seventh (7th) day of work in any

one workweek.

48.     Throughout the class period, Plaintiffs have routinely and regularly worked in excess of eight hours per day and/or forty hours per week.

49.     Under the provisions of IW|C Order 4-2001, Plaintiffs should have received overtime wages in a sum according to the proof for hours worked during the three (3) years prior to filing of this action.  Defendants owe Plaintiffs overtime wages, and has failed and refused, and continues to fail and refuse, to pay Plaintiffs the amounts owed.

50.     Plaintiffs request recovery of overtime compensation according to proof, interest, attorney fees, and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties on behalf of those employees no longer employed by the Defendants against Defendants in a sum as provided by the California Labor Code and/or other applicable statutes.

## FOURTH CAUSE OF ACTION
### Failure to Provide Meal and/or Rest Periods
### California Labor Code §§ 226.7 and 512 and IWC Wage Order 4-2001.
### (Against all Defendants)

51.     Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

52.     Labor Code § 512 provides, in relevant part: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the

Complaint For Damages

total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.:

§11 of the Order 4-2001 of the Industrial Wage Commission provides in relevant part:

Rest Periods:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

Cal. Lab. Code § 226.7 provides:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

53.     Defendants have intentionally and improperly failed to provide and/or permit all rest and/or meal periods without any work or duties to Plaintiffs who worked more than three and one half hours (3 ½) per day, and by failing to do so Defendants violated the provisions of Labor Code 226.7.    Plaintiffs were often expected and required to continue working through rest periods to meet the expectations of Defendants and finish the workday.   In some cases when Plaintiffs worked more than ten hours in a shift, Defendants failed to authorize and/or permit a third mandated rest period.  As a result, Plaintiffs were periodically unable to take compliant rest periods.

54.     In addition to failing to authorize and permit compliant reset periods, Plaintiffs were not compensated with one hour's worth of pay at their regular rate of compensation when they were not provided with a compliant rest period in accordance with Labor Code § 226.7.  Thus, Defendants have violated Labor Code § 226.7 and the applicable Wage Order.

55.     Therefore, as a result of Defendants unlawful acts, Plaintiffs have been deprived of timely off-duty breaks and are entitled to recovery under Labor Code §226.7(b) and § 11 of IWC Wage Order No. 4-2004, in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendants fialed to provide its employees with timely statutory off-duty breaks.

## FIFTH CAUSE OF ACTION
### Failure to Maintain Accurate Records and Furnish Accurate Itemized Wage Statements Violation of California Labor Code §§ 226 (b), 1174, 1175 (Against all Defendants)

56.     Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

57.     Labor Code § 226(a) of the California Labor Code requires Defendants to

029

itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiffs and the putative class members. Defendants knowingly and intentionally failed to comply with Labor Code §226(a) on each and every wage statement that should have been provided to Plaintiff and the putative class. Specifically, Defendants knew that its employees worked far more hours than the hours listed on their timesheets and that its employees were in fact performing "prep work" off the clock. Defendants maintained these policies despite this knowledge.

58. Labor Code § 226(e) provides that an employee is entitled to recover $50 for the initial pay period in which a violation of § 226 occurs and $100 for each subsequent pay period, as well as an award of costs and reasonable attorneys' fees, for all pay periods in which the employer knowingly and intentionally failed to provide accurate itemized statements to the employee causing the employee to suffer injury.

59. §1174 of the California Labor Code requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees. Likewise, IWC Wage Order 4-2001(7) requires Defendants to maintain time records showing, including but not limited to, when the employee begins and ends each work period, meal periods, and total daily hours worked in an itemized wage statements, and must show all deductions from payment of wages, and accurately report total hours worked by Plaintiffs and the putative class members. Labor Code §1174.5 imposes a civil penalty of $500 for an employer's failure to maintain accurate and complete records.

60. Defendants have intentionally and willfully failed to keep accurate and complete records showing the hours worked daily, breaks taken and missed, and wages

paid to Plaintiffs. Thus, Plaintiffs have been denied their legal right and protected interest in having available at a central location accurate and complete payroll records showing the hours worked daily by, and the wages paid to them.

61. In addition, Defendant knowingly and intentionally failed to maintain, furnish and provide timely, accurate, itemized wage statements by failing, inter alia, to identify all hours worked by Plaintiffs. Further, the wage statements were inaccurate as the unreimbursed business expenses, unpaid wages, missed meal and rest breaks were not included in the gross wages earned by Plaintiffs.

62. Defendants' failure to provide Plaintiffs with accurate itemized wage statements during the Class period has caused Plaintiffs to incur economic damages in that they were not aware that they were owed and not paid compensation for missed rest and meal periods, for hours worked without pay, for overtime work without pay. In addition, the Defendants provided inaccurate information regarding the hours worked, which masked the underpayment of wages to Plaintiffs.

63. As a result of Defendants' issuance of inaccurate itemized wage statements and failure to maintain accurate records of Plaintiffs hours worked, Plaintiffs are entitled to recover penalties pursuant to § 226(e).

**SIXTH CAUSE OF ACTION**
**Violations of Labor Code § 203 (Waiting Time Penalties)**
**(Brought by Plaintiff on behalf Class Members who are no longer employed by Defendants)**

64. Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

65. California Labor Code § 201 requires Defendants to pay their discharged employees all wages due immediately upon discharge.

66. California Labor Code § 202 requires that if an employee quits his or her

employment, "his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive a payment by mail if he or she so requests and designates a mailing address.

67.    Labor Code § 203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code §§ 201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is commenced.

68.    Plaintiff and other putative class members who have been discharged or who have quit are entitled to all unpaid compensation, pursuant to California Labor Code § 203, but, to date, have not received such compensation, as alleged above. Plaintiff and the putative class members have not received payment for all of the time spent working for Defendants.

69.    Defendants' willful failure to pay wages to these class members violates Labor Code § 203 because Defendants knew or should have known wages were due to these employees, but Defendants failed to pay them. Thus, these class members are entitled to recover their daily wage multiplied by thirty days and interest on all amounts recovered herein.

**SEVENTH CAUSE OF ACTION**
**Violation of Business & Professions Code**
**(Cal. Bus. & Prof. Code §§ 17200, et seq.)**

70.     Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

71.     California Business & Professions Code ("B&PC") §§17200 et seq. provides in pertinent part "…[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act…".

72.     B&PC § 17205 provides that unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state."

73.     B&PC § 17204 provides that an action for any relief from unfair competition may be prosecuted by any person who suffered injury in fact and lost money or property as a result of such unfair competition.

74.     Defendants have engaged in unlawful, unfair and fraudulent business acts or practices prohibited by B&PC § 17200, including those set forth in the preceding and foregoing paragraphs of the complaint, thereby depriving Plaintiff and all others similarly situated of the minimum working standards and conditions due to them under California labor laws and the IWC Wage Orders as specifically described herein.

75.     Defendants have engaged in unfair, unlawful and fraudulent business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of herein without the requisite compensation, by failing to furnish Plaintiff and the putative class members with accurate itemized wage statements, failing to keep payroll records showing total hours worked, and by requiring

Plaintiff and the putative class members to agree to a terms or conditions of employment that Defendants knew or should have known is prohibited by law.

76.     Defendants' use of such practices constitutes an unfair business practice, unfair competition, and provides an unfair advantage over Defendants' competitors.

77.     Plaintiffs have suffered injury in fact and have lost money or property as a result of such unfair practices.

78.     Plaintiffs seek full restitution from Defendants, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

79.     Further, if Defendants are not enjoined from the conduct set forth above, Defendants will continue to practice, employ and utilize the employment practices outlined in the preceding paragraphs.

80.     Therefore, Plaintiffs request that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

### EIGHTH CAUSE OF ACTION
### Declaratory Relief

81.     Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

82.     CCP § 1060 provides that any person who desires a declaration of his or her rights or duties with respect to another, in cases of actual controversy relating to the legal rights and duties of the respective parties, may ask the Court for a declaration of rights or duties, and the Court may make a binding declaration of these rights or duties, whether or not further relief is or could be claimed at the time; any such declaration by the Court shall have the force of a final judgment.

83.     An actual controversy exists between the parties as to the enforceability of

034

1    the Employment Agreement and its provisions as stated above. It is therefore

2    necessary that the Court declare the rights and duties of the parties hereto.

3        84.    Labor Code § 925 prohibits an employer from requiring an employee who

4    primarily resides and works in California to agree to a provision that either: (1) requires

5    the employee to adjudicate outside of California a claim arising in California; or (2)

6    deprives the employee of the substantive protection of California law with respect to a

7    controversy arising in California. Labor Code § 432.5 makes it unlawful for an

8    employee to require an employee to agree, in writing, to a term or condition known by

9    the employer to be prohibited by law.

10

11       85.    Plaintiffs assert the choice-of-law and forum selection provisions in the

12   Defendants standard Employment Agreement are void and illegal, not just under Labor

13   Code 925, but also under other California laws, including California's constitutional right

14   to privacy, Business and Professions Code 16600, 17200 et seq., the Cartwright Act

15   and Labor Code 98.6, 203, 226, 232, 232.5, 432.5, 450, 510, 1102.5, 1194, 1197.5,

16   2802, and 2804. These laws were established for a public reason and establish

17   unwaivable rights.

18

19       86.    In light of the facts set forth above, a case or controversy exists as to

20   whether Defendants requirement that Plaintiffs agree to Arizona forum selection and

21   choice of law provision is unlawful and unenforceable. Plaintiffs seek judicial

22   declaration of their rights and obligations with respect to Defendants forum selection

23   and choice of law provisions. Specifically, they seek a judicial declaration that

24   Defendants violate the law (including Labor Code Section 432.5 and 925) by requiring

25   employee to agree to the forum selection and choice of law provisions in their

26   employment documents. The also seek a declaration that the forum selection and

27

28

---

28

Complaint For Damages

choice of law provisions violate the laws referenced above.

87.     In addition, Plaintiffs are informed and believe that Defendants require all current employees and applicants for employment to execute, as part of their continued or application for employment, an Employment Agreement that contains an arbitration provision.   The arbitration agreement is an adhesive contract because agreement is drafted exclusively by Defendants, at the time the arbitration provision was executed by Plaintiffs, Defendants exercised superior bargaining power over the employees and applicants for employment.  Further, Defendants require Plaintiffs to adhere to the terms of the standard form agreement presented to them on a "take it or leave it" basis.  There was and is no opportunity to negotiate different terms than those drafted by Defendants. Further, the arbitration agreement is unenforceable for a number of reasons, including the reasons stated above, and because the Agreement limits Plaintiffs' procedural and substantive rights and requires Plaintiffs to pay the fees of retired judges who act as arbitrators.

88.     Further, Plaintiffs seek a judicial determination regarding the enforceability of the "class waiver" contained in Defendants' Employment Agreement.

89.     Ancillary to this judicial declaration, Plaintiffs seek an injunction: (1) Prohibiting Defendants from requiring Plaintiffs to sign employment documents that contain out-of-state forum selection or choice of law provisions; and (2) prohibiting Defendants from threatening to enforce or enforcing these forum selection and choice of law provisions.   Plaintiffs also seek an affirmative injunction requiring Defendants to inform class members that its forum selection and choice of law provisions are unlawful, and it will not threaten to enforce or enforce these provisions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for judgment against the Defendants as follows:

1.     An Order that this action may proceed and be maintained on a class-wide basis;

2.     Appropriate Injunctive relief;

3.     Attorneys' fees and costs, according to proof;

4.     Disgorgement and restitution, according to proof;

5.     Statutory and civil penalties, according to proof;

6      Damages for the mount of unpaid compensation, including interest thereon, liquidated damages, and penalties subject to proof at trial;

7.     Directing such other and further relief as this Court may deem proper.

## **JURY DEMAND**

WHEREFORE, Plaintiff demands a trial by jury.

### **MILLER LAW FIRM**

Dated:  August 3, 2022          By:     */s/ Matthew R. Miller*
Matthew R. Miller
Attorneys for Plaintiff and the Proposed Class

---

30

Complaint For Damages

# EXHIBIT D

**ELECTRONICALL V FILED**
Superior Court of California,
County of San ☐ie[I'::I

**1013112022** at 11::32:iJ☐AM

Clem of the Superic1r Court
By TereH Pon:itesano, Deputy Clerk

**MILLER LAW FIRM**
Matthew R Miller (SBN 194647)
Historic Louis Bani< of Commerce Building
835 Fifth Avenue, Suite 301
San Diego, CA 92101
Telephone: (619) 687M0143
Fax: (619) 687-0136
matt@mrmlawfirm.com

Brian C. Dawson (S8#183251)
DAWSON & OZANNE
5755 Oberlin Dr., Suite 301
San Diego, CA 92131
Telephone: (619) 988-2135
Email: brian@dawson ozanne.com
Attorneys for Plaintiffs and all others similarly situated.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| DAMIAN DIAZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEXA MORTGAGE, LLC, an Arizona Limited Liability Company; and DOES 1-100, inclusive<br><br>Defendants. | Case No.<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>(1) Failure to Reimburse and Unlawful Deductions<br>(2) Failure to Pay Minimum Wages<br>(3) Fal!ure to Pay Overtime Wages<br>(4) Failure to Provide Rest & Meal Breaks<br>(5) Failure to Maintain and Furnish Accurate Records<br>(6) Failure to Timely Pay Wages<br>(7) Violation of B&P Code §§ 17200 *et seq.;*<br>{8} Declaratory Relief, and<br>{9} Enforcement of Labor Code Section 2698 et seq. ("PAGA")<br><br>*JURY TRIAL DEMANDED* |

1

First Amended Complaint For Damages

## **INTRODUCTION**

1.      This is a wage and hour class action lawsuit and representative action pursuant to the Private Attorneys General Act of 2004, Cal.Lab.Code section 2698 et seq., brought on behalf of California Loan Officers employed by the Defendant NEXA MORTGAGE, LLC ("NEXA") to recover unpaid minimum, regular and overtime wages, meal and rest premium wages, unreimbursed business expenses, unlawful deductions, derivative penalties and declaratory relief.

2.      For the past few years, NEXA, an out-of-state Arizona based company, has become the fastest growing mortgage company through cost saving practices such as wage theft.   The scheme is simple and involves exploiting California workers by misclassifying them as exempt from overtime, minimum wage, meal and rest break laws.  Once hired, the worker is required to pay for all home office expenses and pay for some of NEXA's business expenses, which are deducted from the employees' commission.  So how does NEXA circumvent California wage and hour laws? It requires its California employees to enter into an Employment Agreement in which the employee waives all rights under California law, including his/her right to petition their local Court for violations of California Labor laws.  Indeed, the employee must go to Arizona, pay for an arbitrator and apply Arizona !aw, which does not protect employees the same way that California does.

3.      NEXA wants the benefits of using California workers to sell its loans to California consumers without the burden of having to comply with California law. NEXA's avoidance of California labor laws hurt workers and undermines other competing business who play by the rules.  **Mr.** Diaz, on behalf of himself and all Loan Officers employed by NEXA, seek a stop to these illegal employment practices and to

recover all monies earned and owed to the workers victimized by NEXA's practices.

## PARTIES

4. Plaintiff Damian Diaz ("DIAZ"), at all times relevant, is a resident of San Diego County, California. DIAZ entered into a written employment contract with NEXA on or about or about July 13, 2020, for the position of "Outside Loan Officer". DIAZ was responsible for selling mortgage loan products to customers out of his home office which Defendants required him to maintain but did not pay for. DIAZ conducted sales from his home office more than half his working time and only occasionally met with clients outside of his home office. DIAZ was paid a percentage of the yield spread premium paid to Defendant which is based on a percentage of the profit obtained by Defendants from the sale of a loan. As a result, there were pay periods during which DIAZ received less than minimum wage or no compensation because he did not make any sales and/or was not paid all earned wages on loans that he originated. DIAZ worked at least five (5) days a week and ten (10) hours a day. DIAZ began work early in the morning and worked into the evenings and on the weekends, causing his hours worked to regularly exceed forty (40) in a workweek. Throughout his employment, DIAZ incurred deductions from his wages for business expenses of the Defendants that were past on to him.

5. Plaintiff brings this proposed class action on behalf of himself, individually, and on behalf of all similarly situated individuals, pursuant to Code of Civil Procedure§ 382, against the Defendants herein. All members of the putative class were improperly classified as exempt Outside Loan Officers and were subject to policies and practices as alleged herein. Plaintiff and the putative class members are herein after collectively referred to as "Plaintiffs".

6.      In addition, pursuant to the Private Attorney General Act ("PAGA"), incorporated in Labor Code Sections 2698 et seq., Plaintiff brings this representative action against Defendant NEXA MORTGAGE LLC  and DOES 1 through 50, for wage and hour violations of the California Labor Code and the applicable Industrial Welfare Commission Wage Order (the 'jlWC Wage Order").   Pursuant to Labor Code section 2699, any provision of the Labor and Workforce Development Agency ("LWDA") or any of its departments, divisions, commission, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code section 2699.3.  By this action, Plaintiff, who is an aggrieved employee, seeks civil penalties on behalf of himself and other aggrieved employees pursuant to the PAGA.

7.      Plaintiff has satisfied all the prerequisites set out in California Labor Code Section 2699.3 required for maintaining a civil suit to recover the aforementioned penalties.  On August 1, 2022, Plaintiff, by and through counsel, filed his PAGA Notice online with the Labor Workforce Development Agency ("LWDA"), paid the $75.00 filing fee, and sent a letter by certified mail to Defendants setting forth the facts and theories of the violations alleged agalnst Defendants, as prescribed by Labor Code Section 2698 et seq. Attached as Exhibit 1 is a copy of Plaintiff's letter to the LWDA.  The California Department of Industrial Relations' website confirms receipt of Plaintiff's submission, Case No. LWDA-CM-901646-22.  The statutory period, 65 days, for the LWDA to serve Plaintiff with a notice of its intent to investigate and assume jurisdiction over the applicable penalty claims has past.  Therefore, Plaintiff may proceed with a civil action pursuant to Labor Code Section 2699,

4

8.      Defendant NEXA MORTGAGE LLC ("NEXA") is, on information and belief, a residential mortgage broker that lends mortgages to home buyers and consumers seeking to refinance their existing mortgages. NEXA is a limited liability company organized and existing under the laws of the State of Arizona and, on information and belief, employs hundreds of mortgage officers in the state of California, with several, including plaintiff DIAZ working for NEXA within the county of San Diego.

9.      The true names and capacities, whether individual, corporate, associate or otheiwise of the Defendants named herein as DOES 1 through 50, are unknown to Plaintiff at this time.  Plaintiff therefore sues said Defendants by such fictitious names pursuant to § 474 of the California Code of Civil Procedure.  Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of DOES 1 through 50 when their names are ascertained.  Plaintiff is informed and believes, and based thereon alleges, that each DOE Defendant is in some manner liable to Plaintiff for· the events and actions alleged herein.  Specifically, at all times herein mentioned, Defendants, including Defendants' managing agents, officers and directors, had, on lnformation and belief, advanced knowledge of and/or ratified each and every act or omission complained throughout this complaint.  At all times herein mentioned, the Defendants aided and abetted the acts and omission of each and all of the other Defendants in proximately causing the damages as herein alleged. All named Defendants, and DOES 1 through 50, will be collectively referred to as "Defendants" and/or "NEXA"

10.     The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants named herein as DOES 51 through 100, are unknown to Plaintiff at this time,  Plaintiff therefore sues said Defendants by such fictitious names

First Amended Complaint For Damages

pursuant to§ 474 of the California Code of Civil Procedure.  Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of DOES 51 through 100 when their names are ascertained.  Plaintiff is informed and believes, and based thereon alleges, that each DOE Defendant is personally liable for some, or all, of the claims alleged in the Complaint pursuant to Labor Code §558 and 558.1.

## JURISDICTION AND VENUE

11.    The amount in controversy arising from the actions and statutory violations as further described herein is sufficient to implicate the general jurisdiction of the Superior Court in and for the County of San Diego.

12.    Venue as to Defendants is proper in this judicial district, pursuant to Code of Civil Procedure § 395(a).  Defendants transact business, have agents, and are otherwise within this Court's jurisdiction for purposes of service of process.  The unlawful acts alleged herein have a direct effect on the Representative Plaintiff and those similarly situated within the State of California and within San Diego County.

## GENERAL ALLEGATIONS

### Plaintiffs **were misclassified as Exempt Outside Sales**

13.    Plaintiffs are nonexempt employees, but were misclassified by Defendants as exempt based on the outside salesperson exemption.  Plaintiffs, however, worked less than 50% of their time outside offices or work locations designated by Defendants. Indeed, Defendants do not maintain brick and mortar offices in the State of California, therefore Plaintiffs were required to work from home, thus they could not qualify as outside salespersons.

14.    Plaintiffs are loan officers who promote and sell Defendants' loan products to customers, which is work directly related to the goods and services that constitute a

6

First Amended Complaint For Damages

financial service company's marketplace offerings.  §13 of the Fair Labor Standards Act ("FLSA") and Title 29 of the Code of Federal Regulations ("C.F.R") §541, et seq., set forth the requirements which must be satisfied in order for an employee to be lawfully classified as exempt pursuant to the "outside salesperson" exemption.   Pursuant to 29 C.F.R. 541.502 and California law, an outside sales employee must be customarily and regularly engaged and/or spend more than half of his/her working time "away from the employer's place of business" actually selling items or obtaining order or contracts for products and/or services.

15.    "Outside sales does not include sales made by mail, telephone, or the internet unless such contact is merely as an adjunct to personal calls. Thus, any fixed site, whether home or office, used by a salesperson as a headquarters or for telephonic solicitation of sales is considered one of the employer's place of business, even the employer is not in any formal sense the owner or tenant of the property."   (29 C.F.R 541.502).

16.    Defendants require Plaintiffs to perform day-to-day sales activities at their home offices primarily by and through telephone, internet and/or direct mail-initiated sales. As a result, Plaintiffs are engaged in a type of work that falls outside the scope of the "outside salesperson" exemption and should therefore have been properly paid all earned wages including minimum and overtime compensation. Specifically, DIAZ worked in his home office in Oceanside conducting sales more than half his working time and did not perform sales work outside of his home office for purposes of the "outside salesperson" exemption. As a result, Plaintlffs do not qualify as outside sales employees under the "outside salesperson" exemption set forth in 29 C.F.R. 541.502 and under California law.

---

7

First Amended Complaint For Damages

17.     In addition, §13 of the FLSA and Title 29 of the C.F.R. set forth the requirements which must be satisfied in order for an employee to be laVvfully classified as exempt pursuant to the "inside salesperson" exemption. 29 C.F.R. 779.317 establishes that the term "retail or service establishment" as used in the Act "does not encompass establishments in industries lacking a retail concept." Such establishments not having been traditionally regarded as retail or service establishments, such a loan or finance companies, cannot under any circumstance qualify as a "retail or service establishment" within the statutory definition of the Act." Plaintiffs are not exempt under §13 of the FLSA or the provisions of 29 C.F.R. 541, *et seq.* because Defendants are a financial services company which does not qualify as a "retail or service establishment" pursuant to 29 C.F.R. 779.317, and therefore Plaintiffs do not qualify for the "inside salesperson" exemption set forth in 29 U.S.C. § 207(i) as a matter of law.  Defendants' conduct as herein alleged was willful and not in good faith, and Defendants had no reasonable grounds for believing that Plaintiffs were exempt from California's labor laws.

**A.    Defendants' Wage and Hour Violations**

18.     As a result of Defendants' misclassification, Plaintiffs were not reimbursed for business expenses, paid minimum wage for certain non-sales tasks, not paid overtime, and were not provided or compensated for meal or rest breaks, and were subject to unlawful deductions.   Defendants' conduct as set forth below, violated, among other statutes, Labor Code §§201, 202,203,204,218.5, 221,226,226.3, 226.7, 510, 512, 1194, 1197 as well as IWC Wage Order No. 4-2001.

First Amended Complaint For Damages

### i.   Unreimbursed Expenses

19.   Defendants felled to indemnify and reimburse the Plaintiffs for required expenses incurred in the discharge of their duties for Defendant.  Cal. Lab. Code § 2802 provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."   In this case, Defendants failed to reimburse the Plaintiffs for home office expenses, including a printer, fax machine, internet, phone, and other office-related products: and other loan servicing related expenses in violation of California Labor Code§ 2802.

### ii.   Unlawful Deductions

20.   In violation of Labor Code§ 221, Defendants passed on their labor costs to Plaintiffs.  Cal. Lab. Code§ 221 provides that it shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee. Prior to receiving thejr earned commission Defendants would deduct "fees", costs and expenses that were part of the general overhead of the Defendants.   These deductions included, but are not limited to, background checks, Nationwide Multistate Licensing System & Registry Fees, "Technology" fees, "NXAtouch (BNTouch)" fee, credit report costs, NEXA Accounting Fees, and other "miscellaneous" fees.  Plaintiffs are informed and believe that in some cases, loan offlcers earned less than minimum wage required for all hours worked after Defendants' deductions.

**rn.   Unpaid Wages**

21.     Plaintiffs were not provided with minimum wages, overtime compensation and other benefits required by law as a result of being misclassified as "exempt" by Defendants.   Defendants failed to pay Plaintiffs for all hours worked, including but not limited to, meetings, loan processing, training, loan tracking, and/or customer service in violation of Labor Code § 1197. In addition, Plaintiffs regularly worked overtime, including working days that were 10 hours or more, and weeks that were 50 hours or more.  Plaintiffs, however, were not compensated for their overtime in violation of Labor Code§ 510.

*iv.*   **Unpaid Commissions**

22.     Defendants failed to pay Plaintiffs for all earned wages, including but not limited to, unpaid wages promised to be paid on loans originated by these employees. As part of Defendant's unlawful compensation scheme, in order to receive earned wages for work performed, Defendants require Plaintiffs to remain an employee after the point in time that the wages are earned. This compensation plan that requires the Loan Officers to forfeit earned wages for falling to remain an employee after the wages are earned is an unla'Nful restraint on the Loan Officers' mobility to move from job to job. Defendants' compensation plan goes far beyond what rs necessary to protect its legitimate interests resulting in a situation where the opportunity of the Loan Officers to seek other employment is thereby unlawfully restricted. California law ensures that every citizen shall retain the right to pursue any lawful employment and enterprise of their choice, while also protecting the legal right of persons to engage in businesses and occupations of their choosing. Defendants' compensation scheme denying payment of

earned wages for work performed by the Plaintiffs is therefore a de facto unenforceable

penalty provision which results in an unlawful forfeiture of earned compensation, divests compensation from these employees, and is unconscionable within the meaning of Cal. Lab. Code§ 1670.5.

### v.     **Wage Statement Violations**

23.     Defendants failed to maintain and provide Plaintiffs with complete and accurate wage statements which failed to show, among other things, gross overtime pay and the true number of hours worked. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate. As a result, Defendants provided Plaintiffs with wage statements that violate Cal. Lab. Code § 226, and also violate Wage Order No. 4 by failing to maintain time records showing when work begins and ends for each employee.

### vi.     **Meal and Rest Breaks**

24.     Because they misclassified Plaintiffs as exempt, Defendants did not provide Plaintiffs with meal or rest breaks.     In violation of Labor Code § 266.7, Defendants also did not compensate Plaintiffs for rest breaks because Defendants paid on a commission basis for sales work and failed to separately pay Plaintiffs for rest breaks.

### B.   Defendant's Employment Agreement Contains Numerous Unconscionable Clauses Under California Law.

25.     Plaintiffs were all provided with a take-it or leave-it Employment Agreement, which they were required to sign as a condition of their employment. Defendants' Employment Agreement is littered with unconscionable clauses in a thinly-

veiled attempt to garner an unfair advantage over Plaintiffs who dare seek redress against Defendants illegal employment practices.    The offending clauses and the arbitration provisions of the Employment Agreement renders the entire agreement void and unenforceable.

i.       **The Employment Agreement Contains An Improper Fee Shifting Provision**

26.      Defendants' Employment Agreement contains an arbitration agreement, which purports to be optional, but in practice, is a mandatory condition of Plaintiffs' employment.  The California Supreme Court has held that when an employer imposes mandatory arbitration as a condition of employment, the arbitration agreement cannot require the employee to bear any type of expense that the employee would not be required to bear if he or she were free to bring the action in court.  (Armendariz v. Foundation Health Psychcare Services, Inc. (2000) 24 Cal.4th 83, 110-111). Section VII of the Defendants' Employment Agreement, which states in pertinent part that, "the parties will share equally in the cost of such Arbitration...", is the type of cost-splitting provision that has specifically been held to be unconscionable and is therefore unenforceable.

ii.      **The Employment Agreement Contains an Improper Choice of Law and Forum-selection Clause.**

27.      Defendants' Employment Agreement requires disputes to be resolved in Arizona and that the employment relationship between NEXA and its employees will be governed and construed under and enforce with Arizona laws.    California prohibits employers from requiring an employee who primarily resides and works in Caliiornia to agree, as a condition of employment, to a provision that would require the employee to

adjudicate outside of California a claim arising in California or deprive the employee of the substantive protection of California law with respect to any controversy arising in California. Any provision that violates these prohibitions is voidable (Lab.C. § 925(a), (b)). Plaintiffs all executed the Agreements in California, lived and worked in California, during all times relevant herein.  This provision is therefore unenforceable.

    iii.    **The Employment Agreement Contains an Improper Ban on Class Actions.**

    28.    Defendants' Employment Agreement prohibits employees from pursuing or participating in relief on a class or collective action basis against NEXA "arising out of the employment relationship or this agreement."  The California Supreme Court has held that class arbitration waivers are unlawful when they impermissibly interfere with the vindication of unwaivable statutory rights.  "We conclude that at least in some cases, the prohibition of classwide relief would undermine the vindication of the employee's unwaivable statutory rights and would pose a serious obstacle to the enforcement of the state's overtime laws.  Accordingly, such class arbitration waivers should not be enforced if a trial court determines... that class arbitration would be significantly more effective way of vindicating the rights of affected employees than individual arbitration." (Gentry v. Superior Court (2007) 42 Cal.4th 443).  Further, the Federal Arbitration Act does not preempt California law with respect to class action waivers that apply outside of arbitration to non-arbitrable claims.  (Garrido v. Air Liquide Industrial U.S. LP (2015) 241 Cal.App4th 833, 837-838 (observing claims that are not required to be arbitrated are not governed by the FAA and "Gentry's holding has not been overturned under California law in situations where the FAA does not apply")).

    29.    Defendants' arbitration agreement, which requires employees to bring

non-arbitrable claims individually in court - especially wage and hour claims where the potential recovery is modest - is contrary to public policy, unfair, and effectively exculpates Defendants from liability for common violations of the Labor Code.   The class waiver is therefore unconscionable and unenforceable under California law because it applies to non-arbitrable claims that are not covered by the FAA, and because it imposes unfair obstacles to employees vindicating their statutory and unwaivable rights under the Labor Code.

## **CLASS ACTION ALLEGATIONS**

30.   Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to§ 382 of the Code of Civil Procedure.  The Class is sufficiently numerous and estimated to include between thirty to fifty employees, the joinder of whom in one action is impracticable, and the disposition of whose claims in a class action will provide substantial benefit to the parties, Class members, and the Court.  Plaintiff seeks to represent a Class composed of and defined as follows;

> Plaintiff Class:    All current or former employees of Nexa
> Mortgage, LLC who worked in California as mortgage
> salespersons or loan officers or similar position, and were
> classified as exempt, at any time beginning four years prior
> to the filing of this action through the date of trial.

31.   Plaintiff reserves the right under Rule 3.765(b), California Rules of Court, to amend or modify the Class descriptions with greater specificity or further division into subclasses or limitation to particular issues.

32.   This action has been brought and may properly be maintained as a class action under Code of Civil Procedure§ 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

a.   *COMMONALITY:*   The Representative Plaintiff and the putative

14

class members share a community of interest in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

i.   Whether Defendants misclassified Plaintiffs as exempt under the outside salesperson exemption.

ii.  Whether the choice of !aw, forum selection and arbitration provisions in the Defendants' Employment Agreement are enforceable.

iii. Whether Defendants' violated Labor Code § 2802 by failing to reimburse its employees for business expenses incurred while working from home.

iv.  Whether Defendants violated IWC Wage Order **No.** 4-2001 and Labor Code §1194 by failing to provide or pay minimum wage to Plaintiffs.

v.   Whether Defendants violated IWC Wage Order No. 4-2001 and Labor Code §510 by failing to provide or pay overtime to loan officers.

vi.  Whether Defendants violated IWC Wage Order No. 4-2001 and Labor Code §226.7 by failing to provide or pay for meal and rest breaks.

vii. Whether Defendants violated Labor Code §226 by failing to provide Plaintiffs with accurate itemized statements in writing showing the gross wages earned, the net wages earned, all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employer.

viii. Violating Labor Code Sections 201, 202, 203 & 204 by failing to tender timely and full payment and/or restitution of all wages owed to the employees whose employment with Defendants has terminated on sales which payment was received by Defendants;

ix.  Whether Plaintiffs are entitled to restitution under Cal.Bus. & Prof. Code §§

15

First Amended Complaint For Damages

17200 et seq.

x.   Whether Plaintiffs are entitled to receive interest on unpaid compensation due and owing them.

xi.   Where Defendants' systemic acts and practices violated California Labor Code §§ 201, 202, 221, 226.7, 351, 510, 512, 558, 1174, 1194 and 1197, applicable IWC wage orders, and California Business and Professions Code § 17200 et seq.

b.   *NUMEROSITY:*   A class action is the only available method for the fair and efficierit adjudication of this controversy.   The members of the Plaintiff Class are so numerous that joinder of all members is impractical.   While the exact number of Class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe the Class consists of thirty to fifty persons.   Individual joinder of Class members is also impracticable.   The identity of Class Members can be determined easily upon analysis of, inter alia, employee and payroll records maintained by NEXA.

c.   *TYPICALITY:*   The Representative Plalntiff's claims are typical of the claims of the Plaintiff Class.   The Representative Plaintiff and all members of the Plaintiff Class sustained damages arising out of and caused by Defendants common course of conduct in violation of law, as alleged herein.

d.   *SUPERIORITY OF CLASS ACTION:*   A class action is superior to other avatlable methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class Members is impracticable,  Even if every Class Member could afford individual Irtigation, the court system could not   It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.   Individualized litigation would also present the potential for varying,

16

inconsistent, or contradictory judgment and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex and factual issues.   Moreover, individual actions by class members may establish inconsistent standards of conduct for NEXA.  By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and the court system and protects the rights of each class member.  Plaintiffs are informed and believe that NEXA used the same Employment Agreement on every loan officer, thereby making appropriate relief with regard to the members of the class as a whole, as requested herein.

e.   <u>ADEQUACY OF REPRESENTATION</u>:  The Representative Plaintiff in this class action is an adequate representative of the Plaintiff Class,  in that the Representative Plaintiff's claims are typical of those of the Plaintiff Class and the Representative Plaintiff has the same interests in the litigation of this case as the Ctass Members.   The Representative Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel, experienced in conducting litigation of this nature.  The Representative Plaintiff is not subject to any individual defense unique from those conceivably applicable to the Plaintiff Class as a whole.   The Representative Plaintiff-anticipates-no-management difficulties in this litigation.

<div align="center">

**FIRST CAUSE OF ACTION**
**Failure To Reimburse Business Expenses/ Unlawful Deduction**
**(Against all Defendants)**

</div>

33.   Plaintiffs repeat and re-allege each and every allegation contained In the foregoing paragraphs as if fully set forth herein.

34.   At all mentioned times in this Complaint California Labor Code§§ 221 and

<div align="center">

17

First Amended Complaint For Damages

</div>

2802 were in full force and effect and binding on Defendants. Said sections require employers to indemnify its employees for all that the employee necessarily expends or loses in direct consequence of the discharge of duties.

35.     California Labor Code §221 states: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

36.     California Labor Code §2802 provides, "An employer shall indemnify his or her employee for all necessary expenditures or losses Incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlavvful, unless the employee, at the time of obeying the directions believed them to be unlawful."

37.     During the applicable statutory period, Plaintiffs incurred necessary expenditures and losses in direct consequence of the discharge of their employment duties and their obedience to the directions of Defendants.  These business expenses which Plaintiffs incurred, which were not reimbursed include, but are not limited to, internet, phone, personal computer usage, office supplies, utility bills, and/or fair rental value of space used for home office.  Defendants did not reimburse these expenditures or losses to Plaintiffs. Moreover, Defendants had a policy and practice of deducting its business expenses from Plaintiffs' earned commissions.

38.     Plaintiffs are entitled to reimbursement for all necessary expenditures and losses incurred in direct consequence of the discharge of their duties while employed by Defendants, and they are entitled to restitution of all monies unlawfully withheld by the Defendants in an amount according to proof at trial.

39.

18

First Amended Complaint For Damages

**SECOND CAUSE OF ACTION**
**Failure to Pay Minimum Wage in violation of**
**California Labor Code §§ 510, 1194, 1197 and IWC Wage Order 4-2001 §4.**
**(Against all Defendants)**

40.    Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

41.    Plaintiff and the putative class members are/were non-exempt hourly paid employees entitled to the protections of IWC order 4-2001 and Labor Codes §§ 201-204, 226, 510, 558, 1194, 1197 and 1198, among other applicable sections.  At all times relevant, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiffs the amounts owed.

42.    Labor Code § 510 provides in relevant part: "[e]ight hours of labor constitutes a day's work."  Labor Code § 1197 provides "the minimum wage for employers fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than minimum wage so fixed is unlawful."  Labor Code § 1194 provides "[N]otwithstanding any agreement to work for a lesser wage, any employee receivmg less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of his minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

43.    Labor Code § 1194.2 provides in relevant part: "In any action under §1193.6 or §1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

44.    Pursuant to IWC Wage Order No. 4-2001, at all time material hereto,

19

First Amended Complaint For Damages

"hours worked" includes "the time during which an employee is subject to the control of an employer and includes all the time the  mployee is suffered or permitted to work, where or not required to do so."

45.     Plaintiffs are required to work non-selling time, for which they are not compensated.   This includes, but is not limited to, meetings, loan processing, training, loan tracking and/or customer service. Plaintiffs should have received not less than the minimum wage in a sum according to proof for the time worked, but not compensated. For all hours Plaintiffs worked, they are entitled to not less than the California minimum wage and liquidated damages in an amount equal to the unpaid minimum wages and interest thereon.   In addition, Plaintiffs are entitled to t11eir attorneys' fees, costs and interest according to proof, and to those employees no longer employed by Defendants, waiting time penalties pursuant to Labor Code§ 200 et seq.

<u>THIRD CAUSE OF ACTION</u>
**Failure to Pay Overtime Compensation in Violation of
California Labor Code§§ 204,510, 1194, 1197 & 1198 and IWC Wage Order 4-2001.
(Against all Defendants)**

46.     Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

47.     Plaintiff and the putative class members are/were non-exempt hourly paid employees entitled to the protections of IWC order 4-2001 and Labor Codes §§ 201-204, 226,510,558, 1194, 1197 and 1198, among other applicable sections.

48.     Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a timely fashion for their work.  This precludes any waiver for unpaid due and owing wages that remain unpaid at the time of separation.

49.     At all times relevant herein, IWC Wage Order No. 4-2001, governing

"Professional, Technical, Clerical, Mechanical and Similar Occupations," applied and continues to apply to Plaintiffs.

50.     At all times relevant herein, IWC Wage Order No. 4-2001 provides for payment of overtime wages equal to one and one-half (1.5) times an employee's regular rate of pay for all hours worked over eight (8) hours per day and/or forty (40) hours in a work week, and/or for payment of overtimes wages equal to double the employee's regular rate of pay for all hours in excess of twelve (12) hours in any workday and/or for all hours worked in excess in eighty (8) hours on the seventh (ih) day of work in any one workweek.

51.     Throughout the class period, Plaintiffs have routinely and regularly worked in excess of eight hours per day and/or forty hours per week.

52.     Under the provisions of IWIC Order 4-2001, Plaintiffs should have received overtime wages in a sum according to the proof for hours worked during the three (3) years prior to filing of this action.  Defendants owe Plaintiffs overtime wages, and has failed and refused, and continues to fail and refuse, to pay Plaintiffs the amounts owed.

53.     Plaintiffs request recovery of overtime compensation according to proof, interest, attorney fees, and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any,statutory penalties on behalf of those employees no longer employed by the Defendants against Defendants in a sum as provided by the California Labor Code and/or other applicable statutes.

First Amended Complaint For Damages

059

## FOURTH CAUSE OF ACTION
### Failure to Provide Meal and/or Rest Periods
### California Labor Code§§ 226.7 and 512 and IWC Wage Order 4-2001.
### (Against all Defendants)

54.     Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

55.     Labor Code § 512 provides, in relevant part: irAn employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the $econd meal period may be waived by mutual consent of the employer.and the employee only if the first meal period was not waived.:

§11 of the Order 4-2001 of the Industrial Wage Commission provides in relevant part:

Rest Periods:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no d duction from wages.

**22**

First Amended Complaint For Damages

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

Cal. Lab. Code§ 226.7 provides:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a me.al period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

56.    Defendants have intentionally and improperly failed to provide and/or permit all rest and/or meal periods without any work or duties to Plaintiffs who worked more than three and one half hours (3 ½) per day, and by failing to do so Defendants violated the provisions of Labor Code 226.7.    Plaintiffs were often expected and required to continue working through rest periods to meet the expectations of Defendants and finish the workday.  In some cases when Plaintiffs worked more than ten hours in a shift, Defendants failed to authorize and/or permit a third mandated rest period.  As a result, Plaintiffs were periodically unable to take compliant rest periods.

57.    In addition to failing to authorize and permit compliant reset periods, Plaintiffs were not compensated with one hour's worth of pay at their regular rate of compensation when they were not provided with a compliant rest period in accordance with Labor Code § 226.7.  Thus, Defendants have violated Labor Code § 226.7 and the applicable Wage Order,

58.     Therefore, as a result of Defendants unlawful acts, Plaintiffs have been deprived of timely off-duty breaks and are entitled to recovery under Labor Code §226.?(b) and § 11 of IWC Wage Order No. 4-2004, in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendants failed to provide its employees with timely statutory off-duty breaks.

<u>FIFTH CAUSE OF ACTION</u>
**Failure to Maintain Accurate Records and Furnish Accurate Itemized Wage Statements Violation of California Labor Code§§ 226 (b), 1174, 1175 (Against all Defendants)**

59.     Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

60.     Labor Code § 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiffs and the putative class members.   Defendants knowingly and intentionally fafled to comply with Labor Code §226(a) on each and every wage statement that should have been provided to Plaintiff and the putative class. Specifically, Defendants **knew** that its employees worked far more hours than the hours listed on their timesheets and that its employees were in fact pertorming "prep work" off the clock.  Defendants maintained these policies despite this knowledge,

61.     Labor Code § 226(e) provides that an employee is entitled *to* recover $50 for the initial pay period in which a violation of § 226 occurs and $100 for each subsequent pay period, as well as an award of costs and reasonable attorneys' fees, for all pay periods in which the employer knowingly and intentionally failed to provide accurate itemized statements to the employee causing the employee to suffer injury.

62.     §1174 of the California Labor Code requires Defendants to maintain and

**24**

First Amended Complaint For Damages

preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to Its employees.     Likewise, IWC Wage Order 4-2001(7) requires Defendants to maintain time records showing, including but not limited to, when the employee begins and ends each work period, meal periods, and total daily hours worked in an itemized wage statements, and must show all deductions from payment of wages, and accurately report total hours worked by Plaintiffs and the putative class members.  Labor Code §1174.5 imposes a civil penalty of $500 for an employer's failure to maintain accurate and complete records.

63.     Defendants have intentionally and wlllfully failed to keep accurate and complete records showing the hours worked daily, breaks taken and missed, and wages paid to Plaintiffs.   Thus, Plaintiffs have been. denied their legal right and protected interest in having available at a central location accurate and complete payroll records showing the hours worked daily byt and the wages paid to them.

64.     In addition, Defendant knowingly and intentionally failed to maintain, furnish and provide timely, accurate, itemized wage statements by failing, inter alia, to identify all hours worked by Plaintiffs.  Further, the wage statements were inaccurate as the unreimbursed business expenses, unpaid wages, missed meal and rest breaks were not included in the gross wages earned by Plaintiffs.

65.     Defendants' failure to provide Plaintiffs with accurate itemized wage statements during the Class period has caused Plaintiffs to incur economic damages in that they were not aware that they were owed and not paid compensation for missed rest and meal periods, for hours worked without pay, for overtime work without pay. In addition, the Defendants provided inaccurate information regarding the hours worked,

which masked the underpayment of wages to Plaintiffs.

66.    As a result of Defendants' issuance of inaccurate itemized wage statements and failure to maintain accurate records of Plaintiffs hours worked, Plaintiffs are entitled to recover penalties pursuant to § 226(e).

<div align="center">

**SIXTH CAUSE OF ACTION**
**Violations of Labor Code§ 203 (Waiting Time Penalties)**
**(Brought by Plaintiff on behalf Class Members who are no longer employed by Defendants)**

</div>

67.    Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

68.    California Labor Code§ 201 requires Defendants to pay their discharged employees all wages due immediately upon discharge.

69.    California Labor Code § 202 requires that if an employee quits his or her employment, "his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.   Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive a payment by mail if he or she so requests and designates a mailing address.

70.    Labor Code § 203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with labor Code §§ 201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is commenc d.

71.    Plaintiff and other putative class members who have been discharged or who have quit are entitled to all unpaid compensation, pursuant to California labor

<div align="center">

26
First Amended Complaint For Damages

</div>

1  Code § 203, but, to date, have not received such compensation, as alleged above.

2  Plaintiff and the putative class members have not received payment for all of the time

3  spent working for Defendants.

4

5      72.    Defendants' wiflful failure to pay wages to these class members violates

6  Labor Code§ 203 because Defendants knew or should have known wages were due to

7  these employees, but Defendants failed to pay them.  Thus, these class members are

8  entitled to recover their daily wage multiplied by thirty days and interest on all amounts

9  recovered herein.

10  <div align="center">**SEVENTH CAUSE OF ACTION**<br>**Violation of Business & Professions Code**<br>**(Cal. Bus. & Prof. Code§§ 17200, et seq.)**</div>

11

12      73.    Plaintiffs re-allege and incorporate by reference the foregoing allegations

13  as though set forth herein.

14

15      74.    California Business & Professions Code ("B&PC") §§17200 et seq.

16  provides in pertinent part "...[U]nfair competition shall mean and include any unlawful,

17  unfair or fraudulent business act...".

18      75.    B&PC § 17205 provides that unless otherwise expressly provided, the

19  remedies or penalties provided for unfair competition "are cumulative to each other and

20  to the remedies or penalties available under all other laws of this state."

21

22      76.    B&PC § 17204 provides that an action for any relief from unfair

23  competition may be prosecuted by any person who suffered injury in fact and lost

24  money or property as a result of such unfair competition.

25      77.    Defendants have engaged in unlawful, unfair and fraudulent business acts

26  or practices prohibited by B&PC § 17200, including those set forth in the preceding and

27  foregoing paragraphs of the complaint, thereby depriving Plaintiff and all others similarly

28

<div align="center">27</div>
<div align="center">First Amended Complaint For Damages</div>

065

situated of the minimum working standards and conditions due to them under California labor laws and the IWC Wage Orders as specifically described herein.

78.     Defendants have engaged in unfair, unlawful and fraudulent business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of herein without the requisite compensation, by failing to furnish Plaintiff and the putative class members with accurate itemized wage statements, failing to keep payroll records showing total hours worked, and by requiring Plaintiff and the putative class members to agree to a terms or conditions of employment that Defendants knew or should have known is prohibited by law.

79.     Defendants' use of such practices constitutes an unfair business practice, unfair competition, and provides an unfair advantage over Defendants' competitors.

80.     Plaintiffs have suffered injury in fact and have lost money or property as a result of such unfair practices.

81.     Plaintiffs seek full restitution from Defendants, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

82.     Further, if Defendants are not enjoined from the conduct set forth above, Defendants will continue to practice, employ and utilize the employment practices outlined in the preceding paragraphs.

83.     Therefore, Plaintiffs request that the Court issue a preliminary and permanent injunction prohibiting Defendants from ngaging in the foregoing conduct.

### EIGHTH CAUSE OF ACTION
**Declaratory Relief**

84.   Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

85.   CCP § 1060 provides that any person who desires a declaration of his or her rights or duties with respect to another, in cases of actual controversy relating to the legal rights and duties of the respective parties, may ask the Court for a declaration of rIghts or duties, and the Court may make a binding declaration of these rights or dutIes, whether or not further relief is or could be claimed at the time; any such declaration by the Court shall have the force of a final judgment.

86,   An actual controversy exists between the parties as to the enforceability of the Employment Agreement and its provisions as stated above.   It is therefore necessary that the Court declare the rIghts and duties of the parties hereto.

BT   Labor Code § 925 prohibits an employer from requiring an employee who primarily resides and works in California to agree to a provision that either: (1) requires the employee to adjudicate outside of California a claim arising in California; or (2) deprives the employee of the substantive protection of California law with respect to a controversy arising in Caiifornia.   Labor Code § 432.5 makes it unlawful for an employee to require an employee to agree, in writing, to a term or condition known by the employer to be prohibited by law.

88.   Plaintiffs assert the choice-of-law and forum selection provisions in the Defendants standard Employment Agreement are void and illegal, not just under Labor Code 925, but also under other California laws, including California's constitutional right to privacy, Business and Professions Code 16600, 17200 et seq., the Cartwright Act and Labor Code 98.6, 203, 226, 232, 232.5, 432.5, 450, 510, 1102.5, 1194, 1197.5,

29

First Amended Complaint For Damages

2802, and 2804.   These laws were established for a public reason and establish unwaivable rights.

89.    In light of the facts set forth above, a case or controversy exists as to whether Defendants requirement that Plaintiffs agree to Arizona forum selection and choice of law provision is unlawful and unenforceable.   Plaintiffs seek judicial declaration of their rights and obligations with respect to Defendants forum selection and choice of law provisions. Specifically, they seek a judicial declaration that Defendants violate the law (including Labor Code Section 432.5 and 925) by requiring employee to agree to the forum selection and choice of law provisions in their employment documents.   The also seek a declaration that the forum selection and choice of law provisions violate the laws referenced above.

90.    In addition, Plaintiffs are informed and believe that Defendants require all current employees and applicants for employment to execute, as part of their continued or application for employment, a.n Employment Agreement that contains an arbitration provision.   The arbitration agr ement is an adhesive contract because agreement is drafted exclusively by Defendants, at the time the arbitration provision was executed by Plaintiffs, Defendants exercised superior bargaining power over the employees and applicants for employment.   Further, Defendants require Plaintiffs to adhere to the terms of the standard form agreement presented to them on a "take it or leave it" basis.   There was and is no opportunity to negotiate different terms than those drafted by Defendants.   Further, the arbitration agreement is unenforceable for a number of reasons, including the reasons stated above, and because the Agreement limits Plaintiffs' procedural and substantive rights and requires Plaintiffs to. pay the fees of retired judges who act as arbitrators.

30

First Amended Complaint For Damages

91.     Further, Plaintiffs seek a judicial determination regarding the enforceability of the "class waiver" contained in Defendants' Employment Agreement.

92.     Ancillary to this judicial declaration, Plaintiffs seek an injunction: (1) Prohibiting Defendants from requiring Plaintiffs to sign employment documents that contain out-of-state forum selection or choice of law provisions; and (2) prohibiting Defendants from threatening to enforce or enforcing these forum selection and choice of law provisions.   Plaintiffs also seek an affirmative injunction requiring Defendants to inform class members that its forum selection and choice of law provisions are unlawful, and it will not threaten to enforce or enforce these provisions.

<div align="center">

**NINTH CAUSE OF ACTION**
**Enforcement of Labor Code Section 2698 et. seq. ("PAGA")**
**(Cal. Lab. Code Sections 2698, et seq.)**

</div>

93.     Plaintiffs re-allege **and** incorporate by reference the foregoing allegations as though set forth herein.·

94.     Plaintiff is an aggrieved employee underPAGA because he was employed by Defendants during the applicable statutory period and suffered one or more of the California Labor Code violations set forth in the Complaint. Plaintiff seeks to recover on his behalf and on behalf of the State, and on behalf of all current and former aggrieved employees of Defendants, the civil penalties provided by PAGA, plus reasonable attorney's fees and costs in this representative action. As a matter of law, Plaintiffs PAGA claim is not subject to having the dispute resolved in arbitration or pursuant to any purported arbitration agreement.

95.     For all provisions of the Labor Code except those for which a civil penalty ls specifically provided, Labor Code§ 2699(f) imposes upon Defendant a penalty of one hundred dollars ($100.00) for each aggrfeved employee per pay period for the initial

<div align="center">31</div>

violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent pay period in which Defendant violated these provisions of the Labor Code.

96.    Defendants' conduct violates numerous Labor Code section including, but not limited to, the following:

(a) Violation of Labor Code §§ 201-203, 204, 510, 1194, 1197 and 1198 for failure to timely pay all earned wages (including minimum wages and overtime wages) owed to Plaintiff and other aggrieved employees during employment and upon separation of employment as herein alleged;

(b) Violation of Labor Code§§ 226.7 and 512 for failure to provide meal periods to Plaintiff and other aggrieved employees and failure to pay premium wages for missed meal periods as herein alleged;

(c) Violation of Labor Code § 226 for failure to provide accurate itemized wage statements to Plaintiff and other aggrieved employees as herein alleged; and

(d) Violation of Labor Code §§ 1174 and 1174,5 for failure to maintain accurate records.

97.    Further, Labor Code § 558 provides, "Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provisions regul ting hours and days of work in any order of the IWC shall be subje.ct to a civil penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient. to recover unpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover

First Amended Complaint For Damages

underpaid wages; (3) Wages recovered pursuant to this section shall be paid to the affected employee." Labor Code§ 558(c) provides "the civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."

98.     As set forth above, Defendants have violated numerous provisions of the Labor Code regulating hours and days of work as well as the IWC Wage Orders. Accordingly, Plaintiff seeks the remedies set forth in Labor Code § 558 for himself, the underpaid employees, and the State of California.

99.     Plaintiff is an "aggrieved employee" because he was employed by the Defendants and had one or more of the alleged violations committed against him, and therefore is properly suited to represent the interests of all other aggrieved employees.

100.     Plaintiff has exhausted the procedural requirements under Labor Code § 2699,3 as to Defendants and is therefore able to pursue a claim for penalties on behalf of himself and all other aggrieved employees under PAGA.

101.     Pursuant to Labor Code§ 2699(a), 2699.2, and 2699.5, Plaintiff is entitled to recover civil penalties, in addition to other remedies, for violations of the Labor Code sections cited above.

102.     99. For bringing this action, Plaintiff is entitled to attorneys' fees and costs incurred herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for judgment against the Defendants as follows:

1.     An Order that this action may proceed and be maintained on a class-wide basis;

2.     Appropriate Injunctive relief;

3.      Attorneys' fees and costs, according to proof;

4.      Disgorgement and restitution, according to proof;

5.      Statutory and civil penalties, according to proof;

6       Damages for the mount of unpaid compensation, including interest thereon, liquidated damages, -and penalties subject to proof at trial;

7.      An award of civil penalties pursuant to PAGA and/or other applicable laws; and

8.      Directing such other and further relief as this Court may deem proper.

**JURY DEMAND**

WHEREFORE, Plaintiff demands a trial by jury.

**MILLER LAW FIRM**

Dated:  October 31, 2022          By:      */s/  Matthew R. Miller*
                                            Matthew R  Miller
                                            Attorneys for Plaintiff and the Proposed Class

First Amended Complaint For Damages

072

# EXHIBIT 1

# MILLER LAW FIRM

Historic Louis Bank of Commerce Building
835 Fifth Avenue; Suite SOl
San Diego, CA 92101
Telephone: G19.687.014S
**Fax:** 619.687.0136
\\·ww.mrmlawfirm.com

MATTHEW R. MILLER                                                CARLOS AMERICANO

August I2, 2022

California Labor and                           *VIA ELECTRONIC FILING*
Workforce Development Agency
Attn: PAGA Administrator
1515 Clay Street, Ste. 80l
Oakland, **CA** 94612

Nexa Mortgage LLC
3I00 W Ray Rd #20I
Office #209
Chandler, AZ 85226

> **RE:   PAGA Notice Purs.uirntto Calm1rn!.l:!.\,.abor (.;.<! . .§ 699**
> Nexa Mortgage LLC                      •

Dear PAGA Administrator and Nexa Mortgage LLC:

We represent Damian Diaz, a former employee of Nexa Mortgage, LLC ("Nexa") with respect to claims arising from his employment with Nexa. The purpose of this letter is to provide notice to the Labor and Workforce Development Agency and Ncxa of violations of the California Labor Code.

Mr, Diaz seeks to represent himself and other current and fonner employees (collectively referred to as "Plaintiffs") with respect to violations of the California Labor Code pursuant to Labor Code sections 2699 et seq. The facts and theories in support of his claims are set forth below.

l.    <u>Nexa Misclassified Non-Exempt Employees as Exempt.</u> Plaintiffs are nonexempt Loan Officer employees, but were misclassified by Nexa as exempt based on the outside salesperson exemption. Plaintiffs worked less than 50% of their time outside offices or work locations designated by Nexa. Indeed, Ncxa docs not maintain brick and mortar offices in the State of California, therefore Plaintiffa were required to work from home, thus they could not qualify as outside salespersons.

Plaintiffs are loan officers who promote and sell Nexa's loan products to customers, which is work directly related to the goods and services that constitute a financial service company's marketplace offerings, §13 of the Fair Labor Standards Act ("FLSA") and Title 29 of the Code of Federal Regulations ("C.F.R") §541, et seq., set forth the requirements which must be satisfied in order for an employee to be lawfully classified as exempt pursuant to the "outside salesperson" exemption. Pursuant to 29 C.F.R. 541.502 and California law, an outside sales employee must be customarily and regularly engaged and/or spend more than half of his/her

California Labor and Workforce Development Agency
Re: Violations of California Labor Code
August 12, 2022
Page2

working time "away from the employer's place of business" actually selling items or obtaining order or contracts for products and/or services.

"Outside sales does not include sales made by mail, telephone, or the lntemet unless such contact is merely as an adjunct to personal calls. Thus, any fixed site, whether home or office, used by a salesperson as a headquarters or for telephonic solicitation of sales is considered one of the employer's place of business, even the employer is not in any formal sense the owner or tenant of the property." (29 C.F.R. 541.502).

Nexa requires Plaintiffs to perform day-to day sales activities at their home offices primarily by and through telephone, internet and/or direct mail-initiated sales. As a resu It, Plaintiffs are engaged ln a type of work that falls outside the scope of the "outside salesperson" exemption and should therefore haye been properly paid all earned wages including minimum and overtime compensation. Specifically, Mr. Diaz worked in his home office in Oceanside conducting sales more than half his working time and did not perform sales work outside of his home office for purposes of the "outside salesperson" exemption. As a result, Plaintiffs do not qualify as outside sales employees under the "outside salesperson" exemption set forth in 29 C.F.R. 541.502 and under California law.

In addition, §13 of the FLSA and Title 29 ofthe C.F.R. set forth the requirements which must be satisfied in order for an employee to be lawfully classified as exempt pursuant to the "inside salesperson" exemption. 29 C.F.R. 779.317 establishes that the term "retail or service establishment" as used in the Act "does not encompass establishments in industries lacking a retail concept." Such establishments not having been traditionally regarded as retail or service establishments, such a loan or finance companies, cannot under any circumstance qualify as a "retail *or* service establishment" with in the statutory definition of the Act." Plaintiffs are not exempt under §1 3 of the FLSA or the provisions of 29 C.F.R, 541, et seq. because Nexa is a financial services company which does not qualify as a "retail or service establishment" pursuant to 29 C.F.R. 779.317, and therefore Plaintiffa do not qualify for the "inside salesperson" exemption set forth in 29 U.S.C. § 207(i). as a matter of law. Nexa's conduct as herein alleged was willful and not in good faith, and Nexa had no reasonable grounds for believing that Plaintiffs were exempt from California's labor laws.

As a result ofNexa's misclassifying their employees and in the one (l) year prior to this letter through the present, Mr. Diaz alleges, on information and belief, that current and former aggrieved California Loan Officers were not paid with compensation at the overtime rate of pay for all the overtime hours _that they worked; were not a_uthorized or permitted to take all legally required and compliant meal periods and/or paid proper meal period premiums; were not authorized or permitted to take all legally required and compliant rest periods and/or paid proper rest period premiums; were not timely paid their earned wages during their employment; were not provided with complete and accurate wage statements; and were not timely paid their final pay upon separation of employment.

2.      <u>Nexa Failed to Pay Overtime Wages.</u> At all relevant times, Ncxa implemented policies and procedures which misclassify 'its Loan Officers as exempt when, in fact, they should have been classified as non--exempt and, therefore, fail to provide aggrieved California non-exempt hourly Loan Officers with overtime wages for the overtime hours that they worked at

California Labor and Workforce Development Agency
**Re:** Violations of California Labor Code
August 12, 2022
Page 3

their overtime rate.

As a result of these policies, Nexa failed to compensate Mr. Diaz and other current and former aggrieved California-based Loan Officers who were misclassified as exempt at an overtime rate for all overtime hours worked when the employees had already worked in excess of 8 up to 12 hours in a workday, over 40 hours in a workweek, up to 8 hours on any seventh consecutive day in a workweek, hours worked in excess of 12 hours in a workday, or over 8 hours on any seventh consecutive day in a workweek.

Nexa's policies and procedures were applied to current and former aggrieved California-based Loan Officers who were misclassified for over a year preceding the sending of this notice to the present and resulted in non-exempt employees working time which was not compensated any wages in violation of Labor Code sections 510, 1194, 1197, 1198 and the Wage Orders.

3.    <u>Nexa Failed to Compensate for Missed Meal Periods.</u> Nexa implemented policies and and/or implanted policies which failed to provide Mr. Diaz and current and former aggrieved California-based Loan Officers who were misclassified as exempt with all meal periods as required by and in compliance with the law, including foll duty free and timely meal periods. Mr. Diaz alleges.that Kubota regularly, employed him and other current and fonner aggrieved California-based Loan Officers who were misclassified as exempt for shifts longer than five (5) hours and/or shifts longer than ten ('10) hours.  However, as a result of Lexa's misclassification of Mr. Diaz and other cunent and fonner aggrieved California-based Loan Officers as exempt employees, Mr. Diaz and other current and fonncr aggrieved Califomia-based Loan Officers who were misclassified as exempt were not provided a duty-free unintcnupted meal period of no less than thirty (30) minutes for each five-hour period of work.

Additionally, Nexa failed to provide Mr. Diaz and other current and former aggrieved California-based Loan Officers who were misclassified as exempt with a premium wage of (I) one hour of premium pay at the employee's regular rate of pay for each workday they did not receive all legally required and compliant meal periods, in violation of Labor Code section 226.7 and Wage Order 4-2001 section 11.

This practice resulted in Mr. Diaz and other current and former aggrieved Califomia-based Loan Officers who were misclassified as exempt not receiving wages to compensate them for workdays which Nexa did not provide them with all legally required and legally compliant meal periods in compliance with California law.

4.    <u>Nexa Failed to Compensate for Missed Rest Breaks.</u> Nexa implemented policies and and/or implanted policies which failed to provide Mr. Diaz and current and frnmer aggrieved California-based Loan Officers who were misclassified as exempt with uninterrupted duty free 10-minute rest periods for each four hours or major fraction thereof worked.

Mr. Diaz alleges that Nexa regularly employed him and other current and former aggrieved California-based Loan Officers who were misclassified as exempt for shifts longer than three-and-a-half (3.5) hours. However, as a ·result of Nexa's misclassification of Mr. Diaz and other current and former aggrieved California-based Loan Officers as exempt employees, Mr. Diaz and other current and former aggrieved California--based Loan Officers who were

California Labor and Workforce Development Agency
Re: Violations of California Labor Code
August 12, 2022
Page4

misclassified as exempt were not provided all required duty-free rest periods of a net ten (I 0) minutes for every four (4) hours worked or major fraction thereof.

Nexa failed to provide Mr. Diaz and other current and former aggrieved California-based Loan Officers who were misclassified as exempt with a premium wage of (I) one hour of premium pay at the employee's regular rate of pay for each workday they did not receive all legally required and compliant rest periods, in violation of Labor Code section 226.7 and Wage Order 4-2001 at section 12.

This practice resulted in Mr. Diaz and other current and former aggrieved California-based Loan Officers who were misclassified as exempt not receiving wages to compensate them for workdays which Ncxa did not provide them with all legally required and/or legally compliant rest periods in compliance with California law.

5.      Nexa Failed to Pay Earned Wages During Employment. Plaintiffs were not provided with minimum wages, overtime compensation and other benefits required by law as a result of being misclassified as "exempt" by Defendants.  Defendants failed to pay Plaintiffs for all hours worked, including but not limited to, meetings, loan processing, training, loan tracking, and/or customer service in violation of Labor Code § 1197. In addition, Plaintiff regularly worked overtime, including working days that were 10 hours or more, and weeks that were 50 hours or more.  Plaintiffst however, were not compensated for their overtime in violation of Labor Code § 510.

6.      Nexa Failed to Pay Earned Commissions. Defendants failed to pay Plaintiffs for all earned wages, including but not limited to, unpaid_ wages promised to be paid on loans originated by these employees. As part of Defendant's unlawful compensation scheme, in order to receive earned wages for work performed, Defendants require Plaintiffs to remain an employee after the point in time that the wages are eamed. This compensation plan that requires the Loan Officers to forfeit earned wages for failing to remain an employee after the wages are earned is an unlawful restraint on the Loan Officers' mobility to move from job to job. Defendants' compensation plan goes far beyond what is necessary to protect its legitimate interests resulting in a situation where the opportunity of the Loan Officers to seek other employment is thereby unlawfully restricted. California law ensures that every citizen shall retain the right to pursue any lawful employment and enterprise of their choice, while also protecting the legal right of persons to engage in businesses and occupations of their choosing. Defendants' compensation scheme denying payment of earned wages for work perfom1ed by the Plaintiffs is therefore a de facto unenforceable penalty provision which results in an unlawful forfeiture of earned compensation, divests compensation from these employees, and is unconscionable within the meaning of Cal. Lab. Code§ 1670.5.

7.      Nexa failed to reimburse employees for business expenses. Defendants failed to indemnify and reimburse the Plaintifts for required expenses incurred in the discharge of their duties for Defendant. Cal. Lab. Code § 2802 provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawfol, unless the employee, at the time of obeying the directions, believed them to be unlawful."  In this case, Defendants failed to reimburse the Plaintiffs for

California Labor and Workforce Development Agency
Re: Violations of California Labor Code
August 12, 2022
Page 5

home office expenses, including a printer, fax machine, internet, phone, and other office-related products; and other loan servicing related expenses in violation of California Labor Code§ 2802.

8.     <u>Nexa passed on its business costs to Plaintiffs.</u>     In violation of Labor Code *§* 221, Defendants passed on their labor costs to Plaintiffs. Cal. Lab. Code§ 221 provides that it shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee. Prior to receiving their earned commission Defendants would deduct "fees", costs and expenses that were part of the general overhead of the Defendants. These deductions included, but are not limited to, background checks, Nationwide Multistate Licensing System & Registry Fees, "Technology" fees, "NXAtouch (BNTouch)" fee, credit report costs, NEXA Accounting Fees, and other "miscellaneous" fees. Plaintiffs are informed and believe that in some cases, loan officers earned less than minimum wage required for all hours worked after Defendants' deductions. In addition, Mr. Diaz is informed and believes that NEXA violates California Labor Code Section 224 by making deductions from the employee's wages that are neither authorized by the employee or permitted by law.

9.     <u>Nexa Failed to provide accurate wage statements.</u> California Labor Code section 226(a) provides (inter alia) that, upon paying an employee his or her wages, the employer must "fomish each of his or her empfa1yees ... an itemized statement in writing showing:" (l) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

As a result of Nexa's aforementioned violations of the Labor Code (including failure to pay overtime wages for overtime hours worked, failure to pay meal period premiums, and/or failure to pay rest period premiums) rendered inaccurate the pay calculations of Mr. Diaz and other current and former aggrieved California-based Loan Officers who were misclassified as exempt, in violation of Labor Code section 226.

10.     <u>Failure to timely pay final wages.</u> An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon tennination or within 72 hours of resignation. (Labor Code§§ 201, 202).

Labor Code section 20 I (a) states that "[i]f an employer discharges an employee, the wages earned and unpaid at ·the time of discharge are due and payable immediately." Labor Code section 20'.?.(a) continues, "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later tha1t hours thereafter...." Finally, Labor Code section 203(a) provides, "[i]f an employer willfully fails to pay...any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action

California Labor and Workforce Developmei1t Agency
Re: Violations of California Labor Code
August 12, 2022
Page 6

therefor is commenced; but the wages shall not continue for more than 30 days...,."

As a result of Nexa's aforementioned violations of the Labor Code (failure to pay overtime wages for overtime hours worked, failure to pay meal period premiums, and/or failure to pay rest period premiums) Mr. Diaz and other current and fonner aggrieved California-based Loan Officers who were misclassified as exempt were not timely paid all their final wages after each employee's termination and/or resignation, as required by Labor Code sections 201, 202, and 203.

**Request Remedy**

Pursuant to Labor Code sections 2699(a) and (f), Mr. Diaz is entitled to recover civil penalties for Nexa's violations of Labor Code sections 20 l, 202, 203, 204, 226, 226.7, 510, 512, 1194, and 1198 and the IWC Wage Orders during the Civil Penalty Period in the following amounts:

a.      For violations of Labor Code sections 20 **l,** 202, 203, 226.7, 512, and I 198 (i.e. failure to final wages); one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation [penalty amounts established by Labor Code section 2699(f)(2)].

b.      For violations of Labor Code section 204 (i.e. failure to timely pay earned wages): one hundred dollars ($100) for any initial violation for each failure to pay each employee, and for each subsequent violation, or any wil\fu(.or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus twenty-five percent (25%) of the amount unlawfully withheld, as established by Labor Code section 210.

c.      For violations of Labor Code section 226 (i.e. inaccurate wage statements) , two hundred fifty dollars ($250) for each employee for each pay period for the initial violation, and for each subsequent violation, one thousand dollars ($1000) for each underpaid employee for each pay period [penalty amounts established by Labor Code section 226.3].

d.      For violations of Labor Code section 510 (i.e. failure to pay overtime), fifty dollars ($50) for each employee for each pay period for the initial violation, and for each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period [penalty amounts established by Labor Code section 558] and any unpaid wages.

e.      For violations of Labor Code section 1194 and 1197 (failure to pay overtime), one hundred dollars ($100) for each underpaid employee for each pay period for the initial violation, and for each subsequent violation, two hundred fifty dollars ($250) for each underpaid employee for each pay period [penalty amouitts established by Labor Code section 1197. I ] and any unpaid wages.

In addition, pursuant to Labor Code section 2699(g), Mr. Diaz seeks to recover attorney's fees, costs, filing foes paid to the LWDA, and. civil penalties on behalf of himself and the other employees ofNexa.

California Labor and Workforce Development Agency
Re: Violations of California Labor Code
August 12, 2022
Page 7

Pursuant to Cal.Labor.Code § 2699.3(a)(2)(B) Mr. Diaz requests the agency investigate the above allegations and provide notice of the allegations pursuant to PAGNs provisions. Alternatively, Plaintiffs rnqucst the agency infonn them if it does not intend to investigate these violations.

Very truly yours,



Matthew R. Miller
MILLER LAW FIRM

C:\lJ ers\Carlor, Arnericono\OneDrive • Miller Law T'irm\FIRM\JD\CASES\1086-Diaz\PAGA.doc

# EXHIBIT E

**SUPERIOR COURT OF CALIFORNIA**
# County of SAN DIEGO

**Register of Actions Notice**

| | | | |
|---|---|---|---|
| Case Number: | 37-2022-00031816-CU-OE-NC | Filing Date: | 08/03/2022 |
| Case Title: | Diaz vs Nexa Mortgage LLC [IMAGED] | Case Age: | 112 days |
| Case Status: | Pending | Location: | North County |
| Case Category: | Civil - Unlimited | Judicial Officer: | Earl H. Maas, III |
| Case Type: | Other employment | Department: | N-28 |

## Future Events

| Date | Time | Department | Event |
|---|---|---|---|
| 01/13/2023 | 10:00 AM | N-28 | Civil Case Management Conference - Complaint |

## Participants

| Name | Role | Representation |
|---|---|---|
| Diaz, Damian | Plaintiff | Americano, Carlos; Dawson, Brian C |
| Nexa Mortgage LLC | Defendant | |

## Representation

| Name | Address | Phone Number |
|---|---|---|
| AMERICANO, CARLOS | 835 fifth Avenue 301 San Diego CA 92101 | |
| DAWSON, BRIAN  C | 5755 Oberlin Drive 301 San Diego CA 92121 | |

| ROA# | Entry Date | Short/Long Entry | Filed By |
|---|---|---|---|
| 1 | 08/03/2022 | Complaint filed by Diaz, Damian. Refers to: Nexa Mortgage LLC | Diaz, Damian (Plaintiff) |
| 2 | 08/03/2022 | Civil Case Cover Sheet filed by Diaz, Damian. Refers to: Nexa Mortgage LLC | Diaz, Damian (Plaintiff) |
| 3 | 08/03/2022 | Original Summons filed by Diaz, Damian. Refers to: Nexa Mortgage LLC | Diaz, Damian (Plaintiff) |
| 4 | 08/03/2022 | Case assigned to Judicial Officer Maas, Earl. | |
| 5 | 08/11/2022 | Civil Case Management Conference scheduled for 01/13/2023 at 10:00:00 AM at North County in N-28 Earl H. Maas. | |
| 6 | 10/31/2022 | Amended Complaint (***FIRST AMENDED CLASS ACTION***) filed by Diaz, Damian. Refers to: Nexa Mortgage LLC | Diaz, Damian (Plaintiff) |

# EXHIBIT F

Skip to main content

# California
*Secretary of State*

**Business**   UCC

Login

## Business Search

The California Business Search provides access to available information for **corporations**, **limited liability companies** and **limited partnerships** of record with the California Secretary of State, with *free PDF copies* of over 17 million imaged business entity documents, including the most recent imaged Statements of Information filed for Corporations and Limited Liability Companies.

Currently, information for Limited Liability Partnerships (e.g. law firms, architecture firms, engineering firms, public accountancy firms, and land survey firms), General Partnerships, and other entity types are **not contained** in the California Business Search. If you wish to obtain information about LLPs and GPs, submit a Business Entities Order paper form to request copies of filings for these entity types. Note: This search is not intended to serve as a name reservation search. To reserve an entity name, select Forms on the left panel and select Entity Name Reservation ? Corporation, LLC, LP.

**Basic Search**

A Basic search can be performed using an entity name or entity number. When conducting a search by an entity number, where applicable, **remove "C"** from the entity number. Note, **a basic search** will search **only ACTIVE entities** (Corporations, Limited Liability Companies, Limited Partnerships, Cooperatives, Name Reservations, Foreign Name Reservations, Unincorporated Common Interest Developments, and Out of State Associations). The basic search performs a *contains ?keyword? search*. The

State

### Home
### Search
### Forms
### Help

## NEXA MORTGAGE, LLC (201823610151)



Request Certificate

| | |
|---|---|
| Initial Filing Date | 08/21/2018 |
| Status | Active |
| Standing - SOS | Good |
| Standing - FTB | Good |
| Standing - Agent | Good |
| Standing - VCFCF | Good |
| Formed In | ARIZONA |
| Entity Type | Limited Liability Company - Out of State |
| Principal Address | 3100 W RAY RD STE 201, OFFICE #209 CHANDLER, AZ 85226 |
| Mailing Address | 3100 W RAY RD STE 201, OFFICE #209 CHANDLER,AZ85226 |
| Statement of Info Due Date | 08/31/2024 |
| Agent | 1505 Corporation 312 PARACORP INCORPORATED 2804 GATEWAY OAKS DR #100 SACRAMENTO, CA  95833 |

| Business | UCC |

Login

**Advanced Search**

Home

Search

Forms

Help

An Advanced search is required when searching for publicly traded disclosure information or a status other than active.

An Advanced search allows for searching by specific entity types (e.g., Nonprofit Mutual Benefit Corporation) or by entity groups (e.g., All Corporations) as well as searching by ?begins with? specific search criteria.

**Disclaimer:** Search results are limited to the 500 entities closest matching the entered search criteria. If your desired search result is not found within the 500 entities provided, please refine the search criteria using the Advanced search function for additional results/entities. The California Business Search is updated as documents are approved. The data provided is not a complete or certified record.

Although every attempt has been made to ensure that the information contained in the database is accurate, the Secretary of State's office is not responsible for any loss, consequence, or damage resulting directly or indirectly from reliance on the accuracy, reliability, or timeliness of the information that is provided. All such information is provided "as is." To order certified copies or certificates of status, (1) locate an entity using the search; (2)select Request Certificate in the right-hand detail drawer; and (3) complete your request online.

NEXA mortgage

Advanced ⌄

Results: 1

## NEXA MORTGAGE, LLC (201823610151)



Request Certificate

| | |
|---|---|
| *Initial Filing Date* | 08/21/2018 |
| *Status* | Active |
| *Standing - SOS* | Good |
| *Standing - FTB* | Good |
| *Standing - Agent* | Good |
| *Standing - VCFCF* | Good |
| *Formed In* | ARIZONA |
| *Entity Type* | Limited Liability Company - Out of State |
| *Principal Address* | 3100 W RAY RD STE 201, OFFICE #209 CHANDLER, AZ 85226 |
| *Mailing Address* | 3100 W RAY RD STE 201, OFFICE #209 CHANDLER,AZ85226 |
| *Statement of Info Due Date* | 08/31/2024 |
| *Agent* | 1505 Corporation 312 PARACORP INCORPORATED 2804 GATEWAY OAKS DR #100 SACRAMENTO, CA 95833 |

085

