Matthew R. Miller (SBN 194647)
MILLER LAW FIRM
6790 Embarcadero Lane, No. 100
Carlsbad, CA 92011
Telephone: (619) 261-1150

Email: matt@mrmlawfirm.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIAN DIAZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>NEXA MORTGAGE, LLC, et al.,<br><br>Defendants. | Case No. 24-cv-0873- JES DDL<br><br>**PLAINTIFF'S EX PARTE APPLICATION TO FILE A LATE OPPOSITION TO NEXA'S MOTION TO STAY AND CONTINUE HEARING DATE; DECLARATION OF MATTHEW R. MILLER**<br><br>Date:   July 31, 2024<br>Time:   10:00 a.m.<br><br>Dept.:   4B<br>Judge:   Hon. James E. Simmons Jr.<br><br>State Action Filed: August 3, 2022<br>FAC Filed: October 31, 2022<br>1st Removal Date: November 30, 2022<br>Remanded: July 10, 2023<br>2nd Removal Date: May 16, 2024 |

1

2  Pursuant to Federal Rules of Civil Procedure Rule 6 (b) (1) B and Local Rules
3  7.1(e)(5), and 83.3(g), Plaintiff DAMIAN DIAZ hereby submits this ex parte
4  application for an order that the Court accept and consider the late-filed brief that
5  Plaintiff served on July 19, 2024, in opposition to Defendant's Motion to Stay. The
6  hearing date on the motion was set for July 31, 2024.  Normally, the opposition
7  papers would have been due on July 17, 2024.
8  In addition, Plaintiff respectfully seeks to continue the July 31, 2024 Motion
9  to Stay hearing date until August 28, 2024, which is the current hearing date that
10 Plaintiff has reserved for his Motion to Remand.  The Motion will be filed in
11 accordance with the Local Rules regarding the 28 Day Rule.
12 **_This Court does not have subject matter jurisdiction to hear this case._**  In
13 May 2024, Nexa removed this case, for the second time, this time based upon the
14 Class Action Fairness Act (CAFA).  In order to utilize CAFA for subject matter
15 jurisdiction, the case must be a "class action."  This Court does not have subject
16 matter jurisdiction based on CAFA as the pleadings and orders provided by Nexa in
17 its removal papers establish unequivocally. This case is no longer a purported class
18 action due to San Diego Superior Court Judge Maas' Order compelling non-PAGA
19 claims to arbitration.   The remaining PAGA claims are not considered class actions
20 for purposes of CAFA.
21 By this ex parte application, Plaintiff requests that the Court allow the late
22 filing of, and consider, the opposition brief of Plaintiff.  Plaintiff served Defendant
23 with the Opposition on July 19, 2024.  The Opposition to Nexa's Motion to Stay will
24 be filed as an attachment to this Application.
25 Under the Local Rules, Plaintiff's counsel met and conferred with Nexa's
26 attorneys in writing and over the phone and were not able to get Nexa to agree to
27 either stipulate or agree not to oppose Plaintiff's Request for Relief re: allowance of
28 a late filed Opposition.

# I.

# **PROCEDURAL SUMMARY**

The case stems from the out-of-state employer, Nexa Mortgage, LLC's failure to pay appropriate wages to its employees in an effort to gain an advantage in the marketplace. On August 3, 2022, Plaintiff Damian Diaz, individually and on behalf of all others similarly situated, commenced an action against NEXA in the Superior Court of the State of California for the County of San Diego, captioned <u>Damian Diaz v. NEXA Mortgage,</u> LLC, Case No. 37-2022-00031816-CU-OE-NC. [ROA 1]. Since the filing of the lawsuit Nexa has instituted a strategy of compelling Mr. Diaz to arbitration for non-PAGA claims while stifling his efforts to litigate the PAGA action.

In November 2022, Defendant filed a Notice of Removal of the Superior Court case to the United States District Court for the Southern District of California on the basis of diversity jurisdiction. [ROA 7] [DOC 1, Case No. 3:22-cv-01895-BAS-DDL (transferred on March 17, 2023 to Case No. 3:22-cv-01895-JES-DDL)]

In December 2022, Nexa filed a Motion to Compel Arbitration in the Federal Court action. [01895- DOC 4] A few days later, Plaintiff filed a Motion to Remand. [01895- DOC 5]. On July 10, 2023, Federal Court remanded the case back to the State of California for the County of San Diego on the basis that the amount in controversy was not sufficiently met. In doing so, the Court determined Nexa's Motion to Compel Arbitration moot. [01895- DOC 23]

In August 2023, Plaintiff served written discovery requests on Nexa in the state court action.

A Few weeks later, Nexa filed a Motion to Compel Arbitration in Superior Court. [ROA 13]. On December 8, 2023, Judge Earl H. Maas III denied in part and granted in part Nexa's Motion to Compel Arbitration, sending Plaintiff's individual claims to arbitration while permitting the PAGA representative claims to proceed in

1 the Superior Court action. [ROA 35].

2 In its Ruling, the Court stated: **In sum, Plaintiff's non-PAGA and individual PAGA claims are hereby ordered to arbitration pursuant to the rules of JAMS Arbitration. The Court declines to stay Plaintiff's representative PAGA claims during the pendency of the arbitration and that claim may proceed in this Court."** [ROA 35, page 6]

7 On January 8, 2024, Nexa filed a "Petition to Hear Appeal" in US District Court, seeking have the Federal Court Judge assigned to the case review and overturn Judge Maas' ruling on Nexa's Motion to Compel Arbitration. [Case No. 3:24-cv-00061-BEN-MMP: Doc 1]. The Petition was essentially an attempt to obtain a stay over the state court proceedings. There was no basis for this Petition under any reasonable legal theory. Nexa eventually dismissed it.

13 On January 16, 2024, Nexa provided belated responses to the written discovery requests, providing no substantive responses or documents and only boiler plate objections to every single interrogatory and request.

16 On February 27, 2024, Plaintiff filed three Motions to Compel Further Responses to the discovery requests propounded upon Nexa. [ROA 36-49]

18 On May 16, 2024, Judge Maas issued a Tentative Order on the Motions to Compel Further Responses to discovery, issuing monetary sanctions on Nexa and ruling that Nexa had waived all of its objections to the requests, including attorney-client and work product privileges. [ROA 72]

22 After the tentative ruling was published, Nexa filed a Notice of Removal on May 16, 2024. [ROA 77-80] & [US District Court Case No. 24-cv-00873-JES-DDL: DOC 1]

25 In June, Nexa filed a Motion to Stay proceedings even though there is no subject matter jurisdiction.

27 Nexa asserts subject matter jurisdiction under CAFA. In order to utilize CAFA for subject matter jurisdiction, the case must be a "class action." 28 U.S.C. §

1332 (d) 1-2.

CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

Where a party asserts that CAFA gives rise to subject matter jurisdiction for a PAGA claim, the "[r]epresentative action under California's [PAGA] [is] not a 'class action' within meaning of Class Action Fairness Act (CAFA), as required to allow district court to exercise original jurisdiction over PAGA action." *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1122-23 (9th Cir. 2014); see also id., 747 F.3d at 1119 (holding "CAFA provides no basis for federal jurisdiction" over a PAGA action); *Echevarria v. Aerotek, Inc.*, 814 Fed. Appx. 321, 322 (9th Cir. 2020) (affirming district court's ruling that CAFA jurisdiction does not apply to Plaintiff's remaining PAGA claim once the class action claims were dismissed).

In determining jurisdiction, the court ordinarily determines removability from the complaint as it existed at the time of removal, together with the removal notice. If the complaint is unclear as to grounds for removal, it is proper to consider the entire record of the state proceedings. *Miller v. Grgurich* (9th Cir. 1985) 763 F2d 372, 373; *McPhail v. Deere & Co.* (10th Cir. 2008) 529 F3d 947, 956.

Moreover, if the remand motion or an opposition challenges subject matter jurisdiction (whether there is a "class action" under CAFA), rather than a procedural defect in removal, the court "may look to any relevant information the parties may present, up until the time of the challenge to jurisdiction." *Bankhead v. American Suzuki Motor Corp.* (MD AL 2008) 529 F.Supp.2d 1329, 1334 (emphasis added); see also *Polo v. Innoventions Int'l, LLC* (9th Cir. 2016) 833 F3d 1193, 1196.

## II.

## THE COURT SHOULD FIND EXCUSABLE NEGLECT

Federal Rule of Civil Procedure ("Rule") 6(b) permits a court, at its discretion,

to accept a late filing when the movant's failure to meet the deadline was the result of excusable neglect. Fed.R.Civ.P. 6(b) ("[w]hen an act may or must be done within a specified time, the court may, for good cause extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect."). "This rule, like all the Federal Rules of Civil Procedure, is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (citations, internal quotation marks, and modifications omitted). A "determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United States Postal U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000); (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007). These "equitable factors" are weighted at the discretion of the Court. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

Additionally, an attorney's "track record" of compliance with court orders and deadlines, although not dispositive, is a factor that may be considered in determining whether his or her missing a deadline constitutes "excusable neglect." *Robb v. Norfolk & Western Ry. Co.* (7th Cir. 1997) 122 F3d 354, 362.

Here, Mr. Diaz' attorney Matthew R. Miller takes full responsibility neglecting to file a timely Opposition when it was due. Mr. Miller was and is responsible for handling Defendant's Motion to Stay. He agreed to handle the matter when it was first filed. He, however, asserts that his actions and inactions were excusable. Mr. Miller served the Opposition to the Motion to Stay upon Defendant's counsel on July 19, 2024 at 11:52 am, two days after it was due. Mr. Miller did not file the Opposition with the Court at that time because it is his understanding that any late filings would be rejected and not filed.

The reason for the failure to timely file the Opposition was based on Matthew R. Miller's failure to properly calendar the Opposition and realize that it was due on July 17, 2024. Mr. Miller does not blame anyone but himself. Upon discovering his mistake, Mr. Miller finalized the Opposition and served it on Defendant's counsel as soon as he could.

At the time of serving the Opposition, Mr. Miller wrote an email to Defense counsel informing them of the situation and asked them to stipulate to a Joint Application seeking the Court's permission to file a 2-day late Opposition. In the email, Mr. Miller reminded Defense counsel that they sought similar relief when they sought to file an untimely Opposition to Plaintiff's Motion to Remand. Defense counsel rejected Mr. Miller's request. Later in the day, Mr. Miller called Defense counsel and spoke to Alexander Rogosa, one of the attorneys representing Nexa in this case. Mr. Rogosa again rejected Mr. Miller's request.

In regards to the factors, Plaintiff's counsel respectfully asks the Court grant the relief sought.

1. <u>The danger of prejudice to the opposing party</u>: Nexa seeks an Order staying all proceedings in this case, including conducting discovery. Nexa does not want Plaintiff to conduct any discovery in this matter until Mr. Diaz' arbitration is completed. However, Mr. Diaz has not conducted, and does not intend to conduct, any discovery in this case and forum because Mr. Diaz intends to seek a remand back to San Digo Superior Court as this Court does not have subject matter jurisdiction. Additionally, Nexa has had a copy of Plaintiff's Opposition since July 17, 2024.

2. <u>The length of the delay and its potential impact on the proceedings.</u>

As discussed, the length of delay was two days. There should be no impact on proceedings if the hearing date is continued to allow Nexa to file a Reply.

3. <u>The reason for the delay and whether the movant acted in good faith.</u>

As discussed above, Mr. Miller screwed up and upon discovery served the

Opposition, which was 2 days past the deadline.

## IV.
## CONCLUSION

Plaintiff respectfully requests that the Court grant Plaintiff's Application for relief.

Dated: July 30, 2024               **MILLER LAW FIRM**

                                   By:   /s/ Matthew R. Miller
                                         Matthew R. Miller
                                         Email: matt@mrmlawfirm.com

                                   Attorneys for Plaintiff Damian Diaz

## DECLARATION OF MATTHEW R. MILLER

I, Matthew R. Miller, declare as follows:

1. I am the principal of the Miller Law Firm and am an attorney of record for the Plaintiff in the above-captioned matter. I am familiar with the file and its contents.

2. The factual assertions stated above are true and accurate to the best of my recollection and ability.

3. I have been an attorney since 1998. I have handled many cases, including large class actions and PAGA suits.

4. During this period, I have not been penalized or disciplined for any misconduct. In fact, I do not recall even being sanctioned by a Judge or Arbitrator in any forum.

5. I have sought relief for mistakes on my part before from a court or an administrative body probably less than 5 times in my entire career. I can recall one specific occasion about 20 years ago where I missed the deadline to file an Opposition to a Motion for Summary Judgment and filed it 1 or 2 days late. The case was a large investment fraud matter where I represented 20 or so retired persons who got caught up in a Ponzi scheme. The case was heard in U.S. Central District Court of California in Santa Ana. I can't recall any other specific instances. I am not perfect, but I try to abide by the rules and act in an ethical and moral way while attempting to get the best result for my client.

6. As discussed in the moving papers, I screwed up. It was an inadvertent mistake that I believe comports with "excusable neglect" warranting relief.

7. I take full responsibility neglecting to file a timely Opposition when it was due. I was and am responsible for handling Defendant's Motion to Stay. I agreed to handle the matter when it was first filed.

8. I served the Opposition to the Motion to Stay upon Defendant's counsel on July 19, 2024 at 11:52 am, two days after it was due. I did not file the Opposition with the Court at that time because it is my understanding that any late filings would be rejected and not filed.

9. The reason for the failure to timely file the Opposition was based on my failure to properly calendar the Opposition and realize that it was due on July 17, 2024. I do not blame anyone but himself. Upon discovering my mistake, I finalized the Opposition and served it on Defendant's counsel as soon as I could.

10. At the time of serving the Opposition, I wrote an email to Defense counsel informing them of the situation and asked them to stipulate to a Joint Application seeking the Court's permission to file a 2-day late Opposition. In the email, I reminded Defense counsel that they sought similar relief when they sought to file an untimely Opposition to Plaintiff's original Motion to Remand back in 2023. Defense counsel rejected my request. Later in the day, I called Defense

counsel and spoke to Alexander Rogosa, one of the attorneys representing Nexa in this case. Mr. Rogosa again rejected my request.

11. Nexa seeks an Order staying all proceedings in this case, including conducting discovery. Nexa does not want Plaintiff to conduct any discovery in this matter until Mr. Diaz' arbitration is completed. However, Mr. Diaz has not conducted, and does not intend to conduct, any discovery in this case and forum because Mr. Diaz intends to seek a remand back to San Digo Superior Court as this Court does not have subject matter jurisdiction. Additionally, Nexa has had a copy of Plaintiff's Opposition since July 17, 2024.

12. As discussed, the length of delay was two days. There should be no impact on proceedings if the hearing date is continued to allow Nexa to file a Reply.

13. Under Local Rule 83.3(g) I met and conferred with Nexa's attorneys regarding this Application and request for relief both in writing and over the phone. Nexa has not agreed to stipulate the relief sought or to not oppose my request for relief.

I declare under penalty of perjury under of the laws of the State of California on July 30, 2024, in San Diego, CA that the foregoing is true and correct.

/s/ *Matthew R. Miller*
Matthew R. Miller