Matthew R. Miller (SBN 194647)
MILLER LAW FIRM
6790 Embarcadero Lane, No. 100
Carlsbad, CA 92011
Telephone: (619) 261-1150

Email: matt@mrmlawfirm.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIAN DIAZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEXA MORTGAGE, LLC, et al.,<br><br>Defendants. | Case No. 24-cv-0873- JES DDL<br><br>**PLAINTIFF'S OPPOSITION TO NEXA'S MOTION TO STAY.**<br><br>Date:   July 31, 2024<br>Time:   10:00 a.m.<br><br>Dept.:   4B<br>Judge:   Hon. James E. Simmons Jr.<br><br>State Action Filed: August 3, 2022<br>FAC Filed: October 31, 2022<br>1st Removal Date: November 30, 2022<br>Remanded: July 10, 2023<br>2nd Removal Date: May 16, 2024 |

I.

**INTRODUCTION**

Nexa's Motion to Stay must be denied because this Court lacks subject matter jurisdiction to hear this matter and case. In May, Nexa removed this case, for the second time, based upon the Class Action Fairness Act (CAFA). In order to

utilize CAFA for subject matter jurisdiction, the case must be a "class action."

This Court does not have subject matter jurisdiction based on CAFA as the pleadings and orders provided by Nexa in its removal papers establish unequivocally. This case is no longer a purported class action due to San Diego Superior Court Judge Maas' Order compelling non-PAGA claims to arbitration. The remaining PAGA claims are not considered class actions for purposes of CAFA.

Plaintiff has obtained a hearing date of August 28, 2024 for a second Motion to Remand based on lack of subject matter jurisdiction.

## II.

## **PROCEDURAL HISTORY**

The case stems from the out-of-state employer, Nexa Mortgage, LLC's failure to pay appropriate wages to its employees in an effort to gain an advantage in the marketplace. On August 3, 2022, Plaintiff Damian Diaz, individually and on behalf of all others similarly situated, commenced an action against NEXA in the Superior Court of the State of California for the County of San Diego, captioned Damian Diaz v. NEXA Mortgage, LLC, Case No. 37-2022-00031816-CU-OE-NC. [ROA 1]. Since the filing of the lawsuit Nexa has instituted a strategy of compelling Mr. Diaz to arbitration for non-PAGA claims while stifling his efforts to litigate the PAGA action.

In November 2022, Defendant filed a Notice of Removal of the Superior Court case to the United States District Court for the Southern District of California on the basis of diversity jurisdiction. [ROA 7] [DOC 1, Case No. 3:22-cv-01895-BAS-DDL (transferred on March 17, 2023 to Case No. 3:22-cv-01895-JES-DDL)]

In December 2022, Nexa filed a Motion to Compel Arbitration in the Federal Court action. [01895- DOC 4] A few days later, Plaintiff filed a Motion to Remand. [01895- DOC 5]. On July 10, 2023, Federal Court remanded the case back to the State of California for the County of San Diego on the basis that the amount in

controversy was not sufficiently met. In doing so, the Court determined Nexa's Motion to Compel Arbitration moot. [01895- DOC 23]

In August 2023, Plaintiff served written discovery requests on Nexa in the state court action.

A Few weeks later, Nexa filed a Motion to Compel Arbitration in Superior Court. [ROA 13]. On December 8, 2023, Judge Earl H. Maas III denied in part and granted in part Nexa's Motion to Compel Arbitration, sending Plaintiff's individual claims to arbitration while permitting the PAGA representative claims to proceed in the Superior Court action. [ROA 35].

In its Ruling, the Court stated: **In sum, Plaintiff's non-PAGA and individual PAGA claims are hereby ordered to arbitration pursuant to the rules of JAMS Arbitration. The Court declines to stay Plaintiff's representative PAGA claims during the pendency of the arbitration and that claim may proceed in this Court."** [ROA 35, page 6]

On January 8, 2024, Nexa filed a "Petition to Hear Appeal" in US District Court, seeking have the Federal Court Judge assigned to the case review and overturn Judge Maas' ruling on Nexa's Motion to Compel Arbitration. [Case No. 3:24-cv-00061-BEN-MMP: Doc 1]. The Petition was essentially an attempt to obtain a stay over the state court proceedings. There was no basis for this Petition under any reasonable legal theory. Nexa eventually dismissed it.

On January 16, 2024, Nexa provided belated responses to the written discovery requests, providing no substantive responses or documents and only boiler plate objections to every single interrogatory and request.

On February 27, 2024, Plaintiff filed three Motions to Compel Further Responses to the discovery requests propounded upon Nexa. [ROA 36-49]

On May 16, 2024, Judge Maas issued a Tentative Order on the Motions to Compel Further Responses to discovery, issuing monetary sanctions on Nexa and ruling that Nexa had waived all of its objections to the requests, including attorney-

-3-    24-cv-0873-JES DDL
PLAINTIFF'S OPPOSITION TO MOTION TO STAY

client and work product privileges. [ROA 72]

After the tentative ruling was published, Nexa filed a Notice of Removal on May 16, 2024. [ROA 77-80] & [US District Court Case No. 24-cv-00873-JES-DDL: DOC 1]

## III.
## THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THIS CASE

The Court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Nexa asserts subject matter jurisdiction under CAFA. In order to utilize CAFA for subject matter jurisdiction, the case must be a "class action." 28 U.S.C. § 1332 (d) 1-2.

CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

Where a party asserts that CAFA gives rise to subject matter jurisdiction for a PAGA claim, the "[r]epresentative action under California's [PAGA] [is] not a 'class action' within meaning of Class Action Fairness Act (CAFA), as required to allow district court to exercise original jurisdiction over PAGA action." *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1122-23 (9th Cir. 2014); see also id., 747 F.3d at 1119 (holding "CAFA provides no basis for federal jurisdiction" over a PAGA action); *Echevarria v. Aerotek, Inc.*, 814 Fed. Appx. 321, 322 (9th Cir. 2020) (affirming district court's ruling that CAFA jurisdiction does not apply to Plaintiff's remaining PAGA claim once the class action claims were dismissed).

In determining jurisdiction, the court ordinarily determines removability from the complaint as it existed at the time of removal, together with the removal notice. If the complaint is unclear as to grounds for removal, it is proper to consider the entire record of the state proceedings. *Miller v. Grgurich* (9th Cir. 1985) 763 F2d

372, 373; *McPhail v. Deere & Co.* (10th Cir. 2008) 529 F3d 947, 956.

Moreover, if the remand motion challenges subject matter jurisdiction (e.g., amount in controversy), rather than a procedural defect in removal, the court "may look to any relevant information the parties may present, up until the time of the challenge to jurisdiction." *Bankhead v. American Suzuki Motor Corp.* (MD AL 2008) 529 F.Supp.2d 1329, 1334 (emphasis added); see also *Polo v. Innoventions Int'l, LLC* (9th Cir. 2016) 833 F3d 1193, 1196.

Here, in December 2023, Judge Maas granted Nexa's Motion to Compel Arbitration and ruled: "**in sum, Plaintiff's non-PAGA and individual PAGA claims are hereby ordered to arbitration pursuant to the rules of JAMS Arbitration. The Court declines to stay Plaintiff's representative PAGA claims during the pendency of the arbitration and that claim may proceed in this Court.**" [ROA 35, page 6]

In Opposition to Plaintiff's motions to compel discovery filed in San Diego Superior Court, Nexa argued that the discovery requests were too broad because they sought documents and information that were no longer part of the case ie. class action claims. And, in making this argument, NEXA admits that the only claims left in the lawsuit is a PAGA action, which is not considered a "class action" for purposes of CAFA. This is what Nexa said:

> *After a hearing on December 8, 2023, this Court granted Defendant's motion and compelled arbitration of Plaintiff's original eight counts (the "Arbitration Claims") but retained jurisdiction over Plaintiff's non-individual PAGA claims (the "PAGA Claims"). The PAGA Claims were not stayed pending the outcome of the arbitration. . . . . Plaintiff never revised his discovery requests in light of the Court compelling all but the PAGA claims to Arbitration, seeking instead to hold Defendant to responding to the earlier discovery requests which were premised on numerous dismissed claims through the Court's December 8, 2023 Order.*

[ROA 64, pages 2-3]

## IV.
## CONCLUSION

This Court does not have subject matter jurisdiction over this case and Nexa's Motion to Stay. As such, Plaintiff respectfully requests that the Court deny Nexa's Motion.

Dated: July 19, 2024                     **MILLER LAW FIRM**

By:    /s/ Matthew R. Miller
       Matthew R. Miller
       Email: matt@mrmlawfirm.com

DAWSON & OZANNE
BRIAN C. DAWSON
Email: brian@dawson-ozanne.com
Attorneys for Plaintiff Damian Diaz