1 | Matthew R. Miller (SBN 194647)
2 | MILLER LAW FIRM
  | 6790 Embarcadero Lane, No. 100
3 | Carlsbad, CA 92011
4 | Telephone: (619) 261-1150

5 | Email: matt@mrmlawfirm.com

6 
  | Attorneys for Plaintiff
7 

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIAN DIAZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>NEXA MORTGAGE, LLC, et al.,<br><br>Defendants. | Case No. 24-cv-0873- JES DDL<br><br>**PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER REMANDING CASE TO STATE COURT**<br><br>Date:    September 4, 2024<br>Time:   11:00 a.m.<br><br>Dept.:   4B<br>Judge:  Hon. James E. Simmons Jr.<br><br>State Action Filed: August 3, 2022<br>FAC Filed: October 31, 2022<br>1st Removal Date: November 30, 2022<br>Remanded: July 10, 2023<br>2nd Removal Date: May 16, 2024 |

## I.

## INTRODUCTION

Nexa's nefarious and frivolous third attempt to forum-shop this case to federal court must be rejected.  This Court does not have subject matter jurisdiction

-1-                                      24-cv-0873-JES DDL

based on the Class Action Fairness Act (CAFA) as the pleadings and orders provided by Nexa in its removal papers establish unequivocally. As this Court recognizes there is no deadline for bringing a motion to remand when based on lack of federal matter jurisdiction.

This case is no longer a purported class action due to San Diego Superior Court Judge Maas' Order compelling non-PAGA claims to arbitration, including Plaintiff's role as a class representative for the purported class action claims alleged in the First Amended Complaint, which is the basis of Nexa's notice of removal. Without a class representative for a class action, there is no class action.

Judge Maas' Order was months before Nexa's bad faith removal to federal court for the second time. The remaining PAGA claims are not considered class actions for purposes of CAFA.

The case stems from the out-of-state employer, Nexa Mortgage, LLC's failure to pay appropriate wages to its employees in an effort to gain an advantage in the marketplace. Since the filing of the lawsuit in 2022, Nexa has instituted a strategy of delay, gamesmanship, and creating unnecessary litigation costs.

Nexa removed the case to federal court which then granted plaintiff's motion to remand, bringing the case back to state court. After plaintiff propounded written discovery, Nexa filed a Motion to Compel Arbitration, which was granted in part and denied in part - - sending plaintiff's individual claims to arbitration, including his claims in which he would be a class representative for a class action, while maintaining the PAGA representative claims in state court, and refusing to stay the case pending arbitration.

Attempting to circumvent the state court, Nexa then filed a new case in federal court, seeking to have the federal court judge assigned to its new case overturn the state court's ruling on the motion to compel arbitration. The alleged basis for its new lawsuit / appeal was entirely meritless and required warnings from plaintiff's counsel as to Rule 11 sanctions. Interestingly, Nexa later dismissed this

action apparently recognizing that it was probably in violation of FRCP Rule 11.

Consistent with its bad faith tactics, Nexa then provided discovery "responses" which consisted of nothing but boiler plate objections, and refused to consider supplementing its responses until after the federal court reached a decision in Nexa's newly filed, yet very frivolous "appeal."

On June 16, 2024 Judge Maas of the San Diego Superior Court issued a tentative ruling against Nexa compelling discovery responses without objection and awarding over $12,000.00 in sanctions. The next day Nexa removed the case to federal court purportedly based on the removal procedures under CAFA.

Nexa's actions in flouting the law and creating its own alleged law out of creative fiction, in order to prevent the disclosure of aggrieved employees and eventual justice, must be stopped.

Nexa's basis for removal is based on an Amended Complaint that was filed around year before the San Diego Superior Court decided to compel Mr. Diaz' claims to arbitration. At the time of removal, Mr. Diaz was no longer a representative of a class action, and thus at the time of removal there was not a class action as required for CAFA subject matter jurisdiction. And, as Nexa now belatedly admits, California's PAGA statute, which is the only remaining non-arbitration claim existing at the time of removal does not provide jurisdiction under CAFA.

## II.
## PROCEDURAL HISTORY

On August 3, 2022, Plaintiff Damian Diaz, individually and on behalf of all others similarly situated, commenced an action against NEXA in the Superior Court of the State of California for the County of San Diego, captioned <u>Damian Diaz v.NEXA Mortgage,</u> LLC, Case No. 37-2022-00031816-CU-OE-NC. [ROA 1]. Since the filing of the lawsuit Nexa has instituted a strategy of compelling Mr.

1  Diaz to arbitration for non-PAGA claims while stifling his efforts to litigate the
2  PAGA action.
3      In November 2022, Defendant filed a Notice of Removal of the Superior
4  Court case to the United States District Court for the Southern District of
5  California on the basis of diversity jurisdiction. [ROA 7] [DOC 1, Case No. 3:22-
6  cv-01895-BAS-DDL (transferred on March 17, 2023 to Case No. 3:22-cv-01895-
7  JES-DDL)]
8      In December 2022, Nexa filed a Motion to Compel Arbitration in the
9  Federal Court action. [01895- DOC 4] A few days later, Plaintiff filed a Motion to
10 Remand. [01895- DOC 5]. On July 10, 2023, Federal Court remanded the case
11 back to the State of California for the County of San Diego on the basis that the
12 amount in controversy was not sufficiently met. In doing so, the Court determined
13 Nexa's Motion to Compel Arbitration moot. [01895- DOC 23]
14     In August 2023, Plaintiff served written discovery requests on Nexa in the
15 state court action.
16     A Few weeks later, Nexa filed a Motion to Compel Arbitration in Superior
17 Court. [ROA 13]. On December 8, 2023, Judge Earl H. Maas III denied in part
18 and granted in part Nexa's Motion to Compel Arbitration, sending Plaintiff's
19 individual claims to arbitration while permitting the PAGA representative claims
20 to proceed in the Superior Court action. [ROA 35].
21     In its Ruling, the Court stated: **In sum, Plaintiff's non-PAGA and**
22 **individual PAGA claims are hereby ordered to arbitration pursuant to the**
23 **rules of JAMS Arbitration. The Court declines to stay Plaintiff's**
24 **representative PAGA claims during the pendency of the arbitration and that**
25 **claim may proceed in this Court."** [ROA 35, page 6]
26     On January 8, 2024, Nexa filed a "Petition to Hear Appeal" in US District
27 Court, seeking have the Federal Court Judge assigned to the case review and
28 overturn Judge Maas' ruling on Nexa's Motion to Compel Arbitration. [Case No.

3:24-cv-00061-BEN-MMP: Doc 1]. The Petition was essentially an attempt to obtain a stay over the state court proceedings. There was no basis for this Petition under any reasonable legal theory. Nexa eventually dismissed it.

On January 16, 2024, Nexa provided belated responses to the written discovery requests, providing no substantive responses or documents and only boiler plate objections to every single interrogatory and request.

On February 27, 2024, Plaintiff filed three Motions to Compel Further Responses to the discovery requests propounded upon Nexa. [ROA 36-49]

On May 16, 2024, Judge Maas issued a Tentative Order on the Motions to Compel Further Responses to discovery, issuing monetary sanctions on Nexa and ruling that Nexa had waived all of its objections to the requests, including attorney-client and work product privileges. [ROA 72]

After the tentative ruling was published, Nexa filed a Notice of Removal on May 16, 2024. [ROA 77-80] & [US District Court Case No. 24-cv-00873-JES-DDL: DOC 1]

III.

**DEFENDANT BEARS THE BURDEN OF PROVING THAT THE REQUISITE JURISDICTION EXISTS TO SUPPORT REMOVAL**

A defendant seeking removal of an action to federal court has the burden of establishing grounds for federal jurisdiction in the case. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The removing party must prove by a preponderance of the evidence the actual facts necessary to support the petition for removal, *e.g.*, the existence of diversity, the amount in controversy, or the federal nature of the claim. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (9th Cir. 2014).

In ruling on a remand motion, the court ordinarily determines removability from the complaint as it existed at the time of removal, together with the removal

notice. If the complaint is unclear as to grounds for removal, it is proper to consider the entire record of the state proceedings. *Miller v. Grgurich* (9th Cir. 1985) 763 F2d 372, 373; *McPhail v. Deere & Co.* (10th Cir. 2008) 529 F3d 947, 956.

Moreover, if the remand motion challenges subject matter jurisdiction (e.g., amount in controversy), rather than a procedural defect in removal, the court "may look to any relevant information the parties may present, up until the time of the challenge to jurisdiction." *Bankhead v. American Suzuki Motor Corp.* (MD AL 2008) 529 F.Supp.2d 1329, 1334 (emphasis added); see also *Polo v. Innoventions Int'l, LLC* (9th Cir. 2016) 833 F3d 1193, 1196.

## IV.
## THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THIS CASE

The Court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Nexa asserts subject matter jurisdiction under CAFA. In order to utilize CAFA for subject matter jurisdiction, the case must be a "class action." 28 U.S.C. § 1332 (d) 1-2.

CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

Where a party asserts that CAFA gives rise to subject matter jurisdiction for a PAGA claim, the "[r]epresentative action under California's [PAGA] [is] not a 'class action' within meaning of Class Action Fairness Act (CAFA), as required to allow district court to exercise original jurisdiction over PAGA action." *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1122-23 (9th Cir. 2014); see also id.,

747 F.3d at 1119 (holding "CAFA provides no basis for federal jurisdiction" over a PAGA action); *Echevarria v. Aerotek, Inc.*, 814 Fed. Appx. 321, 322 (9th Cir. 2020) (affirming district court's ruling that CAFA jurisdiction does not apply to Plaintiff's remaining PAGA claim once the class action claims were dismissed).

Here, in December 2023, Judge Maas granted Nexa's Motion to Compel Arbitration and ruled: "**in sum, Plaintiff's non-PAGA and individual PAGA claims are hereby ordered to arbitration pursuant to the rules of JAMS Arbitration. The Court declines to stay Plaintiff's representative PAGA claims during the pendency of the arbitration and that claim may proceed in this Court.**" [ROA 35, page 6]

In Opposition to Plaintiff's motions to compel discovery filed in San Diego Superior Court, Nexa argued that the discovery requests were too broad because they sought documents and information that were no longer part of the case ie. class action claims. And, in making this argument, NEXA admits that the only claims left in the lawsuit is a PAGA action, which is not considered a "class action" for purposes of CAFA. This is what Nexa said:

> *After a hearing on December 8, 2023, this Court granted Defendant's motion and compelled arbitration of Plaintiff's original eight counts (the "Arbitration Claims") but retained jurisdiction over Plaintiff's non-individual PAGA claims (the "PAGA Claims"). The PAGA Claims were not stayed pending the outcome of the arbitration. . . . . Plaintiff never revised his discovery requests in light of the Court compelling all but the PAGA claims to Arbitration, seeking instead to hold Defendant to responding to the earlier discovery requests which were premised on numerous dismissed claims through the Court's December 8, 2023 Order.*
> [ROA 64, pages 2-3]

## V.

## WITHOUT SUBJECT MATTER JURISDICTION, IS NEXA AGREEING TO ALLOW CLASS ACTION CLAIMS UNDER CAFA TO MOVE FORWARD?

**A. If Nexa stipulates that Diaz has standing to bring the class action claims in Federal court, Diaz may be willing to stipulate to that as well.**

Nexa's removal is based entirely on its assertion that Diaz' class action claims are still viable and should instead be determined in Federal rather than State court. However, it is important to note that Nexa's employment agreement with Diaz (Section VIII) states: "…notwithstanding any rules in JAMS to the contrary, employees' claims may not be joined with the claims of any other person or Employee and there will be no allowance for Employee to pursue or participate in relief on a class or collective action basis against the Company arising out of the employment relationship or this agreement." Clearly Nexa will be relying on this language to assert Diaz has no standing to bring class claims as soon as their forum shopping efforts have concluded. If, as represented to this Court, Nexa is stipulating that Diaz has standing to bring the class claims alleged in his Complaint, Diaz would be willing to stipulate as well that all of those claims are viable and that Nexa has waived its right to object on the basis of standing or contractual preclusion.

**B. The class claims were not pending in State court at the time of Nexa's Removal.**

The plain reading of Judge Maas' ruling on Nexa's Motion to Compel Arbitration shows plaintiff's class action claims were compelled to arbitration, thus

there was nothing left to "remove" in this regard when Nexa filed its Notice of Removal. Judge Maas' December 7, 2023 ruling states, in pertinent part: "Plaintiff's non-PAGA and individual PAGA claims are hereby ordered to arbitration pursuant to the rules of JAMS Arbitration. The Court declines to stay Plaintiff's representative PAGA claims during the pendency of the arbitration and that claim may proceed in this Court." Clearly, plaintiff's representative PAGA claims were the only claims remaining in Judge Maas' courtroom as of the time of Nexa's Removal. Diaz' non-PAGA (a.k.a. Diaz' class claims and individual claims) as well as Diaz's individual PAGA claims were ordered to arbitration. There were no class claims pending in Judge Maas' courtroom that could be "removed" by Nexa.

## VI.
## CONCLUSION

Defendant has not met its burden to prove that this action is within the jurisdiction of the Court. Plaintiff respectfully requests this Court to grant his Motion and remand the action to the San Diego County Superior Court in which it was filed.

Dated: August 7, 2024

**MILLER LAW FIRM**

By:   /s/ Matthew R. Miller
Matthew R. Miller
Email: matt@mrmlawfirm.com

DAWSON & OZANNE
BRIAN C. DAWSON
Email: brian@dawson-ozanne.com
Attorneys for Plaintiff Damian Diaz