MITCHELL SANDLER PLLC
Arielle Stephenson (SBN 336434)
1120 20th Street NW, Suite 725
Washington, DC 20036
Telephone: (202) 886-5267
astephenson@mitchellsandler.com

David M. Greeley, Esq. (SBN 198520)
GREELEY LAW, APC
1350 Columbia Street, Suite 403
San Diego, California 92101
Telephone: (619) 658-0462
dave@greeley.law

*Attorneys for Defendant NEXA Mortgage, LLC*

# UNITED STATE DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIAN DIAZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEXA MORTGAGE, LLC, *et al.*,<br><br>Defendants. | Civil Action No. 24-cv-0873-JES-DDL<br><br>**DEFENDANT NEXA MORTGAGE LLC'S OPPOSITION TO PLAINTIFF DAMIAN DIAZ'S MOTION FOR REMAND**<br><br>Hon. James E. Simmons, Jr.<br>Magistrate Judge David D. Leshner<br><br>Hearing Date: September 4, 2024 at 11:00 AM, Dep't 4B<br>Trial Date: None Set |

## **TABLE OF CONTENTS**

**INTRODUCTION** ............................................................................................................. 1

**FACTUAL BACKGROUND**........................................................................................... 1

**LEGAL STANDARD** ...................................................................................................... 3

**ARGUMENT**..................................................................................................................... 4

    I.    At The Time of Removal, Diaz's Complaint Encompassed Class Claims, and The Remaining Procedural Elements of CAFA Jurisdiction Are Not Disputed.................................................................. 5

    II.    The Class Claims Have Not Been Dismissed, And Thus They Properly Confer Subject Matter Jurisdiction................................................. 6

**CONCLUSION** ............................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Adolph v. Uber Techs., Inc.*, 14 Cal. 5th 1104 (2023) ................................................ 9

*Broadway Grill, Inc. v. Visa In*c., 856 F.3d 1274 (9th Cir. 2017) ................................ 5

*Bushley v. Credit Suisse First Bos.*, 360 F.3d 1149 (9th Cir. 2004) ............................ 7

*Canela v. Costco Wholesale Corp.*, 965 F.3d 694 (9th Cir. 2020) ............................ 10

*Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018) ................................ 5

*Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014) .................... 4

*Dees v. Billy*, 394 F.3d 1290 (9th Cir. 2005) ....................................................... 7, 11

*Echevarria v. Aerotek, Inc.*, 814 Fed. Appx. 321 (9th Cir. 2020) .............................. 1, 8

*Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79 (2000) ..................................... 7

*Haw. ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027 (9th Cir. 2014). ................ 5

*Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193 (9th Cir. 2015). ................................ 3, 4

*Interactive Flight Techs., Inc. v. Swissair Swiss Air Transport Co.*, 249 F.3d 1177 (9th Cir. 2001) .................................................................................. 7

*Martinez v. Check 'N Go of Cal., Inc.*, No. 15-cv-1864-MLH (RBB), 2016 WL 6103166 (S.D. Cal. Feb. 18, 2016) ............................................................. 10

*MediVas, Ltd. Liab. Co. v. Marubeni Corp.*, 741 F.3d 4 (9th Cir. 2014) ................ 7, 10

*Pac. Coast Fed'n of Fishermen's Ass'ns v. Chevron Corp.*, No. 18-cv-07477-VC, 2023 WL 7299195 (N.D. Cal. Nov. 1, 2023) .......................................... 5, 6, 9

*Sanford v. Memberworks, Inc.*, 483 F.3d 956 (9th Cir. 2007) ................................ 8, 10

*Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013) ........................................... 4

*United Steel Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087 (9th Cir. 2010) ................................................................................................ 5, 8, 10

**Statutes**

28 U.S.C. § 1332 ................................................................................................ 3, 5

28 U.S.C. § 1441 ..................................................................................................... 3

28 U.S.C. § 1453 ..................................................................................................... 2

9 U.S.C. § 3 ............................................................................................................. 9

## INTRODUCTION

Defendant NEXA Mortgage LLC ("NEXA" or "Defendant") hereby submits this opposition to Plaintiff Damian Diaz's ("Plaintiff" or "Diaz") Motion for Remand ("Motion"), ECF No. 9-10. The Court maintains subject matter jurisdiction, which was established in Defendant's notice of removal under the Class Action Fairness Act of 2005 ("CAFA"). There is no argument at all that NEXA's calculations are inaccurate or that it has not met the procedural requirements to establish diversity under CAFA, including the amount in controversy. Rather, Plaintiff's only argument is that since the class action claims were compelled to arbitration, there is no class action pending, and thus, no class jurisdiction.

Yet, the law and Plaintiff's own citations clearly establish that a federal court would only lose jurisdiction under CAFA if the class action claims were actually *dismissed* when compelled to arbitration. *See* ECF No. 6-1 at 4; *Echevarria v. Aerotek, Inc.*, 814 Fed. Appx. 321, 322 (9th Cir. 2020). That irrefutably did not happen here. Indeed, the state court did not dismiss the class claims when it compelled them to arbitration and, as a result, the class claims remain under the jurisdiction of this Court. *See also* NEXA's Notice of Removal. ECF No. 1. Accordingly, the Court should deny Plaintiff's Motion.

## FACTUAL BACKGROUND

Diaz's operative Amended Complaint, filed on October 31, 2022, in California state court, includes class claims brought under § 382 of the California Code of Civil Procedure and a representative Private Attorneys General Act of 2004 ("PAGA") claim.

FAC, ECF No. 1 at Ex. 6, p. 1-2, 14 (labeled a "Class Action Complaint" brought as a "wage and hour class action lawsuit[.]"). The class action is brought "on behalf of himself, individually, and on behalf of all similarly situated individuals, pursuant to Code of Civil Procedure §382[.]" *Id.* at ¶ 5. It contains a section entitled "Class Action Allegations" which addresses the elements of "commonality", "numerosity", "typicality", and "superiority." *Id.* at p. 14-17.

In response to the Amended Complaint, NEXA filed a motion to compel Plaintiff's Claims to Arbitration and to Stay the Case ("Motion to Compel"). ECF No. 1 at Ex. 11. NEXA's Motion to Compel was granted in part and denied in part on December 8, 2023, and while Diaz's non-PAGA and individual PAGA claims were compelled to arbitration, the representative PAGA claims were not. Minute Order, ECF No. 1 at Ex. 28. The Court retained jurisdiction over the claims compelled to arbitration and specifically did not dismiss them. *See id.* The Court further declined to stay the representative PAGA claim while the arbitration was pending, alleging a California circuit split existed in interpreting whether an arbitrator's ruling would impact standing in the representative PAGA action. *See id.*

On May 16, 2024, Defendant removed the case to this Court after a review on its own initiative identified that the amount in controversy for Plaintiff's class claims satisfied the $5,000,000 threshold for the CAFA under 28 U.S.C. § 1453(b). Notice of Removal, ECF No. 1, at ¶¶ 12-27. The removal notice confirms and Plaintiff does not dispute that the minimal diversity requirement has been met as Diaz is a resident of

California and NEXA is a resident of Arizona. *Id.* at ¶ 13. Moreover, based on Defendant's review, Diaz has pled a proposed class of potentially 619 members. *Id.* at ¶ 17.

On June 27, 2024, NEXA filed its Motion to Stay the action, and also emailed a copy to Diaz's counsel. ECF No. 4. Plaintiff did not file an opposition within the time limits afforded by the local rules. Instead, on July 30, 2024, Plaintiff filed an Ex-Parte Application to accept a late-filed opposition to NEXA's Motion to Stay. ECF No. 6. On August 7, 2024, NEXA filed its opposition to the Application, ECF No. 8. Both the Motion to Stay and Application remain pending before this Court.

On August 7, 2024, Diaz filed the instant Motion for Remand. ECF Nos. 9-10.

## LEGAL STANDARD

A defendant in state court can remove a civil action to federal court if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). CAFA provides federal subject-matter jurisdiction if (1) the proposed plaintiff class is not less than 100 members, (2) the parties are minimally diverse, and (3) the aggregate amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2), (d)(5)(B). CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

"Congress intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Indeed, CAFA's "provisions should be

read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Indeed, "no antiremoval presumption attends cases invoking CAFA[."] *Id.*; *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) ("CAFA's primary objective" is to "ensur[e] 'Federal court consideration of interstate cases of national importance.'"). The burden of establishing removal jurisdiction under CAFA lies with the proponent of federal jurisdiction. *Ibarra*, 775 F.3d at 1197.

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

## ARGUMENT

The record here undeniably establishes that (1) Diaz sought class claims which have never been dismissed by any Court, (2) the parties are minimally diverse, (3) the class sought by Diaz exceeds 100 members, and (4) the amount in controversy exceeds $5,000,000. Unable to dispute this basis for CAFA jurisdiction, Plaintiff instead advances the notion that because his class claims were compelled to arbitration, no Court has jurisdiction over them under CAFA. That notion is effectively disproved by substantial case law confirming that claims compelled to arbitration but not dismissed are implicitly

stayed, and the Court maintains jurisdiction over them. Thus, at all times since removal, this Court has had subject matter jurisdiction.

## I. At The Time of Removal, Diaz's Complaint Encompassed Class Claims, and The Remaining Procedural Elements of CAFA Jurisdiction Are Not Disputed.

"In exercising that appellate jurisdiction, the circuits have unanimously and repeatedly held that whether remand is proper must be ascertained on the basis of the pleadings at the time of removal." *Broadway Grill, Inc. v. Visa In*c., 856 F.3d 1274 (9th Cir. 2017). To be removable under CAFA, a "class action" must be "filed under Rule 23… or a state law equivalent." 28 U.S.C. § 1332(d)(1)(B). Courts have also found that a class action brought under the California analog to Rule 23, Section 382, is proper for CAFA jurisdiction. *See Pac. Coast Fed'n of Fishermen's Ass'ns v. Chevron Corp.*, No. 18-cv-07477-VC, 2023 WL 7299195, at *1 (N.D. Cal. Nov. 1, 2023).

"The appropriate inquiry is therefore whether a complaint seeks class status." *Haw. ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1040 (9th Cir. 2014). Indeed, a plaintiff files a class action for CAFA purposes by invoking a state class action rule, regardless of whether the putative class ultimately will be certified. *United Steel Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1091-92 (9th Cir. 2010). The same is true for the amount in controversy inquiry under CAFA: "the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018).

5

Here, Plaintiff's operative Complaint, filed on October 31, 2022, is a "Class Action Complaint" brought as a "wage and hour class action lawsuit[.]" FAC, ECF No. 1, at Ex. 6, p. 1-2. The class action is brought "on behalf of himself, individually, and on behalf of all similarly situated individuals, pursuant to Code of Civil Procedure §382[.]" *Id.* at ¶ 5. It contains a specific section entitled "Class Action Allegations" which addresses the requisite class action elements of "commonality", "numerosity", "typicality", and "superiority." *Id.* at p. 14-17. Further, while Plaintiff did not bring a class action under Rule 23 of the Federal Rules of Civil Procedure, he did bring class claims pursuant to Section § 382 of the California Code of Civil Procedure, which is sufficient to qualify as a class action for purposes of CAFA. *Pac. Coast*, 2023 WL 7299195, at *1. Notably, Plaintiff has not argued that (1) he did not bring class claims, (2) there is an absence of minimal diversity, (3) the class is less than 100 members, or (4) the amount in controversy requirement is not satisfied. Accordingly, the only question this Court must answer is whether the state court's decision to compel certain claims to arbitration defeats CAFA jurisdiction. It does not.

**II.   The Class Claims Have Not Been Dismissed, And Thus They Properly Confer Subject Matter Jurisdiction.**

Although Plaintiff refuses to acknowledge it, there is a substantial distinction between the effect of a court compelling claims to arbitration and a court dismissing them. In the first instance, a court has not relinquished its jurisdiction, but rather, the claims are implicitly stayed before the court and remain pending in the action. *MediVas, Ltd. Liab.*

*Co. v. Marubeni Corp.*, 741 F.3d 4, 8 (9th Cir. 2014) (claims ordered to arbitration and neither dismissed nor stayed remained pending before the district court, but subject to an implicit stay pending the outcome of the arbitration). In the second instance, where a court affirmatively dismisses the claims with or without prejudice, the court no longer possesses jurisdiction because the case is entirely disposed. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 83, 86-87 (2000) (parties ordered to arbitrate their dispute *and* dismissal of the underlying claims with prejudice resulted in an order that was final and appealable because it disposed of the entire action.); *Interactive Flight Techs., Inc. v. Swissair Swiss Air Transport Co.*, 249 F.3d 1177, 1179 (9th Cir. 2001) (order compelling arbitration and dismissing the underlying claims without prejudice also disposed of the entire case).

Indeed, the Ninth Circuit has "consistently treated orders compelling arbitration but not explicitly dismissing the underlying claims as unappealable interlocutory orders" in which the stayed claims remain under the Court's jurisdiction. *MediVas*, 741 F.3d at 7; *see also Dees v. Billy*, 394 F.3d 1290, 1294 (9th Cir. 2005) (holding "a district court order staying judicial proceedings and compelling arbitration is not appealable even if accompanied by an administrative closing" because this order "has no jurisdictional effect."). The failure to dismiss a claim means that the "claim -- although currently stayed -- remains before the trial court." *Dees*, 394 F.3d at 1293; *see also Bushley v. Credit Suisse First Bos.*, 360 F.3d 1149, 1153 (9th Cir. 2004) (district court who did not rule upon the motion to stay or dismiss the proceedings but compelled claims to arbitration rendered the action "effectively stayed pending the conclusion of the [] arbitration."). Moreover, in

*Sanford v. Memberworks, Inc.*, 483 F.3d 956 (9th Cir. 2007), the Ninth Circuit explicitly held that an order directing arbitration and denying the defendant's motion to stay was *not final*, specifically because the plaintiff's claims remained before the trial court. *See id.* at 961-62. In fact, the *Sanford* Court specifically rejected Defendants' argument that "no 'live' claims remained before the court," finding that "this posture is no different" than where a case was "administratively closed" pending the results of arbitration. *See id.* at 961. It concluded that because "Sanford's claims were not dismissed, they remained before the trial court" and "at most could be described as effectively stayed pending the conclusion of the [] arbitration." *See id.* at 961.

Plaintiff's own citations confirm that CAFA jurisdiction is only inapplicable when class claims are dismissed, not simply compelled to arbitration. *Echevarria v. Aerotek, Inc.*, 814 Fed. Appx. 321, 322 (9th Cir. 2020) (holding "CAFA jurisdiction does not apply to [Plaintiff]'s remaining PAGA claim once he *voluntarily dismissed* the class action claims.") (emphasis added). In *Echevarria*, the Court distinguished another case on the basis that "the claims there that gave rise to CAFA jurisdiction survived as individual claims." *Id.* (*citing United Steel v. Shell Oil Co.*, 602 F.3d 1087, 1090 (9th Cir. 2010)). The case cited, *United Steel*, confirmed that "the federal jurisdictional question must be analyzed as of when the suit is filed as a class action," and not at a later time such as "when the class is or is not certified." *United Steel*, 602 F.3d at 1091 (citations omitted) Thus, when the class was not certified, the Court did not lose jurisdiction of the claims. *Id.* at 1092.

Moreover, California case law mirrors the federal precedent that the class claims remained part of the case when compelled to arbitration but not dismissed. "Because a single action may still be maintained when issues comprising the action have been bifurcated into judicial and arbitral forums, the relevant statutory standing requirements are met 'on the date the complaint is filed' and thereafter." *Adolph v. Uber Techs., Inc.*, 14 Cal. 5th 1104, 1128 (2023) (internal citations omitted). "Indeed, it is a regular and accepted feature of litigation governed by the FAA that the arbitration of some issues does not sever those issues from the remainder of the lawsuit." *Id.* at 1125. "When an action includes arbitrable and nonarbitrable components, the resulting bifurcated proceedings are not severed from one another; rather, the court may 'stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.'" *Id.* (*citing* 9 U.S.C. § 3).

Here, "Plaintiff's non-PAGA and individual PAGA claims" were "ordered to arbitration." December 8, 2023 Order, ECF No. 1 at Ex. 28, p. 6. It is undisputable that there is no order from the state court, or any court, affirmatively dismissing with or without prejudice the class claims.[1] Rather, there is substantial precedent confirming that claims compelled to arbitration are implicitly stayed and remain before the trial court. *See*

---

[1] Diaz's reference to NEXA's responses to improperly served discovery responses confirm that the Court's December 8, 2023, Order compelled all but the representative PAGA claims to arbitration. NEXA's usage of the word "dismissed" in discovery responses is an effort to place form over substance, which is rejected when deciding removal. *See Pac. Coast*, 2023 WL 7299195, at *2 ("the substance of the lawsuit is what matters, not the label [a party] slaps onto it." A review of the Court's December 8, 2023, Order confirms that no dismissal was entered, ordered, and there is no citation by Plaintiff to any Court record supportive of its position that the claims were dismissed.

9

DEFENDANT NEXA MORTGAGE LLC'S OPPOSITION TO PLAINTIFF DAMIAN DIAZ'S MOTION FOR REMAND
Case No. 24-cv-0873-JES-DDL

*e.g.*, *MediVas*, 741 F.3d at 8; *Sanford*, 483 F.3d at 961. Plaintiff does not provide any legal support for the notion that a class claim compelled to arbitration cannot form the basis of CAFA jurisdiction. Indeed, as discussed above, Plaintiff's citations are inapposite. And while the class action waiver in Diaz's employment agreement impacts the ultimate viability of his class claims, it nonetheless has no bearing on whether the Complaint asserts class claims, and whether those claims remain before the Court. Indeed, the state court neither reviewed the subject class action waiver provision, nor sought to interpret or enforce it, or otherwise made any decision regarding the provision and its applicability to Plaintiff's alleged class claims. This is no different than the frequently asserted yet flawed argument that the subsequent failure of a class to be certified defeats a federal court of CAFA jurisdiction. The Ninth Circuit has repeatedly rejected this argument and specifically found that "a cause of action filed as and authorized as a class action under state law is a 'class action' under CAFA, even if, after discovery or litigation of the class certification question, the cause of action might not be certifiable." *Canela v. Costco Wholesale Corp.*, 965 F.3d 694 (9th Cir. 2020); *see also United Steel*, 602 F.3d at 1090-91 (CAFA jurisdiction still existed even after class was not certified). This is even true in the context of arbitration as the Ninth Circuit has found the eventuality of a court compelling arbitration for proposed class members does not divest a court of CAFA jurisdiction. *See e.g., Martinez v. Check 'N Go of Cal., Inc.*, No. 15-cv-1864-MLH (RBB), 2016 WL 6103166, at *2 (S.D. Cal. Feb. 18, 2016) ("[T]he Court's post-removal order

compelling plaintiff's class claims to arbitration and staying those claims does not affect the Court's CAFA jurisdiction analysis.").

With respect to this Court's present CAFA analysis, NEXA's potential subsequent defense of the class claims, or the ultimate viability of these claim is of no moment. Indeed, despite Plaintiff's attempts to cast aspersions on NEXA's actions, the applicable case law clearly overwhelmingly supports the conclusion that removal of this matter was and remains proper. In its December 8, 2023 Order, the state court unequivocally compelled Plaintiff's non-PAGA and individual PAGA claims to arbitration but declined to dismiss any portion of Plaintiff's case. This resulted in the class claims being implicitly stayed, but still pending before the district court. *Dees*, 394 F.3d at 1293. As a result, this Court retains jurisdiction over the class action claims which properly served as the basis for removal under CAFA.

///

///

///

///

///

///

///

///

11

DEFENDANT NEXA MORTGAGE LLC'S OPPOSITION TO PLAINTIFF DAMIAN DIAZ'S MOTION FOR REMAND
Case No. 24-cv-0873-JES-DDL

# **CONCLUSION**

WHEREFORE, for the reasons set forth herein, Defendant NEXA Mortgage LLC respectfully requests the Court deny Plaintiff's Motion and grant such further relief as this Court deems proper and just.

Dated: August 21, 2024                Respectfully submitted,

MITCHELL SANDLER PLLC
*/s/ Arielle Stephenson*
Arielle Stephenson (SBN 336434)
1120 20th Street NW, Suite 725
Washington, DC 20036
Telephone: (202) 886-5267
astephenson@mitchellsandler.com

Counsel for Defendant *NEXA Mortgage, LLC*

Dated:  August 21, 2024            GREELEY LAW, APC

By: _____
David M. Greeley (SBN 198520)
1350 Columbia Street, Suite 403
San Diego, CA 92101
Telephone: (619) 658-0462
david@greeley.law

Counsel for Defendant *NEXA Mortgage, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2024, a copy of the foregoing **DEFENDANT NEXA MORTGAGE LLC'S OPPOSITION TO PLAINTIFF DAMIAN DIAZ'S MOTION FOR REMAND**, were filed electronically with the United States District Court Southern District of California, by using the Court's CM/ECF system.

Dated: August 21, 2024           Respectfully submitted,

MITCHELL SANDLER PLLC
*/s/ Arielle Stephenson*
Arielle Stephenson (SBN 336434)
1120 20th Street NW, Suite 725
Washington, DC 20036
Telephone: (202) 886-5267
astephenson@mitchellsandler.com

Counsel for Defendant *NEXA Mortgage, LLC*

Dated: August 21, 2024           GREELEY LAW, APC

By: _____
David M. Greeley (SBN 198520)
1350 Columbia Street, Suite 403
San Diego, CA 92101
Telephone: (619) 658-0462
david@greeley.law

Counsel for Defendant *NEXA Mortgage, LLC*