Matthew R. Miller (SBN 194647)
MILLER LAW FIRM
6790 Embarcadero Lane, No. 100
Carlsbad, CA 92011
Telephone: (619) 261-1150

Email: matt@mrmlawfirm.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIAN DIAZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEXA MORTGAGE, LLC, et al.,<br><br>Defendants. | Case No. 3:24- cv 00873 JES-BJC<br><br>**PLAINTIFF'S <u>REPLY</u> BRIEF IN SUPPORT OF MOTION FOR ORDER REMANDING CASE TO STATE COURT**<br><br>Date:   September 4, 2024<br>Time:   11:00 a.m.<br><br>Dept.:   4B<br>Judge:   Hon. James E. Simmons<br><br>State Action Filed: August 3, 2022<br>FAC Filed: October 31, 2022<br>1st Removal Date: November 30, 2022<br>Remanded: July 10, 2023<br>2nd Removal Date: May 16, 2024 |

## I.

## <u>INTRODUCTION</u>

This Court does not have subject matter jurisdiction based on the Class Action Fairness Act (CAFA). Plaintiff's request to remand should be granted. NEXA's latest removal was done to avoid paying over $12,000.00 in sanctions for

discovery abuses in the state court action <u>and</u> to continue to avoid providing any discovery responses while it delays and frustrates Plaintiff's ability to prosecute his case.  Nexa's removal, and its opposition to the present motion, are based upon a convoluted presentation of cases and legal principles that have nothing to do with the issue before the court.

Was Mr. Diaz a putative class representative under CAFA at the time Nexa filed its removal?  The clear answer is no; and Nexa's grounds for removal fail as a result.

At the time of removal, the case pending in the San Diego Superior Court was no longer a purported class action, and was not subject to removal under CAFA.  Despite feigning ignorance in an effort to find any type of support for removing the case a second time, Nexa was fully aware - - at the time of filing its removal - - that San Diego Superior Court Judge Hon. Earl Maas III had already granted Nexa's Motion to Compel Arbitration.  Judge Mass ordered "Plaintiff's non-PAGA and individual PAGA claims to arbitration pursuant to the rules of JAMS Arbitration" while declining only to "stay Plaintiff's representative PAGA claims during the pendency of the arbitration and <u>that claim</u> may proceed in this Court."  [ROA 35, page 6].

Without a class representative and without any class claims remaining in Judge Maas' courtroom, there was no class action that could be removed pursuant to CAFA.

And, <u>as Nexa now belatedly admits</u>, California's PAGA statute, which is the only remaining non-arbitration claim existing at the time of removal does not provide jurisdiction under CAFA.

This case must be remanded back to the San Diego Superior Court.

## II.

## THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION

The Court has original jurisdiction "of all civil actions arising under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Nexa asserts subject matter jurisdiction under CAFA.  In order to utilize CAFA for subject matter jurisdiction, <u>the case must be a "class action."</u> 28 U.S.C. § 1332 (d) 1-2.

CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

Here, in December 2023, Judge Maas granted Nexa's Motion to Compel Arbitration, ruling: "**<u>Plaintiff's non-PAGA and individual PAGA claims are hereby ordered to arbitration pursuant to the rules of JAMS Arbitration. The Court declines to stay Plaintiff's representative PAGA claims during the pendency of the arbitration and that claim may proceed in this Court.</u>**" [ROA 35, page 6]

In Opposition to Plaintiff's motions to compel discovery filed in San Diego Superior Court, Nexa argued that the discovery requests were too broad because they sought documents and information that were no longer part of the case i.e. class action claims.  In making that argument, NEXA admitted that the only claims left in Judge Maas' courtroom was the PAGA representative action, which is not a "class action" for purposes of CAFA.  Nexa represented the following to the court:

> *After a hearing on December 8, 2023, this Court granted Defendant's motion and compelled arbitration of Plaintiff's original eight counts (the "Arbitration Claims") but retained jurisdiction over Plaintiff's non-individual PAGA claims (the "PAGA Claims"). The PAGA Claims were not stayed pending the outcome of the arbitration. . . . . Plaintiff never revised his discovery requests in light of the Court compelling all but the PAGA claims to Arbitration, seeking instead to hold Defendant to responding to the earlier discovery requests which were premised on*

*numerous dismissed claims through the Court's December 8, 2023 Order.* [ROA 64, pages 2-3]

Mr. Diaz's individual claims, including his claims as a putative class representative were compelled to arbitration at Nexa's request- a fact already admitted and argued by Nexa while it hoped to avoid producing any discovery responses in the state court action. Out of one side of Nexa's proverbial mouth, it claims there is no class action remaining in Judge Maas' courtroom that could possibly have been removed. However, as soon as it realized its discovery abuses had resulted in sanctions, it quickly reversed its position 180 degrees in order to fabricate some sort of "basis" for removal under CAFA. Nexa's ongoing bad faith tactics should not be rewarded.

### III.
### NEXA'S OPPOSITION AND AUTHORITY ARE INAPPLICABLE AND GROUNDLESS

Nexa's Opposition clings to its assertion that it can force the removal of a matter that had already been compelled to arbitration (and was already pending with JAMs) at the time of its attempted removal. Nothing cited by Nexa in its opposition remotely supports this position.

Instead, Nexa cites to several cases where the court determined that it either did or did not have jurisdiction to hear an appeal based on whether the decision to compel arbitration was a "final" decision that could be appealed. For example, see:

- *MediVas, Ltd. Liab. Co. v. Marubeni Corp.*, 741 F.3d 4 (9th Cir. 2014): addressing whether an order compelling arbitration is appealable when the district court neither explicitly dismisses nor explicitly stays the action;

- *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79 (2000): addressing whether petitioner could appeal because district court had disposed of entire matter pending before it;

- *Interactive Flight Techs., Inc. v. Swissair Swiss Air Transport Co.*, 249 F.3d 1177 (9th Cir. 2001): addressing whether decision to compel arbitration while dismissing the underlying claims without prejudice could be appealed;

- *Sanford v. Memberworks, Inc.*, 483 F.3d 956 (9th Cir. 2007): addressing whether a class action filed in federal court with some claims compelled to arbitration while others were dismissed was an appealable order;

- *Bushley v. Credit Suisse First Bos.*, 360 F.3d 1149 (9th Cir. 2004): addressing whether an order compelling arbitration was final for appeal purposes because the action was "effectively stayed" pending the conclusion of the arbitration;

- *Dees v. Billy*, 394 F.3d 1290 (9th Cir. 2005): addressing whether staying proceedings and compelling arbitration is an appealable order;

The balance of the remaining cases relied upon by Nexa also fail to support its assertion that removing plaintiff's case from state court (for the second time) was somehow proper at the time of removal. In order to remove a case under CAFA, the class required a representative. Rather than address the fact that there was no remaining class representative in Judge Maas' courtroom after that matter was compelled to arbitration, Nexa relies on several more cases that are not remotely on point nor factually similar to the present case. For example, see:

- *Echevarria v. Aerotek, Inc.*, 814 Fed. Appx. 321 (9th Cir. 2020): addressing whether CAFA jurisdiction applied to the plaintiff's remaining PAGA claims once plaintiff dismissed the class action claims;

- *Martinez v. Check 'N Go of Cal., Inc.*, No. 15-cv-1864-MLH (RBB), 2016 WL 6103166 (S.D. Cal. Feb. 18, 2016): a district court decision, addressing retaining jurisdiction of a "properly removed" class action case after class certification denied;

- *United Steel Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087 (9th Cir. 2010): addressing whether the subsequent denial of class certification of a

class action that was "properly removed to begin with" divested the district court of jurisdiction;

- *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018): addressing whether the amount in controversy issue for diversity jurisdiction under 28 U.S.C. § 1332 is determined at the time of removal

None of these cases support the bad faith maneuvering attempted by Nexa. Unable to find any legal support for its position, Nexa does what it has done so often in this case: confuse the issues by citing non-applicable caselaw, while forcing plaintiff and the courts to sift through misleading legal arguments in Nexa's ongoing efforts to delay the case and drive-up fees and costs for the plaintiff.

## III.
## CONCLUSION

Defendant has not met its burden to prove that this action is within the jurisdiction of the Court. Plaintiff respectfully requests this Court to grant his Motion and remand the action to the San Diego County Superior Court in which it was filed.

Dated: August 28, 2024           **MILLER LAW FIRM**

                         By:   /s/ Matthew R. Miller
                               Matthew R. Miller
                               Email: matt@mrmlawfirm.com