UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIAN DIAZ, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEXA MORTGAGE, LLC; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 24-cv-873-JES-BJC<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO REMAND; and**<br><br>**(2) DENYING AS MOOT MOTION TO STAY CASE**<br><br>**[ECF Nos. 4, 9, 10]** |

Pending before the Court are two motions filed by the parties: (1) Defendant's motion to stay case (ECF No. 4); and (2) Plaintiff's motion to remand (ECF Nos. 9, 10). The parties filed respective responsive briefing on both matters. ECF Nos. 6, 8, 11, 13. On September 4, 2024, the Court held a motion hearing and took the matters under submission. ECF No. 14. After due consideration and for the reasons discussed below, the motion to remand is **GRANTED**. Because the Court finds that it lacks jurisdiction over the case, the Court **DENIES AS MOOT** Defendant's motion to stay.

## I.  BACKGROUND

On August 3, 2022, Plaintiff Daniel Diaz ("Diaz"), on behalf of himself individually and others similarly situated, initiated a wage and hour class action lawsuit against

Defendant Nexa Mortgage, LLC ("Nexa") in the Superior Court of California, San Diego County. ECF No. 1 at 2, 37-66. On October 21, 2022, Diaz filed a first amended complaint ("FAC") in the state court case, which still remains the operative complaint in this matter. ECF No. 1 at 2; ECF No. 1 at 71-104 ("FAC").

The FAC alleges that Nexa is an Arizona mortgage company that would hire California loan officers, like Diaz, and improperly classify them as "exempt" to avoid paying owed overtime wages, minimum wages, and giving them meal and rest breaks. FAC ¶¶ 11-22. Based on this course of conduct, Plaintiffs allege causes of action for: (1) failure to reimburse business expenses/unlawful deductions; (2) failure to pay minimum wages; (3) failure to pay overtime wages; (4) failure to provide meal and/or rest periods; (5) failure to maintain accurate records; (6) waiting time penalties; (7) violation of California Business and Professions Code §§ 17200 et seq.; (8) for declaratory relief; and (9) enforcement of Labor Code §§ 2698 et. seq. ("PAGA"). *Id.* ¶¶ 31-102.

On November 30, 2022, Nexa first removed the case to this Court. *Diaz v. Nexa Mortgage, LLC*, Case No. 22-cv-1895-JES-BJC ("*Diaz I*"). In the notice of removal, Nexa alleged that there was federal subject matter jurisdiction through diversity jurisdiction under 28 U.S.C. § 1332(a)(1), which requires a showing of complete diversity between the parties and that the amount in controversy exceeds $75,000. *Diaz I*, ECF No. 1 ¶¶ 9-12. Diaz filed a motion to remand the case to state court, and after the parties completed briefing on the issue, the Court found that Defendant Nexa failed to meet its burden to show that the amount in controversy had been met and remanded the case back to state court. *Diaz I*, ECF Nos. 5, 9, 15, 23.

As the case progressed in state court, Defendant Nexa moved the court to compel arbitration and to stay the case. ECF No. 1 at 233-242. The parties completed briefing on the motion in state court. *Id.* at 293-311; 403-411. The state court issued a tentative ruling granting in part and denying in part the motion, and confirmed its tentative ruling at the motion hearing on December 8, 2023. *Id.* at 426-439. The state court specifically stated that "Plaintiff's non-PAGA and individual PAGA claims are hereby ordered to arbitration

pursuant to the rules of JAMS Arbitration. The Court declines to stay Plaintiff's representative PAGA claims during the pendency of the arbitration and that claim may proceed in this Court." *Id.* at 439. After that ruling, the case proceeded in state court with discovery on the PAGA claim. *See, e.g.*, *id.* at 19-22.

On May 15, 2024, Nexa again removed the case to this Court. ECF No. 1. In the new notice of removal, Nexa alleges that there is now federal subject matter jurisdiction through diversity jurisdiction under 28 U.S.C. § 1332(d), which applies to class actions where the amount in controversy exceeds $5,000,000 and there is minimal diversity between the parties. ECF No. 1 ¶¶ 11-27.

On June 27, 2024, Nexa filed a motion to stay the case, including the representative PAGA claim, pending arbitration, and the motion was set for hearing on July 31, 2024. ECF No. 4. Having received no opposition to this motion by the deadline, on July 29, 2024, the Court vacated the motion hearing and submitted the motion on the papers. ECF No. 5. On July 30, 2024, Diaz filed an *ex parte* motion for extension of time to oppose the motion. ECF No. 6. Because the *ex parte* motion raised issues related to this Court's federal subject matter jurisdiction over the case, the Court ordered Nexa to respond. ECF No. 7. On August 7, 2024, Nexa filed a response to the *ex parte* motion. ECF No. 8. On that same date, Diaz filed a motion to remand the case back to state court. ECF Nos. 9-10. Nexa filed an opposition, and Diaz filed a reply. ECF Nos. 11, 13. On September 4, 2024, the Court held a hearing on the motion to remand and took it under submission. ECF No. 14.

## II.   LEGAL STANDARDS

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). In a case originally brought in state court, a defendant may remove the action to federal court if there is federal subject matter jurisdiction. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

Nexa now removes the case under the Class Action Fairness Act ("CAFA"). CAFA gives federal courts jurisdiction over certain class actions if (1) the class has more than 100 members, (2) the parties are minimally diverse, and (3) the amount in controversy exceeds $5,000,000. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B); *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013). Minimal diversity under this section of 1332 requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) (citing 28 U.S.C. § 1332(d)(2)). Under CAFA, unlike with other diversity jurisdiction, there is no presumption against removal jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

### III.   DISCUSSION

Both parties are in agreement regarding several issues. First, no one disputes that only actions qualifying as a "class action" may be removed under CAFA. The term "class action" is defined to be "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Second, no one disputes that PAGA actions brought under California law do not qualify as "class actions" under CAFA. *See Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1122-23 (9th Cir. 2014) ("[W]e conclude that PAGA actions are also not sufficiently similar to Rule 23 class actions to trigger CAFA jurisdiction.").

Thus, the only issue in dispute here is whether the state case, as it remained at the time of removal, still included the non-PAGA class claims that were part of the FAC. Diaz argues that the state court's December 8, 2023 ruling sent his claims to arbitration, effectively dismissing them from the case at that time, and only left his representative PAGA claim, which was not stayed. Nexa disagrees, and argues that the other claims sent to arbitration were not explicitly dismissed; thus, the state court retained jurisdiction over them, making the claims still part of the case when it removed the case under CAFA.

In support of its position, Nexa cites to several cases that effectively stand for the same two propositions. First, that unless a court order compelling arbitration of claims expressly dismisses those claims, the claims are considered stayed pending the arbitration. *MediVas, LLC v. Marubeni Corp.*, 741 F.3d 4, 7 (9th Cir. 2014) ("We adopt a rebuttable presumption that an order compelling arbitration but not explicitly dismissing the underlying claims stays the action as to those claims pending the completion of the arbitration."); *Sanford v. MemberWorks, Inc.*, 483 F.3d 956, 962 (9th Cir. 2007) ("Because [plaintiff's] claims were not dismissed, they 'remain[ed] before the trial court,' and at most could be described as 'effectively stayed pending the conclusion of the . . . arbitration[.]'") (citation and internal quotation marks omitted). Second, courts then use this proposition to determine whether an appeal could be taken or not on those claims, because if they were just stayed rather than explicitly dismissed, they were not considered "final" to be appealable. *MediVas*, 741 F.3d at 7 ("Thus, an order compelling arbitration may be appealed if the district court dismisses all the underlying claims, but may not be appealed if the court stays the action pending arbitration."); *Interactive Flight Techs., Inc. v. Swissair Swiss Air Transp. Co.*, 249 F.3d 1177, 1179 (9th Cir. 2001). Taken together, Nexa invites the Court to extend these principles to this case—because the state court did not "explicitly" dismiss the non-PAGA claims, those claims, including the wage and hour class claims, remained part of the case and could support CAFA jurisdiction.

On the other hand, Diaz argues that these cases are not directly on point and the procedural posture here is very different. ECF No. 13 at 4-5. He points to the language in the state court order to support its position that the class claims were not considered by that court anymore to be part of the case. *Id.* at 3. Moreover, Diaz argues that under CAFA, "the class requires a representative" and that Nexa fails to address the fact that there is no remaining class representative in the state court case it is attempting to remove. *Id.* at 5.

While Diaz does not cite any case law to support this latter argument, the Court agrees with this position and finds it to be supported by legal authority. Because this issue relates to subject matter jurisdiction, the Court is under an obligation to independently

verify it exists before a case can remain in federal court. First, cases consistently hold that a named class representative that has been compelled to arbitration can no longer serve as a class representative. *Cortez v. Cambridge Real Est. Servs., Inc.*, No. 22-CV-07332-HSG, 2023 WL 4534946, at *4 (N.D. Cal. June 16, 2023) ("A plaintiff may not pursue class claims as a representative when they are required to arbitrate their own claims."); *Farfan v. SSC Carmichael Operating Co. LP*, No. 18-CV-01472-HSG, 2019 WL 4933577, at *3 (N.D. Cal. Oct. 7, 2019) ("Plaintiffs do not explain how they can pursue class claims as representative plaintiffs when they are required to arbitrate their own claims, and the Court is aware of no authority that would permit this result."); *Bulnes v. Suez WTS Servs. USA, Inc.*, No. 22-CV-1154-BAS-AHG, 2023 WL 3262938, at *23 (S.D. Cal. May 4, 2023) ("Given this Court's decision to grant [Defendant's] request to compel arbitration, [Plaintiff] cannot continue to serve as class representative of the putative class."); *Yun Park v. MSX Americas, Inc.*, No. 819CV01487JLSKES, 2019 WL 5285446, at *5 (C.D. Cal. Oct. 9, 2019) (same).

Second, cases are equally consistent that a class action cannot proceed without a class representative. *See Drimmer v. WD-40 Co.*, No. 06-CV-900 W (AJB), 2010 WL 11508735, at *2 (S.D. Cal. Mar. 29, 2010) ("However, it is clear that a class action cannot proceed without a class representative. Fed. R. Civ. P. 23(a)."); *Farfan*, 2019 WL 4933577, at *3 ("[T]he Court finds that it must dismiss the putative class claims" because "[g]iven that Plaintiffs are required to arbitrate their claims, there is no class representative who can pursue the class claims. *See* Fed. R. Civ. P. 23(a)."); *Cortez*, 2023 WL 4534946, at *4 ("[T]here is no class representative who can pursue the class claims, and those claims are dismissed."); *Farhan*, 2019 WL 4933577, at *3 (same); *Bulnes*, 2023 WL 3262938, at *23 (same); *Yun Park*, 2019 WL 5285446, at *5 (same).

The Court must evaluate whether it has CAFA jurisdiction from the time of removal. *See Nuguid v. Mercedes-Benz USA, LLC*, No. 321CV00435BENBLM, 2021 WL 5356240, at *2 (S.D. Cal. Nov. 17, 2021). As it stands, at the time of removal, there is only one named class representative—Plaintiff Diaz—and his individual claims have been

compelled to arbitration. There is no other class representative that has been named in the operative complaint. Without a class representative, the case does not meet a basic requirement of Rule 23(a), and the Court does not see how it can qualify at this time as a "class action" as required under CAFA. *See Drimmer*, 2010 WL 11508735, at *2; *Farfan*, 2019 WL 4933577, at *3.

The issue of timing is critical, and it is important to distinguish the procedural posture here to cases that are *already* in federal court, *where federal court jurisdiction has already been established*, but it is consequently lost. As Nexa itself points out, courts at that juncture are reluctant to immediately strip themselves of jurisdiction. *See* ECF No. 11 (citing *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1092 (9th Cir. 2010), for the proposition that federal courts do not lose CAFA jurisdiction when a class is not subsequently certified and can only proceed on individual claims). The *United Steel* case described the general rule as "once jurisdiction, always jurisdiction," and this rule arises from concerns about "jurisdictional ping pong" in having a case bounce between state and federal court and the judicial waste that would arise from remanding it after significant discovery had already been conducted by the class certification stage in federal court. *See Ramirez v. C&J Well Serv., Inc.*, No. CV 20-535 PSG (SSX), 2020 WL 6802021, at *4–5 (C.D. Cal. Nov. 19, 2020). Furthermore, *United Steel* itself recognized some exceptions to this rule, including where a case becomes moot during the course of litigation or where there was no jurisdiction in the first instance or it was a frivolous claim to jurisdiction. 602 F.3d at 1092 (citing *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 807 (7th Cir. 2010)).

Regardless of what happened to the class claims in state court—whether dismissed or stayed—this Court does not stand in the same position as a federal court that already has jurisdiction and must consider whether it now retains it after claims were sent to arbitration. Rather, this Court must evaluate whether it has jurisdiction *in the first instance*. Indeed, in this procedural posture, the considerations that supported the holding in *United Steel* are

7

24-cv-873-JES-BJC

not present—this case has not toiled in federal court and is suddenly being remanded back once sent to arbitration and losing its sole named class representative. It is rather the opposite, where this case has been wholly litigated in state court, and this Court is determining jurisdiction anew. For the reasons discussed above, the Court does not find that the case, at the time of removal, qualifies as a "class action" as required under CAFA and therefore, **GRANTS** the motion to remand.

## IV.   MOTION TO STAY

Also pending before the Court is Nexa's Motion to Stay the case pending arbitration. ECF No. 4. Because the Court grants Diaz's motion to remand and finds that Nexa has not sufficiently show that there is federal subject matter jurisdiction over the case, the Court **DENIES AS MOOT** the motion to stay.

## V.   CONCLUSION

After due consideration and for the reasons discussed above, the Court G**RANTS** Plaintiff's Motion to Remand and **DENIES AS MOOT** Defendant's Motion to Stay. This case is remanded back to state court.

**IT IS SO ORDERED.**

Dated:  October 7, 2024

Honorable James E. Simmons Jr.
United States District Judge