No. _____

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

DAMIAN DIAZ, on behalf of himself and all others similarly situated,

*Plaintiffs-Respondents,*

– v. –

NEXA MORTGAGE, LLC; and DOES 1-100, inclusive,

*Defendant-Petitioner.*

ON PETITION FROM THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF CALIFORNIA
HON. JAMES E. SIMMONS JR.
CASE NO. 3:24-cv-00873-JES-BJC

## PETITION FOR LEAVE TO APPEAL REMAND ORDER PURSUANT TO 28 U.S.C. § 1453(c)(1) AND FEDERAL RULE OF APPELLATE PROCEDURE 5

DAVID M. GREELEY, ESQ.
GREELEY LAW, APC
1350 Columbia St., Ste 403
San Diego, CA 92101
(619) 658-0462
david@greeley.law

ARIELLE STEPHENSON
MITCHELL SANDLER PLLC
1120 20th Street, NW
Suite 725
Washington, DC 20036
(202) 886-5260
astephenson@mitchellsandler.com

*Counsel for Defendant-Petitioner NEXA Mortgage LLC*

## CORPORATE DISCLOSURE STATEMENT

NEXA Mortgage LLC ("NEXA"), is an Arizona limited liability company. It is not a publicly held corporation or other publicly held entity. NEXA does not have a parent corporation. No publicly held corporation owns 10-percent or more of NEXA. No other publicly held corporation or other publicly held entity has a direct financial interest in the outcome of this litigation.

Dated: October 18, 2024

Respectfully submitted,

MITCHELL SANDLER PLLC

*/s/ Arielle Stephenson*
Arielle Stephenson (SBN 336434)
1120 20th Street NW, Suite 725
Washington, DC 20036
Telephone: (202) 886-5267
astephenson@mitchellsandler.com

Dated:  October 18, 2024

GREELEY LAW, APC

*/s/ David Greeley*
David M. Greeley (SBN 198520)
1350 Columbia Street, Suite 403
San Diego, CA 92101
Telephone: (619) 658-0462
david@greeley.law

*Counsel for Defendant-Petitioner NEXA Mortgage, LLC*

## TABLE OF CONTENTS

Page(s)

INTRODUCTION ...................................................................................................1

JURISDICTIONAL STATEMENT ......................................................................4

QUESTION PRESENTED .....................................................................................5

RELIEF SOUGHT .................................................................................................5

FACTUAL AND PROCEDURAL BACKGROUND RELEVANT TO
REMAND ................................................................................................................5

LEGAL STANDARD .............................................................................................8

ARGUMENT .........................................................................................................10

I.    The Petition Satisfies the *Coleman* Factors. ...........................................10

    A.    The Petition Presents an Important and Unsettled CAFA-Related
    Legal Question. ....................................................................................10

    B.    The District Court Decision Was in Error, Qualifying as at Least
    Fairly Debatable Under *Coleman*. .....................................................12

        1.    *The Cases Relied Upon by The District Court Are Readily
        Distinguishable.*...........................................................................13

        2.    *Substantial Precedent Holds That Claims Compelled to
        Arbitration Remain "Live" and "Pending" Before the Court That
        Compelled Arbitration.*................................................................14

        3.    *The District Court Order Is At Least Fairly Debatable.*..............18

    C.    The Remaining *Coleman* Factors Weigh in Favor of Granting
    Review. ..................................................................................................19

CONCLUSION .....................................................................................................20

STATEMENT OF RELATED CASES ................................................................22

CERTIFICATE OF COMPLIANCE .................................................................23

CERTIFICATE OF SERVICE ...........................................................................25

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adolph v. Uber Techs., Inc.*, 14 Cal. 5th 1104 (2023) ..............................................11

*Bulnes v. Suez WTS Servs. USA, Inc.*, No. 22-CV-1154-BAS-AHG, 2023 WL
    3262938 (S.D. Cal. May 4, 2023) ............................................................................13

*Bushley v. Credit Suisse First Bos.*, 360 F.3d 1149 (9th Cir. 2004) ................. 16, 17

*Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023) ..........................................................8

*Coleman v. Estes Express Lines, Inc.*, 627 F.3d 1096 (9th Cir. 2010) ......................
    .............................................................................. 9, 10, 18, 19, 20

*Cortez v. Cambridge Real Est. Servs., Inc.*, No. 22-CV-07332-HSG, 2023 WL
    4534946 (N.D. Cal. June 16, 2023) .......................................................................13

*Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014) ...... 18, 20

*Dees v. Billy*, 394 F.3d 1290 (9th Cir. 2005) .................................................... 15, 16

*Echevarria v. Aerotek, Inc.*, 814 Fed. Appx. 321 (9th Cir. 2020) ...........................14

*Farfan v. SSC Carmichael Operating Co. LP*, No. 18-CV-01472-HSG, 2019 WL
    4933577 (N.D. Cal. Oct. 7, 2019) .........................................................................13

*Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79 (2000) ...............................16

*Hill v. G.E. Power Sys., Inc.*, 282 F.3d 343 (5th Cir. 2002) ...................................12

*Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193 (9th Cir. 2015) ...............................18

*Interactive Flight Techs., Inc. v. Swissair Swiss Air Transport Co.*, 249 F.3d 1177
    (9th Cir. 2001)........................................................................................................16

*Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178 (9th Cir. 2015)............................9

*Kingsbury v. United States*, 900 F.3d 1147 (9th Cir. 2018) .....................................4

*MediVas, Ltd. Liab. Co. v. Marubeni Corp.*, 741 F.3d 4 (9th Cir. 2014)......... 14, 15

*Sanford v. MemberWorks, Inc.*, 483 F.3d 956 (9th Cir. 2007) ......................... 15, 17

*SEC v. Van Waeyenberghe*, 284 F.3d 812 (7th Cir. 2002) .......................................5

# TABLE OF AUTHORITIES
## (Continued)

**Page(s)**

**Cases (Continued)**

*Smith v. Spizzirri*, 601 U.S. 472 (May 16, 2024) ................................. 17, 18, 19, 20

*Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013) ........................................12

*United States v. Doyle*, 854 F.2d 771 (5th Cir. 1988) ..............................................5

*United States v. Fiorelli*, 337 F.3d 282 (3d Cir. 2003) ...............................................4

*Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639 (2022) ...................................11

*Washington v. Chimei Innolux Corp.*, 659 F.3d 842 (9th Cir. 2011) ........................9

*Wells Fargo Bank, N.A. v. The Best Service Co., Inc.*, 232 Cal. App. 4th 650 (2014) ....................................................................................................................................20

*Yun Park v. MSX Americas, Inc.*, No. 819CV01487JLSKES, 2019 WL 5285446 (C.D. Cal. Oct. 9, 2019) .........................................................................................14

**Statutes and Regulations**

28 U.S.C. § 1453(b) .....................................................................................................7

28 U.S.C. § 1453(c)(1) ......................................................................................... 1, 4, 9

9 U.S.C. § 3 .......................................................................................................... 8, 11, 19

Code Civ. Proc., § 1281.4 ..........................................................................................12

Fed. R. App. Proc. 26(a)(1)(C) ...................................................................................4

Fed. R. App. Proc. 5 ....................................................................................................1

Pursuant to 28 U.S.C. § 1453(c)(1) and Federal Rule of Appellate Procedure 5, Petitioner NEXA Mortgage LLC ("NEXA") respectfully petitions this Court for permission to appeal from a United States District Court for the Southern District of California ("District Court") order remanding this case to state court ("Remand Order"), attached hereto as Exhibit A. ECF No. 15.[1]

## INTRODUCTION

The Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1453(c)(1), specifically authorizes this Court to review remand orders to both further develop the law regarding CAFA jurisdiction and provide a mechanism for relief when a case properly belonging in federal court is wrongfully remanded. This case belongs in federal court. In deciding to remand this matter to state court, the District Court disregarded clear Ninth Circuit precedent establishing that when claims, including class claims, are compelled to arbitration they do not simply vanish before the court that compelled them to arbitration. Instead, the claims are deemed stayed pending the outcome of arbitration. Here, the District Court failed to recognize that when the state court compelled the individual and class claims asserted by Plaintiff Damian Diaz ("Plaintiff" or "Diaz") to arbitration and expressly did not dismiss those claims, the state court did not lose jurisdiction over those compelled claims. To the contrary,

---

[1] Unless otherwise noted, this petition references documents filed in the district court as "ECF No. __" with pin cites to the ECF page number in the file stamp.

1

Diaz's individual and class claims, while compelled to arbitration, remained a part of the state case and subject to its jurisdiction—a status which still existed at the time NEXA sought its removal to federal court pursuant to CAFA.

Failing to recognize the state court's continued jurisdiction over the entirety of each of Diaz's claims compelled to arbitration (including his class claims) and relying upon factually distinguishable cases, the District Court further based its decision that there was no jurisdiction under CAFA on the idea that Diaz lost his status as class representative when his individual and class claims were compelled to arbitration. Yet, there was no such ruling or order issued, or legal principle identified, to support such a conclusion under the facts presented here. The line of cases relied upon by the District Court on this point are properly distinguishable as those cases involved the dismissal of the class representatives' claims, which undeniably did not occur here.

Finally, the District Court distinguished the matter at bar based upon its "procedural posture." Specifically, the District Court noted that this case originated in state court and the class claims were compelled to arbitration by that court and this was not a case where federal court jurisdiction had already been established. This, however, is merely a distinction without a difference. The underlying principles establishing a court's retention of jurisdiction when claims are compelled to arbitration are equally applicable to a matter originating in state court.

The District Court did not follow the prevailing law in the Ninth Circuit, demonstrating an error subject to reversal on appeal.

Indeed, this case has always been a class action, and the fact that Diaz's individual and class claims were compelled to arbitration does not transform its status into a non-class action and defeat CAFA jurisdiction—which was present at the time NEXA sought removal. The fact that NEXA has been unable to identify a case with an identical fact pattern and procedural posture is not dispositive given the plethora of legal precedent supporting the court's continued jurisdiction when class claims have been compelled to arbitration and have not been dismissed. Indeed, the lack of precedent under CAFA based on these circumstances further supports why this Court should review this issue.

Further, this appeal is necessary because, if not granted, NEXA will invariably lose important federal rights. Indeed, not only will NEXA lose its right under CAFA to litigate an interstate class action in federal court, but due to the procedural history and posture of the case, it will also lose its right to arbitrate the dispute brought by Diaz. Notably, NEXA also filed a motion to stay the representative Private Attorneys General Act of 2004 ("PAGA") portion of the case pending the outcome of arbitration. The District Court deemed that motion moot due to the ordered remand, and the state court has already refused to grant the stay – which is a non-appealable order. This highly prejudicial outcome is the exact reason for the Federal Arbitration

Act's ("FAA"), non-discretionary mandate on issuing stays under such circumstances. NEXA promptly seeks to preserve its unequivocal rights under the FAA by litigating in federal court where it can obtain the non-discretionary stay needed to preserve the benefits of arbitration and avoid the alterative unjust result. As set forth further below, NEXA is able to show that the demonstrable prejudice it will suffer if the remand is allowed clearly outweighs any minimal delay imparted by granting such an appeal.

## **JURISDICTIONAL STATEMENT**

This Court has jurisdiction under 28 U.S.C. § 1453(c)(1), which provides "a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not more than 10 days after entry of the order."

On October 8, 2024, the District Court entered the Remand Order and NEXA's petition is timely filed on October 18, 2024, which is within the ten-day jurisdiction limit. Fed. R. App. Proc. 26(a)(1)(C); ECF No. 15 at docket entry of the Remand Order (reflecting order was "Entered: 10/08/2024"), attached hereto as Exhibit B.[2]

---

[2] *See also Kingsbury v. United States*, 900 F.3d 1147, 1151 (9th Cir. 2018) (citing to *United States v. Fiorelli*, 337 F.3d 282, 287 (3d Cir. 2003) and holding "although an

## QUESTION PRESENTED

Did the District Court err in concluding that because a state court compelled a party's class and individual claims to arbitration, but did not dismiss them, the state court case no longer included the compelled class claims and therefore CAFA jurisdiction did not exist at the time of removal to federal court.

## RELIEF SOUGHT

NEXA requests that this Court grant the instant Petition for Leave to Appeal and permit full briefing on the merits of the issue presented in this Petition and vacate the District Court's Remand Order.

## FACTUAL AND PROCEDURAL BACKGROUND RELEVANT TO REMAND

Diaz commenced this "wage and hour class action lawsuit" against NEXA, an Arizona based mortgage broker on August 3, 2022 in the Superior Court of California, San Diego County. *See* ECF No. 1-6. On October 31, 2022, Diaz amended his complaint, which is the operative complaint in this matter. ECF No. 1 at 71-104 ("Class Action Complaint"); *see also* Remand Order at 2.

---

order may be signed by the district court, received by the clerk, and entered in the docket on different days, the entry date controls" when calculating deadlines pursuant to rule measuring timeliness from date of entry); *SEC v. Van Waeyenberghe*, 284 F.3d 812, 815 (7th Cir. 2002) (where date of filing and entry of order differ, date of entry determines deadlines); *United States v. Doyle*, 854 F.2d 771, 772 (5th Cir. 1988) ("timeliness is measured from the date of entry of the judgment on the docket sheet").

The operative pleading is styled as a "Class Action Complaint" and alleges nine causes of action: (1) failure to reimburse business expenses/unlawful deductions; (2) failure to pay minimum wages; (3) failure to pay overtime wages; (4) failure to provide meal and/or rest periods; (5) failure to maintain accurate records; (6) waiting time penalties; (7) violation of California Business and Professions Code §§ 17200 et seq.; (8) for declaratory relief; and (9) enforcement of PAGA pursuant to California Labor Code §§ 2698 et. seq. ECF No. 1 at Ex. 6, ¶¶ 31-102. The Class Action Complaint includes class claims brought under § 382 of the California Code of Civil Procedure and a representative PAGA claim. ECF No. 1 at Ex. 6, p. 1-2, 14. The class action is brought "on behalf of himself, individually, and on behalf of all similarly situated individuals, pursuant to Code of Civil Procedure §382[.]" *Id.* at ¶ 5. It contains a section entitled "Class Action Allegations" which addresses the elements of "commonality", "numerosity", "typicality", and "superiority." *Id.* at p. 14-17.

NEXA removed the case to federal court on the basis of diversity jurisdiction on November 30, 2022, and also moved to compel arbitration due to the existence of a valid arbitration agreement governing the claims. ECF No. 1 at Ex. A. The case was remanded to state court where Diaz renewed its motion to compel arbitration and to stay the Case. ECF No. 1 at Ex. 11. Both parties agreed that the FAA applied during oral argument. The state court ruled that: "Plaintiff's non-PAGA and

individual PAGA claims are hereby ordered to arbitration pursuant to the rules of JAMS Arbitration. The Court declines to stay Plaintiff's representative PAGA claims during the pendency of the arbitration and that claim may proceed in this Court." Minute Order, ECF No. 1 at Ex. 28.

On May 16, 2024, Defendant removed the case to federal court after determining that the amount in controversy for Plaintiff's class claims satisfied the $5,000,000 threshold for the CAFA under 28 U.S.C. § 1453(b). Notice of Removal, ECF No. 1 at ¶¶ 12-27. Plaintiff does not dispute that the amount in controversy requirement has been satisfied. *See* Diaz Mot. for Remand, ECF No. 10 (failing to argue amount in controversy); *see also* NEXA Opp'n to Mot. for Remand, ECF No. 11 at 5, 8-9. The removal notice confirms, and Plaintiff does not dispute, that the minimal diversity requirement has been met as Diaz is a resident of California and NEXA is a resident of Arizona. Notice of Removal, ECF No. 1, at ¶ 13. Moreover, based on NEXA's review, Diaz pled a proposed class of potentially 619 members. *Id.* at ¶ 17.

NEXA thereafter filed a motion to stay the case with the District Court, specifically the representative PAGA claim, in the light of the FAA's requirement that "the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration … shall on application of one of the parties stay the trial of the action until such arbitration has been had."

9 U.S.C. § 3. ECF No. 4-1 at 4. It explained that "If the case is not stayed, 'then many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost.'" *Id.* at 6 (citing *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 743 (2023)). Evidence of this prejudice is also presented in the record as Diaz attempted to obtain discovery regarding claims compelled to arbitration and the state court has set the representative PAGA claim for trial. *See* Diaz's Form Interrogatories to NEXA, ECF No. 1-2 at Ex. 29, Ex. A; Diaz's Requests for Production to NEXA, ECF No. 1-2 at Ex. 33, Ex. A; Diaz's Special Interrogatories to NEXA, ECF No. 1-2 at Ex. 37, Ex. A; Order Setting Trial Dates, ECF No. 1-4 at Ex. 45.

Diaz did not file a timely opposition to NEXA's motion to stay, but instead requested permission to file a late response proffering that it objected to subject matter jurisdiction. *See* ECF No. 15 at 3. Diaz ultimately filed a Motion for Remand on August 7, 2024. ECF Nos. 9-10. The Court held oral argument on September 4, 2024. ECF No. 14. On October 8, 2024, the District Court entered an order dated October 7, 2024, remanding the case to state court. ECF No. 15; *see also* Docket Entry, attached as Ex. A. NEXA timely appeals this order.

## LEGAL STANDARD

The Ninth Circuit has adopted several guiding factors for determining whether to grant a petition to appeal a remand order under CAFA which are enumerated in

*Coleman v. Estes Express Lines, Inc.*, 627 F.3d 1096 (9th Cir. 2010) (the "*Coleman*

Factors"). "[W]hether to permit appeal under 28 U.S.C. § 1453(c)(1) is ultimately

'committed to the informed discretion' of the appellate court." *Id.* at 1100 (citations

omitted). The discretion "exists in part to develop a body of appellate law

interpreting CAFA." *Id.* Thus, "a key factor in determining whether to accept an

appeal is the presence of an important CAFA-related question in the case." *Id.*

(internal quotation marks and citations omitted). And, if the CAFA-related question

"is unsettled, immediate appeal is more likely to be appropriate, particularly when

the question appears to be either incorrectly decided [by the court below] or at least

fairly debatable." *Id.* (citations omitted and alteration in original).

Aside from the key factor of the presence of a CAFA-related question, the

Court also considers "the likelihood that the question will evade effective review if

left for consideration only after final judgment," "whether the record is sufficiently

developed" and whether "the order sufficiently final to permit intelligent review."

*Id.* (internal quotation marks and citations omitted).

Ultimately, this Court reviews a district court's remand order *de novo*. *See*

*Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1181 (9th Cir. 2015). This Court

also reviews the applicability of CAFA *de novo*. *See Washington v. Chimei Innolux*

*Corp.*, 659 F.3d 842, 847 (9th Cir. 2011) (citations omitted).

## ARGUMENT

### I.    The Petition Satisfies the *Coleman* Factors.

This case meets each of the *Coleman* Factors, warranting review by the Appellate Court of the District Court's Remand Order.

#### A. The Petition Presents an Important and Unsettled CAFA-Related Legal Question.

This case presents the important issue of whether an order compelling a plaintiff's class and individual claims to arbitration without dismissing the claims terminates the class action for the purposes of CAFA jurisdiction. Importantly, the question of whether class claims compelled to arbitration but not dismissed remain class claims pending before the district court sufficient to confer CAFA jurisdiction presents an issue of first impression for this Court. This question also involves consideration of whether an order compelling class claims to arbitration necessarily disqualifies the class representative and thus extinguishes the class action for the purpose of CAFA. Such an issue is also one of first impression for the Court. Under *Coleman*, such petitions are appropriate for appeal because the CAFA-related question is unsettled. *See Coleman*, 627 F.3d at 1100-01.

The District Court implicitly recognized the lack of precedent addressing these issues in its Remand Order, and noted Plaintiff's argument that no cases addressed a similar procedural posture where a case was compelled to arbitration by

10

a state court, and thereafter CAFA jurisdiction was invoked. *See* ECF No. 15 at 5. Given the unsettled law on the issue, the Court weighed several related, but not conclusively applicable principles, including: (1) whether an order compelling claims to arbitration is a final appealable order that disposes of the entirety of the case; (2) whether claims compelled to arbitration remain pending before the court that compelled arbitration; and (3) whether a class representative's claims compelled to arbitration  should be dismissed. ECF No. 15 at 5-6. While the precise issues raised in this case draw on these important principles they have not yet been addressed by this Court.

The question presented in this appeal is particularly timely because of the precedent developed after the Supreme Court's decision in *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639 (2022). In *Viking River*, the Supreme Court held that representative PAGA claims survive in court even after the "individual" claims are compelled to arbitration. *See id.* at 642. Following that decision, the California Supreme Court in *Adolph v. Uber Techs., Inc.*, strongly suggested a stay of the remaining representative PAGA claim is proper, although it did not order such an outcome. 14 Cal. 5th 1104, 1125 (2023) ("When an action includes arbitrable and nonarbitrable components, the resulting bifurcated proceedings are not severed from one another; rather, the court may 'stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.' (9 U.S.C. § 3; *see* Code

11

Civ. Proc., § 1281.4.).") Thus, in the wake of these two decisions, while not desirable or necessarily just, it remains possible for a state court to refuse to stay the portion of wage and hour class actions that are not subject to arbitration – the representative PAGA claim – as the state court did here. In reaching this decision, however, the state court effectively deprived NEXA of the rights afforded to it by the FAA to arbitrate the dispute. *See Hill v. G.E. Power Sys., Inc.*, 282 F.3d 343, 347-48 (5th Cir. 2002) (finding claims against signatory party were inseparable from claims against non-signatory and denial of stay would "undermine the arbitration proceedings . . . thereby thwarting the federal policy in favor of arbitration").

The result of the Remand Order is that parties like NEXA are deprived of their ability to litigate in federal court, despite "CAFA's primary objective" to ensure "Federal court consideration of interstate cases of national importance." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) (internal quotations and citations omitted). The Remand Order further undermines a party's ability to fully arbitrate these matters and frustrates the federal policy in favor of arbitration.

## B. The District Court Decision Was in Error, Qualifying as at Least Fairly Debatable Under *Coleman*.

The District Court erred in concluding that the class claims were extinguished by virtue of a state court order compelling the individual and class claims to arbitration.

> *1. The Cases Relied Upon by The District Court Are Readily Distinguishable.*

The District Court relied on a line of distinguishable cases in incorrectly holding that the fact a class representative's claims have been compelled to arbitration is dispositive of the jurisdictional question of whether the case is a class action under CAFA. Remand Order, ECF No. 15 at 5-7. Notably, the cases relied upon by the District Court involved situations where a court affirmatively *dismissed* the subject class claims due to the lack of a class representative following a successful motion to compel arbitration. *Cortez v. Cambridge Real Est. Servs., Inc.*, No. 22-CV-07332-HSG, 2023 WL 4534946, at *4 (N.D. Cal. June 16, 2023) ("Accordingly, because Plaintiff cannot serve as class representative given the Court's dismissal of its individual claims, there is no class representative who can pursue the class claims, and those claims are *dismissed*.") (emphasis added); *Farfan v. SSC Carmichael Operating Co. LP*, No. 18-CV-01472-HSG, 2019 WL 4933577, at *3 (N.D. Cal. Oct. 7, 2019) ("the Court finds that it must dismiss the putative class claims."); *Bulnes v. Suez WTS Servs. USA, Inc.*, No. 22-CV-1154-BAS-AHG, 2023 WL 3262938, at *23 (S.D. Cal. May 4, 2023) ("the Court *dismisses* [plaintiff's] putative class-action claims, but without prejudice. [Plaintiff's] inadequacy as a class representative does not speak to the merits of the class claims.") (emphasis added); *Yun Park v. MSX Americas, Inc.*, No. 819CV01487JLSKES, 2019 WL 5285446, at

*5 (C.D. Cal. Oct. 9, 2019) ("the Court DISMISSES Plaintiff's class-wide claims.") (emphasis in original).

Here, the undisputed record clearly shows that none of Diaz's claims have ever been dismissed. Certainly, the Remand Order did not dismiss them, ECF No. 15, and neither did the state court's order compelling them to arbitration, Minute Order, ECF No. 1 at Ex. 28. Further, Diaz was never found to be an improper representative. And the only case addressing CAFA jurisdiction cited by Diaz below[3] held that "CAFA jurisdiction does not apply to [Plaintiff]'s remaining PAGA claim once he *voluntarily dismissed* the class action claims." *Echevarria v. Aerotek, Inc.*, 814 Fed. Appx. 321, 322 (9th Cir. 2020) (emphasis added). That situation irrefutably did not occur here.

> 2. *Substantial Precedent Holds That Claims Compelled to Arbitration Remain "Live" and "Pending" Before the Court That Compelled Arbitration.*

The Ninth Circuit has addressed the status of claims ordered to arbitration but not dismissed or stayed and has consistently held that such claims remained pending before the district court subject to an implicit stay pending the outcome of the arbitration. *See MediVas, Ltd. Liab. Co. v. Marubeni Corp.*, 741 F.3d 4, 8 (9th Cir. 2014) ("We adopt a rebuttable presumption that an order compelling arbitration but

---

[3] Diaz cited this case in its points and authorities in support of its motion for remand. ECF No. 10 at p. 7.

not explicitly dismissing the underlying claims stays the action as to those claims pending the completion of the arbitration."); *Sanford v. MemberWorks, Inc.*, 483 F.3d 956, 962 (9th Cir. 2007) ("Because [plaintiff's] claims were not dismissed, they 'remain[ed] before the trial court,' and at most could be described as 'effectively stayed pending the conclusion of the . . . arbitration[.]'") (citation and internal quotation marks omitted).

These cases completely contradict Diaz's position, which the District Court summarized as: "the state court's December 8, 2023 ruling sent his claims to arbitration, effectively dismissing them from the case at that time, and only left his representative PAGA claim[.]" Remand Order at 4. Notably, however, the *Sanford* Court specifically rejected the argument that "no 'live' claims remained before the court," finding that "this posture is no different" than where a case was "administratively closed" pending the results of arbitration. *See Sanford*, 438 F.3d at 961. This Court concluded that because "Sanford's claims were not dismissed, they remained before the trial court" and "at most could be described as effectively stayed pending the conclusion of the [] arbitration." *See id.* at 961. Indeed, the Ninth Circuit has "consistently treated orders compelling arbitration but not explicitly dismissing the underlying claims as unappealable interlocutory orders" in which the stayed claims remain under the Court's jurisdiction. *See MediVas*, 741 F.3d at 7; *see also Dees v. Billy*, 394 F.3d 1290, 1294 (9th Cir. 2005) (holding "a district court

15

order staying judicial proceedings and compelling arbitration is not appealable even if accompanied by an administrative closing" because this order "has no jurisdictional effect."). Accordingly, the failure to dismiss a claim means that the "claim—although currently stayed—remains before the trial court." *Dees*, 394 F.3d at 1293; *see also Bushley v. Credit Suisse First Bos.*, 360 F.3d 1149, 1153 (9th Cir. 2004) (finding district court that did not rule upon the motion to stay or dismiss the proceedings but compelled claims to arbitration rendered the action "effectively stayed pending the conclusion of the [] arbitration.").

In contrast, where a court affirmatively dismisses claims with or without prejudice, the court no longer possesses jurisdiction because the case is entirely disposed. *See Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 83, 86-87 (2000) (ordering parties to arbitrate their dispute *and* dismissing the underlying claims with prejudice which resulted in an order that was final and appealable because it disposed of the entire action.); *Interactive Flight Techs., Inc. v. Swissair Swiss Air Transport Co.*, 249 F.3d 1177, 1179 (9th Cir. 2001) (compelling arbitration and dismissing the underlying claims without prejudice also disposed of the entire case).

Given the claims at issue here were compelled to arbitration, but never dismissed or stayed, the applicable precedent of the Ninth Circuit dictates that the claims "remain[] before the trial court" and "at most c[an] be described as effectively

16

stayed pending the conclusion of the [] arbitration." *See Sanford*, 483 F.3d at 961

(citing *Bushley v. Credit Suisse First Bos.*, 360 F.3d 1149, 1153 (9th Cir. 2004)).

The Supreme Court has also recently held that "[w]hen a federal court finds

that a dispute is subject to arbitration, and a party has requested a stay of the court

proceeding pending arbitration, the court does not have discretion to dismiss the suit

on the basis that all the claims are subject to arbitration." *Smith v. Spizzirri*, 601 U.S.

472, 475-76 (May 16, 2024). Thus, it would be impermissible to construe the claims

here as dismissed, because not only is there no order dismissing the claims, but it

would also contravene the Supreme Court's decision in *Spizzirri*. *See id. Spizzirri*

goes even further, confirming that claims compelled to arbitration may return to the

court that compelled arbitration:

> By directing a court to stay the proceeding 'until such
> arbitration has been had in accordance with the terms of
> the agreement," [. . .] ensures that the parties can *return* to
> federal court if arbitration breaks down or fails to resolve
> the dispute. That return ticket is not available if the court
> dismisses the suit rather than staying it.

*Id.* at 477. The fact that the claims may return to the court that compelled arbitration

indicates that a court does not relinquish jurisdiction when a case is stayed and the

claims are pending in arbitration, and the nature of the claims are not impacted—

directly contradicting the District Court's notion that compelling Diaz's claims to

arbitration somehow disqualified his ability to be a class representative.

In short, these cases confirm that Diaz's individual claims and class claims—

of which he is and remains a representative—are implicitly stayed pending the outcome of arbitration and, under *Spizzirri*, may return to court at any time if the arbitration breaks down. *See id.* The District Court's Remand Order, therefore, is counter to the clear precedent establishing that Diaz's individual claims and class claims in which he serves as the representative are stayed before the court while his arbitration commences. While the question of whether or not Diaz can ultimately pursue a class claim as a representative is to be decided at a later time, this future determination has no bearing on whether class claims remain pending for jurisdictional purposes.

### 3. The District Court Order Is At Least Fairly Debatable.

At minimum, the District Court decision on this CAFA-related issue is "at least fairly debatable." *Coleman*, 627 F.3d at 1100 (citations omitted). Given the lack of direct case law addressing the circumstances here, the parties and the District Court relied on several guiding principles. The reasoning of the District Court can be fairly interpreted as at odds with Congressional intent that CAFA "be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("no antiremoval presumption attends cases invoking CAFA[."]). Thus, appellate review is warranted.

**C. The Remaining *Coleman* Factors Weigh in Favor of Granting Review.**

While the question at issue is central to CAFA and one of first impression, the remaining *Coleman* Factors further weigh in favor of appellate review: the record and Remand Order permit intelligent appellate review and the balance of the harms is minimal to Diaz, but highly prejudicial to NEXA.

First, the issue was briefed in the District Court, the District Court held oral argument, and it resulted in a written Remand Order, making the case "well-positioned for review." *Coleman*, 627 F.3d at 1101. Second, the final *Coleman* Factor, inquiry into the balance of harms, also weighs in favor of review because NEXA will lose the right to litigate in federal court the portion of case not compelled to arbitration, and this petition represents the only meaningful opportunity for appellate review.

NEXA removed the case to federal court because it needed to preserve its right to arbitrate the portion of the case not compelled to arbitration – the representative PAGA claim. Under Section 3 of the FAA, a federal court "shall" stay the remainder of the case once it is satisfied that a portion of the case is referable to arbitration. *See* 9 U.S.C. § 3. There is no discretion. *Spizzirri*, 601 U.S. at 475-76. NEXA presented the same arguments to the state court in requesting a stay, yet the state court declined to stay the case despite the FAA's mandate. Under California law, the denial of a request for a stay is not an appealable interlocutory order. *See*

*Wells Fargo Bank, N.A. v. The Best Service Co., Inc.*, 232 Cal. App. 4th 650, 651–652 (2014). This highly prejudicial outcome is the exact reason for the FAA's non-discretionary mandate on issuing stays under such circumstances. *See Spizzirri*, 601 U.S. at 475-76. Thus, NEXA is not only losing its right to litigate in federal court because its removal was proper, but it will also lose the ability to refrain from avoiding litigating and arbitrating simultaneously in two forums if the appeal is not granted.

In comparison, the only harm Diaz will suffer if the Remand Order is appealed is a slight delay in litigating the PAGA claim that has not been compelled to arbitration. A minimal delay will not seriously harm Diaz. However, this appeal is NEXA's only opportunity to avoid the irreversible harm which will result if forced to undergo a trial in state court and a simultaneous arbitration. NEXA will "lose almost any chance of litigating this case in a federal forum if it is not allowed to appeal the remand order." *Coleman*, 627 F.3d at 1101 (citations omitted). Indeed, the District Court's decision should be reviewed to provide clarity to litigants in similar situations and to promote Congress' goal "to facilitate adjudication of certain class actions in federal court." *Dart Cherokee*, 574 U.S. at 89.

## **CONCLUSION**

For the foregoing reasons, this Court should grant review of the District Court's Remand Order. ECF No. 15.

20

Dated: October 18, 2024          Respectfully submitted,

                                 MITCHELL SANDLER PLLC

                                 */s/ Arielle Stephenson*
                                 Arielle Stephenson (SBN 336434)
                                 1120 20th Street NW, Suite 725
                                 Washington, DC 20036
                                 Telephone: (202) 886-5267
                                 astephenson@mitchellsandler.com


Dated:  October 18, 2024         GREELEY LAW, APC

                                 */s/ David Greeley*
                                 David M. Greeley (SBN 198520)
                                 1350 Columbia Street, Suite 403
                                 San Diego, CA 92101
                                 Telephone: (619) 658-0462
                                 david@greeley.law


                                 *Counsel for Defendant-Petitioner NEXA*
                                 *Mortgage, LLC*

21

## <u>STATEMENT OF RELATED CASES</u>

Pursuant to Circuit Rule 28-2.6, counsel for Defendant-Petitioner is not aware of any other related cases pending before this Court arising out of the same district court case and addressing the same issues.

Dated: October 18, 2024   Respectfully submitted,

MITCHELL SANDLER PLLC

*/s/ Arielle Stephenson*
Arielle Stephenson (SBN 336434)
1120 20th Street NW, Suite 725
Washington, DC 20036
Telephone: (202) 886-5267
astephenson@mitchellsandler.com

Dated:  October 18, 2024   GREELEY LAW, APC

*/s/ David Greeley*
David M. Greeley (SBN 198520)
1350 Columbia Street, Suite 403
San Diego, CA 92101
Telephone: (619) 658-0462
david@greeley.law

*Counsel for Defendant-Petitioner NEXA
Mortgage, LLC*

## <u>CERTIFICATE OF COMPLIANCE</u>

This petition complies with the type size and type font of Fed. R. App. Proc. 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using 14-point Times New Roman font. It also complies with the type-volume limitations of Fed. R. App. Proc. 5(c) because this petition contains 4,864 words, excluding the parts of the petition exempted by Fed. R. App. Proc. 32(f). Petitioner is relying on the word count of the computer program Microsoft Word. Finally, this petition complies the page limit in Circuit Rule 5-2(b) because it does not exceed 20 pages, exclusive of the items excluded under Fed. R. App. Proc. 32(f).

Dated: October 18, 2024

Respectfully submitted,

MITCHELL SANDLER PLLC

*/s/ Arielle Stephenson*
Arielle Stephenson (SBN 336434)
1120 20th Street NW, Suite 725
Washington, DC 20036
Telephone: (202) 886-5267
astephenson@mitchellsandler.com

[*Signatures continued on following page*]

Dated:  October 18, 2024          GREELEY LAW, APC

                                  _/s/ David Greeley_____
                                  David M. Greeley (SBN 198520)
                                  1350 Columbia Street, Suite 403
                                  San Diego, CA 92101
                                  Telephone: (619) 658-0462
                                  david@greeley.law

                                  *Counsel for Defendant-Petitioner NEXA*
                                  *Mortgage, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2024, I filed this Petition for Leave to Appeal Remand Order Pursuant to 28 U.S.C. § 1453(c)(1) and Fed. R. App. Proc. 5 with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system. Additionally, I certify that on October 18, 2024, I caused to be served, via U.S. Mail and e-mail, this Petition for Leave to Appeal Remand Order Pursuant to 28 U.S.C. § 1453(c)(1) and Fed. R. App. Proc. 5 to the following addresses:

Matthew R. Miller
MILLER LAW FIRM
6790 Embarcadero Lane, No. 100
Carlsbad, CA 92011
Email: matt@mrmlawfirm.com

Brian C. Dawson
DAWSON & OZANNE
5755 Oberlin Dr., Suite 301
San Diego, CA 92131
Email: brian@dawson-ozanne.com

Dated: October 18, 2024        Respectfully submitted,

MITCHELL SANDLER PLLC

*/s/ Arielle Stephenson*
Arielle Stephenson (SBN 336434)
1120 20th Street NW, Suite 725
Washington, DC 20036
Telephone: (202) 886-5267
astephenson@mitchellsandler.com

25

Dated:  October 18, 2024   GREELEY LAW, APC

            */s/ David Greeley*
            David M. Greeley (SBN 198520)
            1350 Columbia Street, Suite 403
            San Diego, CA 92101
            Telephone: (619) 658-0462
            david@greeley.law

            *Counsel for Defendant-Petitioner NEXA*
            *Mortgage, LLC*

# <u>EXHIBIT A</u>

1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10

11   DAMIAN DIAZ, individually and on        Case No.: 24-cv-873-JES-BJC
     behalf of others similarly situated,
12                                            **ORDER:**
                                Plaintiffs,
13                                            **(1) GRANTING MOTION TO**
     v.                                       **REMAND; and**
14
     NEXA MORTGAGE, LLC; and DOES 1-          **(2) DENYING AS MOOT MOTION**
15   100, inclusive,                          **TO STAY CASE**
16                              Defendants.    **[ECF Nos. 4, 9, 10]**
17

18

19          Pending before the Court are two motions filed by the parties: (1) Defendant's

20   motion to stay case (ECF No. 4); and (2) Plaintiff's motion to remand (ECF Nos. 9, 10).

21   The parties filed respective responsive briefing on both matters. ECF Nos. 6, 8, 11, 13. On

22   September 4, 2024, the Court held a motion hearing and took the matters under submission.

23   ECF No. 14. After due consideration and for the reasons discussed below, the motion to

24   remand is **GRANTED**. Because the Court finds that it lacks jurisdiction over the case, the

25   Court **DENIES AS MOOT** Defendant's motion to stay.

26                             **I.      BACKGROUND**

27          On August 3, 2022, Plaintiff Daniel Diaz ("Diaz"), on behalf of himself individually

28   and others similarly situated, initiated a wage and hour class action lawsuit against

Defendant Nexa Mortgage, LLC ("Nexa") in the Superior Court of California, San Diego County. ECF No. 1 at 2, 37-66. On October 21, 2022, Diaz filed a first amended complaint ("FAC") in the state court case, which still remains the operative complaint in this matter. ECF No. 1 at 2; ECF No. 1 at 71-104 ("FAC").

The FAC alleges that Nexa is an Arizona mortgage company that would hire California loan officers, like Diaz, and improperly classify them as "exempt" to avoid paying owed overtime wages, minimum wages, and giving them meal and rest breaks. FAC ¶¶ 11-22. Based on this course of conduct, Plaintiffs allege causes of action for: (1) failure to reimburse business expenses/unlawful deductions; (2) failure to pay minimum wages; (3) failure to pay overtime wages; (4) failure to provide meal and/or rest periods; (5) failure to maintain accurate records; (6) waiting time penalties; (7) violation of California Business and Professions Code §§ 17200 et seq.; (8) for declaratory relief; and (9) enforcement of Labor Code §§ 2698 et. seq. ("PAGA"). *Id.* ¶¶ 31-102.

On November 30, 2022, Nexa first removed the case to this Court. *Diaz v. Nexa Mortgage, LLC*, Case No. 22-cv-1895-JES-BJC ("*Diaz I*"). In the notice of removal, Nexa alleged that there was federal subject matter jurisdiction through diversity jurisdiction under 28 U.S.C. § 1332(a)(1), which requires a showing of complete diversity between the parties and that the amount in controversy exceeds $75,000. *Diaz I*, ECF No. 1 ¶¶ 9-12. Diaz filed a motion to remand the case to state court, and after the parties completed briefing on the issue, the Court found that Defendant Nexa failed to meet its burden to show that the amount in controversy had been met and remanded the case back to state court. *Diaz I*, ECF Nos. 5, 9, 15, 23.

As the case progressed in state court, Defendant Nexa moved the court to compel arbitration and to stay the case. ECF No. 1 at 233-242. The parties completed briefing on the motion in state court. *Id.* at 293-311; 403-411. The state court issued a tentative ruling granting in part and denying in part the motion, and confirmed its tentative ruling at the motion hearing on December 8, 2023. *Id.* at 426-439. The state court specifically stated that "Plaintiff's non-PAGA and individual PAGA claims are hereby ordered to arbitration

pursuant to the rules of JAMS Arbitration. The Court declines to stay Plaintiff's representative PAGA claims during the pendency of the arbitration and that claim may proceed in this Court." *Id.* at 439. After that ruling, the case proceeded in state court with discovery on the PAGA claim. *See, e.g.*, *id.* at 19-22.

On May 15, 2024, Nexa again removed the case to this Court. ECF No. 1. In the new notice of removal, Nexa alleges that there is now federal subject matter jurisdiction through diversity jurisdiction under 28 U.S.C. § 1332(d), which applies to class actions where the amount in controversy exceeds $5,000,000 and there is minimal diversity between the parties. ECF No. 1 ¶¶ 11-27.

On June 27, 2024, Nexa filed a motion to stay the case, including the representative PAGA claim, pending arbitration, and the motion was set for hearing on July 31, 2024. ECF No. 4. Having received no opposition to this motion by the deadline, on July 29, 2024, the Court vacated the motion hearing and submitted the motion on the papers. ECF No. 5. On July 30, 2024, Diaz filed an *ex parte* motion for extension of time to oppose the motion. ECF No. 6. Because the *ex parte* motion raised issues related to this Court's federal subject matter jurisdiction over the case, the Court ordered Nexa to respond. ECF No. 7. On August 7, 2024, Nexa filed a response to the *ex parte* motion. ECF No. 8. On that same date, Diaz filed a motion to remand the case back to state court. ECF Nos. 9-10. Nexa filed an opposition, and Diaz filed a reply. ECF Nos. 11, 13. On September 4, 2024, the Court held a hearing on the motion to remand and took it under submission. ECF No. 14.

## II.    LEGAL STANDARDS

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). In a case originally brought in state court, a defendant may remove the action to federal court if there is federal subject matter jurisdiction. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

Nexa now removes the case under the Class Action Fairness Act ("CAFA"). CAFA gives federal courts jurisdiction over certain class actions if (1) the class has more than 100 members, (2) the parties are minimally diverse, and (3) the amount in controversy exceeds $5,000,000. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B); *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013). Minimal diversity under this section of 1332 requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) (citing 28 U.S.C. § 1332(d)(2)). Under CAFA, unlike with other diversity jurisdiction, there is no presumption against removal jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

## III.   DISCUSSION

Both parties are in agreement regarding several issues. First, no one disputes that only actions qualifying as a "class action" may be removed under CAFA. The term "class action" is defined to be "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Second, no one disputes that PAGA actions brought under California law do not qualify as "class actions" under CAFA. *See Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1122-23 (9th Cir. 2014) ("[W]e conclude that PAGA actions are also not sufficiently similar to Rule 23 class actions to trigger CAFA jurisdiction.").

Thus, the only issue in dispute here is whether the state case, as it remained at the time of removal, still included the non-PAGA class claims that were part of the FAC. Diaz argues that the state court's December 8, 2023 ruling sent his claims to arbitration, effectively dismissing them from the case at that time, and only left his representative PAGA claim, which was not stayed. Nexa disagrees, and argues that the other claims sent to arbitration were not explicitly dismissed; thus, the state court retained jurisdiction over them, making the claims still part of the case when it removed the case under CAFA.

1    In support of its position, Nexa cites to several cases that effectively stand for the

2    same two propositions. First, that unless a court order compelling arbitration of claims

3    expressly dismisses those claims, the claims are considered stayed pending the arbitration.

4    *MediVas, LLC v. Marubeni Corp.*, 741 F.3d 4, 7 (9th Cir. 2014) ("We adopt a rebuttable

5    presumption that an order compelling arbitration but not explicitly dismissing the

6    underlying claims stays the action as to those claims pending the completion of the

7    arbitration."); *Sanford v. MemberWorks, Inc.*, 483 F.3d 956, 962 (9th Cir. 2007) ("Because

8    [plaintiff's] claims were not dismissed, they 'remain[ed] before the trial court,' and at most

9    could be described as 'effectively stayed pending the conclusion of the . . . arbitration[.]'")

10   (citation and internal quotation marks omitted). Second, courts then use this proposition to

11   determine whether an appeal could be taken or not on those claims, because if they were

12   just stayed rather than explicitly dismissed, they were not considered "final" to be

13   appealable. *MediVas*, 741 F.3d at 7 ("Thus, an order compelling arbitration may be

14   appealed if the district court dismisses all the underlying claims, but may not be appealed

15   if the court stays the action pending arbitration."); *Interactive Flight Techs., Inc. v. Swissair

16   Swiss Air Transp. Co.*, 249 F.3d 1177, 1179 (9th Cir. 2001). Taken together, Nexa invites

17   the Court to extend these principles to this case—because the state court did not

18   "explicitly" dismiss the non-PAGA claims, those claims, including the wage and hour class

19   claims, remained part of the case and could support CAFA jurisdiction.

20   On the other hand, Diaz argues that these cases are not directly on point and the

21   procedural posture here is very different. ECF No. 13 at 4-5. He points to the language in

22   the state court order to support its position that the class claims were not considered by that

23   court anymore to be part of the case. *Id.* at 3. Moreover, Diaz argues that under CAFA,

24   "the class requires a representative" and that Nexa fails to address the fact that there is no

25   remaining class representative in the state court case it is attempting to remove. *Id.* at 5.

26   While Diaz does not cite any case law to support this latter argument, the Court

27   agrees with this position and finds it to be supported by legal authority. Because this issue

28   relates to subject matter jurisdiction, the Court is under an obligation to independently

verify it exists before a case can remain in federal court. First, cases consistently hold that a named class representative that has been compelled to arbitration can no longer serve as a class representative. *Cortez v. Cambridge Real Est. Servs., Inc.*, No. 22-CV-07332-HSG, 2023 WL 4534946, at *4 (N.D. Cal. June 16, 2023) ("A plaintiff may not pursue class claims as a representative when they are required to arbitrate their own claims."); *Farfan v. SSC Carmichael Operating Co. LP*, No. 18-CV-01472-HSG, 2019 WL 4933577, at *3 (N.D. Cal. Oct. 7, 2019) ("Plaintiffs do not explain how they can pursue class claims as representative plaintiffs when they are required to arbitrate their own claims, and the Court is aware of no authority that would permit this result."); *Bulnes v. Suez WTS Servs. USA, Inc.*, No. 22-CV-1154-BAS-AHG, 2023 WL 3262938, at *23 (S.D. Cal. May 4, 2023) ("Given this Court's decision to grant [Defendant's] request to compel arbitration, [Plaintiff] cannot continue to serve as class representative of the putative class."); *Yun Park v. MSX Americas, Inc.*, No. 819CV01487JLSKES, 2019 WL 5285446, at *5 (C.D. Cal. Oct. 9, 2019) (same).

Second, cases are equally consistent that a class action cannot proceed without a class representative. *See Drimmer v. WD-40 Co.*, No. 06-CV-900 W (AJB), 2010 WL 11508735, at *2 (S.D. Cal. Mar. 29, 2010) ("However, it is clear that a class action cannot proceed without a class representative. Fed. R. Civ. P. 23(a)."); *Farfan*, 2019 WL 4933577, at *3 ("[T]he Court finds that it must dismiss the putative class claims" because "[g]iven that Plaintiffs are required to arbitrate their claims, there is no class representative who can pursue the class claims. *See* Fed. R. Civ. P. 23(a)."); *Cortez*, 2023 WL 4534946, at *4 ("[T]here is no class representative who can pursue the class claims, and those claims are dismissed."); *Farhan*, 2019 WL 4933577, at *3 (same); *Bulnes*, 2023 WL 3262938, at *23 (same); *Yun Park*, 2019 WL 5285446, at *5 (same).

The Court must evaluate whether it has CAFA jurisdiction from the time of removal. *See Nuguid v. Mercedes-Benz USA, LLC*, No. 321CV00435BENBLM, 2021 WL 5356240, at *2 (S.D. Cal. Nov. 17, 2021). As it stands, at the time of removal, there is only one named class representative—Plaintiff Diaz—and his individual claims have been

compelled to arbitration. There is no other class representative that has been named in the operative complaint. Without a class representative, the case does not meet a basic requirement of Rule 23(a), and the Court does not see how it can qualify at this time as a "class action" as required under CAFA. *See Drimmer*, 2010 WL 11508735, at *2; *Farfan*, 2019 WL 4933577, at *3.

The issue of timing is critical, and it is important to distinguish the procedural posture here to cases that are *already* in federal court, *where federal court jurisdiction has already been established*, but it is consequently lost. As Nexa itself points out, courts at that juncture are reluctant to immediately strip themselves of jurisdiction. *See* ECF No. 11 (citing *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1092 (9th Cir. 2010), for the proposition that federal courts do not lose CAFA jurisdiction when a class is not subsequently certified and can only proceed on individual claims). The *United Steel* case described the general rule as "once jurisdiction, always jurisdiction," and this rule arises from concerns about "jurisdictional ping pong" in having a case bounce between state and federal court and the judicial waste that would arise from remanding it after significant discovery had already been conducted by the class certification stage in federal court. *See Ramirez v. C&J Well Serv., Inc.*, No. CV 20-535 PSG (SSX), 2020 WL 6802021, at *4–5 (C.D. Cal. Nov. 19, 2020). Furthermore, *United Steel* itself recognized some exceptions to this rule, including where a case becomes moot during the course of litigation or where there was no jurisdiction in the first instance or it was a frivolous claim to jurisdiction. 602 F.3d at 1092 (citing *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 807 (7th Cir. 2010)).

Regardless of what happened to the class claims in state court—whether dismissed or stayed—this Court does not stand in the same position as a federal court that already has jurisdiction and must consider whether it now retains it after claims were sent to arbitration. Rather, this Court must evaluate whether it has jurisdiction *in the first instance*. Indeed, in this procedural posture, the considerations that supported the holding in *United Steel* are

24-cv-873-JES-BJC

not present—this case has not toiled in federal court and is suddenly being remanded back once sent to arbitration and losing its sole named class representative. It is rather the opposite, where this case has been wholly litigated in state court, and this Court is determining jurisdiction anew. For the reasons discussed above, the Court does not find that the case, at the time of removal, qualifies as a "class action" as required under CAFA and therefore, **GRANTS** the motion to remand.

## IV.    MOTION TO STAY

Also pending before the Court is Nexa's Motion to Stay the case pending arbitration. ECF No. 4. Because the Court grants Diaz's motion to remand and finds that Nexa has not sufficiently show that there is federal subject matter jurisdiction over the case, the Court **DENIES AS MOOT** the motion to stay.

## V.    CONCLUSION

After due consideration and for the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES AS MOOT** Defendant's Motion to Stay. This case is remanded back to state court.

**IT IS SO ORDERED.**

Dated:  October 7, 2024

Honorable James E. Simmons Jr.
United States District Judge

24-cv-873-JES-BJC

# EXHIBIT B

## U.S. District Court
### Southern District of California (San Diego)
### CIVIL DOCKET FOR CASE #: 3:24-cv-00873-JES-BJC

Diaz v. Nexa Mortgage, LLC et al
Assigned to: District Judge James E. Simmons, Jr
Referred to: Magistrate Judge Benjamin J. Cheeks
Related Case: 3:22-cv-01895-JES-BJC
Case in other court: Superior Court of California, County of San Diego, 37-02022-00031816-CU-OE-NC
Cause: 28:1441nr Notice of Removal

Date Filed: 05/16/2024
Date Terminated: 10/07/2024
Jury Demand: Both
Nature of Suit: 790 Labor: Other
Jurisdiction: Diversity

**Plaintiff**

**Damian Diaz**
*individually and on behalf of all others similarly situated*

represented by **Brian Christopher Dawson**
Dawson and Ozanne
5755 Oberlin Dr.
Suite 301
San Diego, CA 92121
(619) 988-2135
Fax: (619) 491-9205
Email: brian@dawson-ozanne.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew R. Miller**
Miller Law Firm
6790 Embarcadero Lane
Number 100
Carlsbad, CA 92011
619-261-1150
Email: matt@mrmlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Nexa Mortgage, LLC**
*an Arizona Limited Liability Company*

represented by **Arielle Marjorie Stephenson**
Mitchell Sandler, LLC
1120 20th Street, NW
Suite 725
Washington, DC 20036
202-794-5258
Email: astephenson@mitchellsandler.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Michael Greeley**
Greeley Law, APC
1350 Columbia Street
Unit 403
San Diego, CA 92101
619-658-0462
Fax: 619-350-3621
Email: david@greeley.law
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does 1-100**
*inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/16/2024 | 1 | NOTICE OF REMOVAL with Jury Demand ( Filing fee $ 405 receipt number ACASDC-18857525.), filed by Nexa Mortgage, LLC. (Attachments: # 1 Civil Cover Sheet, # 2 Attachment 1, # 3 Attachment 2, # 4 Attachment 3, # 5 Attachment 4, # 6 State Court Documents - Complaint, 1st Amended Complaint, # 7 Attachment 5) |

| | | The new case number is 3:24-cv-873-MMA-SBC. Judge Michael M. Anello and Magistrate Judge Steve B. Chu are assigned to the case.(ggv) (jms). (Entered: 05/17/2024) |
|---|---|---|
| 05/17/2024 | 2 | NOTICE OF RELATED CASE(S) by Damian Diaz of case(s) 22cv1895-JES-DDL. (aas) (Entered: 05/17/2024) |
| 05/28/2024 | 3 | ORDER OF TRANSFER PURSUANT TO LOW NUMBER RULE, re 2 Notice of Related Case. Case reassigned to District Judge James E. Simmons, Jr and Magistrate Judge David D. Leshner for all further proceedings. Judge Michael M. Anello, Magistrate Judge Steve B. Chu no longer assigned to case. Create association to 3:22-cv-01895-JES-DDL. The new case number is 24-cv-0873-JES-DDL.. Signed by Judge Michael M. Anello on 5/17/24. Signed by Judge James E. Simmons, Jr. on 5/17/24.(aas) (Entered: 05/29/2024) |
| 06/27/2024 | 4 | MOTION to Stay *Case* by Nexa Mortgage, LLC. (Attachments: # 1 Memo of Points and Authorities in Support of Motion to Stay) (Greeley, David) (maq). (Entered: 06/27/2024) |
| 07/29/2024 | 5 | ORDER Submitting Motion. Signed by District Judge James E. Simmons, Jr on 7/29/2024.(maq) (Entered: 07/29/2024) |
| 07/30/2024 | 6 | Ex Parte MOTION for Extension of Time to File *Opposition to Motion to Stay* by Damian Diaz. (Attachments: # 1 Exhibit Plaintiffs Opposition to Motion to Stay)(Miller, Matthew) (maq). (Entered: 07/30/2024) |
| 07/31/2024 | 7 | ORDER Requiring Response to Plaintiff's Ex Parte Motion for Extension of Time. Defendant to respond by 8/7/2024. Signed by District Judge James E. Simmons, Jr on 7/30/2024. (maq) (Entered: 07/31/2024) |
| 08/07/2024 | 8 | RESPONSE in Opposition re 6 Ex Parte MOTION for Extension of Time to File *Opposition to Motion to Stay Case* filed by Nexa Mortgage, LLC. (Greeley, David) (maq). (Entered: 08/07/2024) |
| 08/07/2024 | 9 | MOTION to Remand to State Court by Damian Diaz. (Miller, Matthew) Modified on 8/8/2024 to send QC Mailer re: Duplicate filing/ must file Notice of Withdrawal of Document (maq). (Entered: 08/07/2024) |
| 08/07/2024 | 10 | MOTION to Remand to State Court by Damian Diaz. (Miller, Matthew) (maq). (Entered: 08/07/2024) |
| 08/21/2024 | 11 | RESPONSE in Opposition re 10 MOTION to Remand to State Court filed by Nexa Mortgage, LLC. (Greeley, David) (aas). (Entered: 08/21/2024) |
| 08/26/2024 | 12 | MINUTE ORDER OF TRANSFER. Magistrate Judge David D. Leshner is no longer assigned. Case reassigned to Magistrate Judge Benjamin J. Cheeks for all further proceedings. Pending hearings previously set before the original Judge have been transferred to the newly assigned Judge. **The new case number is 24-cv-873-JES-BJC.** (no document attached) (maq) (Entered: 08/26/2024) |
| 08/28/2024 | 13 | REPLY to Response to Motion re 10 MOTION to Remand to State Court filed by Damian Diaz. (Miller, Matthew) (maq). (Entered: 08/28/2024) |
| 09/04/2024 | 14 | Minute Entry for proceedings held before District Judge James E. Simmons, Jr: Motion Hearing held on 9/4/2024. 10 MOTION to Remand to State Court is taken under submission. Court to issue written order. (Court Reporter/ECR Amanda LeGore). (Plaintiff Attorney Brian Dawson and Matthew Miller). (Defendant Attorney Arielle Stephenson). (no document attached) (ave) (Entered: 09/04/2024) |
| 10/07/2024 | 15 | ORDER: (1) Granting Motion to Remand; and (2) Denying as Moot Motion To Stay Case (ECF Nos. 4 , 9 , 10 ). (Certified copy sent to State Court via US Mail Service) (Certified copy sent to State Court via US Mail Service) Signed by District Judge James E. Simmons, Jr on 10/7/2024. (maq) (Entered: 10/08/2024) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/18/2024 12:58:17 | | |
| **PACER Login:** | amstephenson | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:24-cv-00873-JES-BJC |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |